*16 cv 2436 WMW/TNL*

5. Judge Diane M. Hanson
6. Michael Gilligan, Law Clerk
   Scott County District Court
   200 Fourth Avenue West, Government Center –JC115
   Shakopee, Minnesota 55379-1220
   Phone: 952-496-8200/Fax: 952-496-8211



RECEIVED
JUL 18 2016
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

# EXHIBITS

1. Steve Kruger, Chuck Berquist & Best & Flanagan, LLP at the

Minnesota Secretary of State and Service of Summons and Amended Complaint

FIFTH CIRCUIT
2. Judge Sam Sparks Opinion and Order, Filed: June 21, 2007

U.S. District Court for the Western District of Texas, Austin Division – 10 Pages

A. Case 1:07-CV-00427-SS

B. Plaintiff must request permission to file in any Federal District Court in

the United States

C. How does plaintiff request permission to file in any Federal District

Court in the United States?

D. Does the U.S. District Court, District of Minnesota require plaintiff

Nevada Smith to request permission to file this civil action?

EIGHTH CIRCUIT
3. United States District Court, District of Minnesota Frivolous Litigant

Memorandum Opinion and Order, Filed: August 6, 2010

A. Case 0:09-CV-03711-JJG

B. Confined to the State of Minnesota and not Nationwide

S C A N N E D
JUL 18 2016
U.S. DISTRICT COURT ST. PAUL

4.  Judge Susan M. Burke Order, Filed May 10, 2016 – 8 Pages
    Hennepin County District Court, Fourth Judicial District, Minnesota

    A. Court File No. 27-CV-15-17796

    B. Judge Sam Sparks Opinion and Order is not declared evidence


Merry Christmas Gift for Pro Se Nevada Smith

5. Best & Flanagan, LLP, Steve Kruger, Chuck Berquist, and Ed Sheu

MOTION FOR AN ORDER, MINN. R. GEN. PRACT. 9, Dated: December 23, 2015

    A. Court File No. 27-CV-15-17796 – Hennepin County District Court

    B. Why did plaintiff file request to John Fossum, Rice County Attorney to

investigate defendants' Gary L. Voegele and Patricia A. Buesgens Financial

Exploitation of a Vulnerable Adult: Ralph Buesgens, MD? - Page 4, Paragraph 15

    C. Ralph Buesgens died on January 11, 2011 at age 87, at

Abbott Northwestern Hospital

    D. Ralph Buesgens is plaintiff Nevada Smith father

    E. Plaintiff is a liar and frivolous litigant – Page 3, Paragraph 13

    F. Who is Brandt Niel Merrild, MD, Faribault, Minnesota? – Page 4

    G. Why is Edward P. Ehlinger, MD involved in plaintiff litigation?

    H. General Partners- Respondeat Superior Steve Kruger and Chuck

Berquist at Best & Flanagan, LLP, Request Relief – Page 5, Paragraph 20

    I. Kruger, Berquist, Sheu, and Best & Flanagan, LLP request that the

Minn. Stat. Section 549.211 be applied to plaintiff Nevada Smith – Page 6

19

J. Best & Flanagan, LLP declaration under penalty of perjury that everything they have stated in this document is true and correct.

Minn. Stat. Section 358.116 – Page 7

K. Perjury is a Crime.

L. Pro Se Nevada Smith cannot prosecute perjury crimes.

Valentine's Day Card for Pro Se Nevada Smith

6. General Partners/ Registered Agents Steve Kruger & Chuck Berquist and their servant Ed Sheu file AMENDED MOTION OF NOTICE FOR AN ORDER UNDER MINN. R. GEN. PRAC. 9, Dated: February 10, 2016

A. Court File No. 27-CV-15-17796 – Hennepin County District Court

B. Best & Flanagan, LLP Order plaintiff Nevada Smith to withdraw everything or be severely punished by Judge Sam Sparks Order – Page 1

C. Steve Kruger, Chuck Berquist, and Ed Sheu require security and sanctions for Pro Se Nevada Smith – Page 2

D. Plaintiff signed Hennepin County District Court form swearing that he has never been convicted of being a frivolous litigant in any other State Court. Page 3, Paragraph 11 and 12

E. Le Sueur County District Court, LeCenter, Minnesota does not have this Frivolous Litigant Form

F. Ed Sheu, Steve Kruger, Chuck Berquist and Best & Flanagan, LLP swear there is no legitimate basis or reason for Plaintiff Notice to Brandt Niel Merrild, MD and Gary L. Voegele, Real Estate Attorney –Page 4, Paragraph 17

20

G. A threat by Best & Flanagan, LLP using and abusing Judge Sam Sparks Opinion and Order in the State of Minnesota and the Eighth Circuit – Page 6, Paragraph 24

H. Best & Flanagan, LLP Motions under Minn. R. Gen Prac.: 9 permeate Le Sueur County Court File No. 40-CV-16-440 and Court File No. 40-CV-16-178

7. Best & Flanagan, LLP request the application of Sanctions under Minn. Stat. Section 549.211, upon plaintiff Nevada Smith

8. Combined Case No. 40-CV-16-178 – No Accountability Register of Actions Le Sueur County District Court, Joanne M. Kopet, Court Administrator

9. Best & Flanagan, LLP and Ed Sheu as defendants in Case No. 40-CV-16-437 – Register of Actions – Le Sueur County District Court, LeCenter, Minnesota

A. Plaintiff Amended Complaint Filed: May 13, 2016, Doc ID# 6

B. Plaintiff Demand for Jury Trial Filed: June 8, 2016, Doc ID# 19

10. Plaintiff Notice for Removal Filed May 20, 2016, Doc ID# 9

11. June 13, 2016 - Honorable Diane M. Hanson, Scott County District Court, Shakopee, Minnesota ORDER FOR CONSOLIDATION & DENYING REQUEST FOR RECUSAL – 9 Pages

A. Court File No. 40-CV-16-178
B. Court File No. 40-CV-16-440
C. Court File No. 40-CV-16-437

21

12. June 14, 2016- Attorney Tim Sullivan and Best & Flanagan, LLP provides another injection of Judge Sam Sparks Opinion and Order Evidence into

    A. Court File No. 40-CV-16-178
    B. Court File No. 40-CV-16-437
    C. Court File No. 40-CV-16-440
    D. Court File No. 27-CV-15-17796

13. Plaintiff Michael Buesgens Motion to Intervene in Dana M. Porter civil action and bankruptcy filing at the U. S. District Court for the Eastern District of Pennsylvania (Philadelphia)

    A. Michael Buesgens A/K/A Nevada Smith is former IRS employee at the Austin Compliance Center, Austin, Texas

    B. Michael Buesgens litigation nightmare began with an EEOC Telephone Hearing in Austin, Texas, employment discrimination based on disability and IRS refusal to accommodate and reassign in the year 2005, forcing plaintiff into disability retirement.

    C. Rehab Act and EEOC Regulations

    D. Dana M. Porter is former IRS employee who had a racial complaint.

    D. Michael Buesgens called her and noticed that she had cognitive impairment and speech impediment, and that she did not have disability complaint.

    E. Michael Buesgens filed Motion to Intervene and started working on her disability discrimination complaint.

22

F. Michael Buesgens then filed Motion to Intervene in Dana M. Porter bankruptcy case and worked that up for a different point of view

G. U.S. Attorney Office then went after Michael Buesgens trying to use Judge Sam sparks Order, without success. Philadelphia is not in the Fifth Circuit.

H. The issues Michael Buesgens presented in these cases produced an attorney to represent Dana M. Porter and moved Michael Buesgens out

14. Plaintiff Michael L. Buesgens civil action at U.S. District Court, District of Oregon (Portland)

A. Look at the Law Firm the Real Estate boys from Texas brought in on this

B. Scott Galloway was a witness that plaintiff could not bring to Texas

. C. Plaintiff Michael Buesgens put in request to the Court that Bullivant, Houser, Bailey should get attorney fees

D. The Judge issued an Order stating that if Law Firm wants attorney fees, they will ask for them ,and not you

E. Then the Law Firm requests attorney fees, but the Real Estate developers from Houston, Texas thought that could be a problem for them

F. The law firm decides to withdraw their $30,000.00 in attorney fees

# EXHIBIT 1

## Business Record Details »

Minnesota Business Name
### Best & Flanagan LLP

**Business Type**
Limited Liability Partnership (Domestic)

**MN Statute**
323A

**File Number**
9318-LLP

**Home Jurisdiction**
Minnesota

**Filing Date**
12/07/2001

**Status**
Active / In Good Standing

**Renewal Due Date**
12/31/2017

**Registered Agent(s)**
(Optional) None provided

**Chief Executive Office Address**
60 S 6th Str #2700
Mpls, MN 55402
USA

**Comments**
Law / 323A Pre File Statement eff 1/1/2002

Filing History

# Filing History

**Select the item(s) you would like to order:**

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 12/07/2001 | Original Filing - Limited Liability Partnership (Domestic) | |
| | 12/07/2001 | Limited Liability Partnership (Domestic) Chief Executive Office | |

# Office of the Minnesota Secretary of State

## Statement of Amendment ~~or Cancellation~~

*Minnesota Statutes, Chapter 323A*

**Read the instructions before completing this form.**
**Filing Fee:  $155 for expedited service in-person and online filings, $135 if submitted by mail**

**A person who files a statement pursuant to this section shall promptly send a copy of the statement to every non-filing partner and to any other person named as a partner in the statement.**

1. Limited Liability Partnership Name: (Required)

Best & Flanagan LLP

2. Alternate Name used in Minnesota, in any: (Only applies to foreign partnerships)

N/A

3. Identify the statement below that this amendment or cancellation pertains to: (Required) (Check ONE box only)

- [x] Limited Liability Partnership Statement
- [ ] Statement of Partnership Authority
- [ ] Statement of Dissolution
- [ ] Statement of Merger
- [ ] Statement of Dissociation
- [ ] Statement of Denial

4. Enter the text of your amendment OR cancellation in the box provided: (NOTE: Use an additional sheet if needed) (Required)

The chief executive office address is 60 South Sixth Street, Suite 2700, Minneapolis, Minnesota 55402.

5. I, the undersigned, certify that I am signing this document as the person whose signature is required, or as agent of the person(s) whose signature would be required who has authorized me to sign this document on his/her behalf, or in both capacities. I further certify that I have completed all required fields, and that the information in this document is true and correct and in compliance with the applicable chapter of Minnesota Statutes. I understand that by signing this document I am subject to the penalties of perjury as set forth in Section 609.48 as if I had signed this document under oath.

Signature of at Least Two Partners or of the Agent

If you are signing as the agent for additional parties and the parties are not named in this document, and the additional parties' signatures are required by law, please list your name in the box followed by "and as agent for (insert names of other parties)"

**Office of the Minnesota Secretary of State**
Statement of Amendment or Cancellation
*Minnesota Statutes, Chapter 323A*



**Email Address for Official Notices**

Enter an email address to which the Secretary of State can forward official notices required by law and other notices:

☐ Check here to have your email address excluded from requests for bulk data, to the extent allowed by Minnesota law.

**List a name and daytime phone number of a person who can be contacted about this form:**

Michael Galeski                         612-843-5803

Contact Name                          Phone Number

**Entities that own, lease, or have any financial interest in agricultural land or land capable of being farmed must register with the MN Dept. of Agriculture's Corporate Farm Program.**

Does this entity own, lease, or have any financial interest in agricultural land or land capable of being farmed?
Yes ☐   No ☐



**MINNESOTA SECRETARY OF STATE**

9318-LLP

## LIMITED LIABILITY PARTNERSHIP
## STATEMENT OF QUALIFICATION
### CHAPTER 323A

PLEASE TYPE OR PRINT IN BLACK INK.

Please read the instructions on the reverse side before completing.        Fee: $135

1.   List the Partnership name: ___Best & Flanagan LLP_____

2.   Address of the partnership's chief executive office:

    ___225 South Sixth Street, Suite 4000*_____Minneapolis_____Minnesota___55402___
    Complete Street Address and Rural Route and Rural Route Box Number   City      State   ZIP
    (Please note: PO Box is unacceptable)    *  The previous street address of the Partnership was
        601 Second Avenue South, Suite 4000, Minneapolis, Minnesota 55402.

3.   List office of partnership in Minnesota, if different from item 2:

    ___NA_____
    Complete Street Address and Rural Route and Rural Route Box Number   City      State   ZIP
    (Please note: PO Box is unacceptable)

4.   If there is no office in Minnesota, list name and address of agent of partnership in Minnesota for service of process:

    Agent Name: ___NA_____

                                                       **STATE OF MINNESOTA**
    _____**DEPARTMENT OF STATE**
    Complete Street Address and Rural Route and Rural Route Box Number   City   **FILED**
    (Please note: PO Box is unacceptable)

5.   This partnership elects to be a limited liability partnership.        **DEC - 7 2001**

6.   The effective date of this filing if different from the date of filing, is: ___(See Below)___   *Mary Kiffmeyer*
                                                              Secretary of State

7.   I certify that I am a partner authorized to sign this document on behalf of this partnership and I further certify that by signing the document I am subject to the penalties of perjury as set forth in *Minnesota Statutes*, section 5.15 as if I had signed this document under oath. Note that this statement must be signed/executed by at least two (2) partners.

    _____            _____
    Signature of a partner                        Signature of a partner

¥ 323 A "Pre-file" Statement eff. 1/1/2002                       **018423**

    James C. Diracles: 612-349-5642            Robert Maher: 612-341-9732
    Print name and daytime telephone number         Print name and daytime telephone number

10960329 Rev.04/01    This statement of qualification is filed pursuant to section 5 of this act [Minn. Laws
                       2001, ch. 64], is not an election under Minnesota Statutes, section 323A.12-02,
                       paragraph (c), to be governed by Minnesota Statutes, chapter 323A; and is to take
                       effect on January 1, 2002, when by operation of law, Minnesota Statutes, chapter
                       323A, will govern the partnership that is filing this statement.

July 12, 2016


**FROM**

Nevada Smith, Plaintiff, Pro Se
PO Box 294
Morristown, MN 55052


**TO**

Steve Simon, Minnesota Secretary of State


       Who is Best & Flanagan, LLP?

       Who does Best & Flanagan, LLP want to be?

Who is Chuck Berquist?

Who is Steve Kruger?


Respectfully Submitted,

Nevada Smith

STATE OF MINNESOTA

COUNTY OF LE SUEUR

DISTRICT COURT

FIRST JUDICIAL DISTRICT

Case Type: Civil/Other

Court File No. 40-CV-178

The Honorable Diane M. Hanson

Nevada Smith
(aka) Michael L. Buesgens

          Plaintiff,

vs.

**NOTICE TO THIS COURT
PROCESS SERVER UNABLE TO SERVE
SUMMONS AND AMENDED COMPLAINT
UPON
BEST & FLANAGAN, LLP**

Patricia A. Buesgens, Lisa Kaye Buesgens, Jill Buesgens Schlueter, Lee Buesgens McCaig, Gary L. Voegele, Attorney, George Michael Wagner, MD, Jay M. Schneider, Manager, Waterville Lake Region Life Newspaper, E. Charles Wann, Owner, Suel Printing Company, Best & Flanagan, LLP, Law Firm, Edward P. Sheu, Attorney

          Defendants,

Plaintiff amended complaint is captioned Court File No. 40-CV-16-437. See Register of Actions for Court file No. 40-CV-16-437.

Attorney Edward P. Sheu interfered with plaintiff first service of summons and complaint upon Best & Flanagan, LLP. Jim Sutcliffe was the process server.

Plaintiff then hired Pro Legal to serve process. Pro Legal went to Best & Flanagan, LLP to serve process and Attorney Tim Sullivan claimed he was Officer.

1

Attorney Tim Sullivan is employed by Best & Flanagan, LLP.

Tim Sullivan is the same person who filed Motion to Dismiss on June 14, 2016, just after

the Honorable Diane M. Hanson entered her Order on June 14, 2016 in Court File

No. 40-CV-437, Court File No. 40-CV-16-440, and Court File No. 40-CV-16-178.

Best & Flanagan, LLP have refused to file their Answer with the Court and pay the

required filing fee.

The only officers at Best & Flanagan, LLP are Registered Agents Steven R. Kruger and

Charles C. Berquist.

Steve and Chuck refuse to accept plaintiff Nevada Smith service of Summons and

Amended Complaint.

Plaintiff amended complaint against defendants Best & Flanagan, LLP and Attorney

Edward P. Sheu is a different separate action.

Plaintiff claims that defendants Best & Flanagan, LLP and Attorney Edward P. Sheu had

ulterior motive and acted outside the scope of their official duties representing defendants

Patricia A. Buesgens, Lisa Kaye Buesgens, Jill Buesgens Schlueter, and Lee Buesgens McCaig,

in Court File No. 27-CV-15-17796, Court File No. 40-CV-16-440, and Court File

No. 40-CV-16-178.

Plaintiff is now having Minnesota Secretary of State serve his Summons and Amended

Complaint on Best & Flanagan, LLP, 60 South Sixth Street, Suite 2700, Minneapolis, Minnesota

55402.

Plaintiff service of process costs have doubled.

2

Respectfully Submitted,

*Nevada Smith*

Nevada Smith, Plaintiff, Pro Se
July 12, 2016

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I sent one true copy of this Best & Flanagan, LLP service of

process misconduct by first class mail on this 12th day of July 2016 to

1. The Honorable Diane M. Hanson
   Scott County District Court
   Government Center –JC115
   200 Fourth Avenue West
   Shakopee, Minnesota 55379-1220

2. Chuck Berquist, Registered Agent
   1914 Nature View Lane
   St. Paul, Minnesota 55118

3. Joanne M. Kopet, Court Administrator
   Le Sueur County District Court
   88 South Park Avenue
   LeCenter, Minnesota 56057

4. Steve Simon, Minnesota Secretary of State    –   Hearing July 19, 2016 at 9:00 am
   Retirement Systems of Minnesota Building   –   Scott County Courthouse, Shakopee, MN
   60 Empire Drive, Suite 100
   St. Paul, Minnesota 55103

5. Best & Flanagan, LLP            -      Court File No. 40-CV-16-437
   60 South Sixth Street, Suite 2700
   Minneapolis, Minnesota 55402

*Nevada Smith*

Nevada Smith
PO Box 294
Morristown, Minnesota 55052
Phone: 802-552-7975
Email: nevadasmith@subliminalqt.com
July 12, 2016

3

# EXHIBITS


# PRO LEGAL

612-860-5844
888-483-9950
service@prolegalmn.com

## Welcome to Pro Legal Support Services, Inc.

Minnesota Process Servers Specializing in Service of Process to Minneapolis and St. Paul, the state of Minnesota and nationwide since 1995. Insured, professional, fast.

7800 Metro Parkway. #300
Bloomington, MN 55425.
(612) 860-5844
(888) 483-9950
service@prolegalmn.com



## Currently looking for a new Server?

**Here are a few things to consider:**

**Experience :** This is our area of expertise, you can be confident that the server handling your case will have the experience and knowledge to execute your service to it's exact specification without missing a step.

**When time is of the essence :** Always available for last minute requests. With our vast network of servers across the country we can complete service to most cities out of state within a matter of hours when needed.

**Defendant or Witness cannot be found :** With instant access to real time data we can cross check dates with the DMV, get instant updates from major credit bureaus, obtain forwarding address information from the post office and more.

More

**Subject: 28288 - Best & Flanagan, LLP - UPDATE**
**From: Pro Legal <prolegalmn@gmail.com>**
**Date: 7/11/2016 11:30 AM**
**To: nevadasmith@subliminalqt.com**

Hi Nevada,

Here are the attempts made to date serve Best & Flanagan, LLP at 60 S. 6th Street and at the home address for Charles Berquist in Mendota Heights.

1. 7/7/2016 at 1:15 PM - 60 S. 6th Street, Suite 2700, Minneapolis, MN 55402.
Neither of the 2 people requested we leave the service with were in. Spoke to a gentleman by the name of Tim Sullivan who stated he is an officer and is authorized to accept. Rob called Nevada and he said he did not know who Tim Sullivan was and to not leave it with him.

2. 7/7/2016 at 6:21 PM - 1914 Nature View Lane, St. Paul, MN 55118.
No answer, did not look like anyone was home.

3. 7/8/2016 at 11:05 AM - 60 S. 6th Street, Suite 2700, Minneapolis, MN 55402.
Spoke to receptionist who stated that all were out again, even Tim Sullivan. Stated she is authorized to accept for the firm. Did not leave it with her.

4. 7/10/2016 at 8:07 PM - 1914 Nature View Lane, St. Paul, MN 55118.
Sunday night, no answer, no lights on.


**Next Step:**
Let us know if you would you like us to keep attempting at both addresses or just one or the other. Another option would be to serve the entity c/o the MN Secretary of State now that we have attempted at the registered business address and no "known" officers could be found.


Please advise.


Thank you,


Troy Thoennes

MENU

**OFFICE OF** THE MINNESOTA
SECRETARY OF STATE **STEVE SIMON**

SEARCH                                    >

# About the Office

About The Office  >  About the Office  >  Contact Us

## ABOUT THE OFFICE

About Steve Simon

What does the Secretary of
State's Office do?

Office Initiatives

Newsroom

Steve's Blog

Contact Us

### CONTACT US

Welcome to the Office of the Minnesota Secretary of State. If you're trying to contact our office, you're in the right place.

Below is a list of contact information for several of our departments: Business Services; UCC, CNS & Notary Services; Elections and Open Appointments; and Office of the Secretary of State – Administration. We've also provided information for the Minnesota relay Service for deaf and hard of hearing.

**If you're looking to request an appointment with, or issue an invitation to the Secretary of State, please click here.**

### Business Services
Counter hours: 8 a.m.–4 p.m., Monday–Friday*
Phone hours: 9 a.m.–4 p.m., Monday–Friday*

Office of the Secretary of State
Retirement Systems of Minnesota Building
60 Empire Drive, Suite 100
St. Paul, MN 55103

Metro Area phone: (651) 296-2803
Greater Minnesota phone: 1-877-551-6767
Email: business.services@state.mn.us
Fax: (651) 297-7067

## Business Record Details »

Minnesota Business Name
**Best & Flanagan LLP**

| | |
|---|---|
| **Business Type** | **MN Statute** |
| Limited Liability Partnership (Domestic) | 323A |
| **File Number** | **Home Jurisdiction** |
| 9318-LLP | Minnesota |
| **Filing Date** | **Status** |
| 12/07/2001 | Active / In Good Standing |
| **Renewal Due Date** | **Registered Agent(s)** |
| 12/31/2017 | (Optional) None provided |

**Chief Executive Office Address**
60 S 6th Str #2700
Mpls, MN 55402
USA

**Comments**
Law / 323A Pre File Statement eff 1/1/2002

Filing History

# Filing History

Select the item(s) you would like to order:

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 12/07/2001 | Original Filing - Limited Liability Partnership (Domestic) | |
| | 12/07/2001 | Limited Liability Partnership (Domestic) Chief Executive Office | |

# Office of the Minnesota Secretary of State
## Statement of Amendment or Cancellation
*Minnesota Statutes, Chapter 323A*

Read the instructions before completing this form.
Filing Fee:  $155 for expedited service in-person and online filings, $135 if submitted by mail

A person who files a statement pursuant to this section shall promptly send a copy of the statement to every non-filing partner and to any other person named as a partner in the statement.

1. Limited Liability Partnership Name: (Required)

Best & Flanagan LLP

2. Alternate Name used in Minnesota, in any: (Only applies to foreign partnerships)

N/A

3. Identify the statement below that this amendment or cancellation pertains to: (Required) (Check ONE box only)

- [x] Limited Liability Partnership Statement
- [ ] Statement of Partnership Authority
- [ ] Statement of Dissolution
- [ ] Statement of Merger
- [ ] Statement of Dissociation
- [ ] Statement of Denial

4. Enter the text of your amendment OR cancellation in the box provided: (NOTE: Use an additional sheet if needed) (Required)

The chief executive office address is 60 South Sixth Street, Suite 2700, Minneapolis, Minnesota 55402.

5.  I, the undersigned, certify that I am signing this document as the person whose signature is required, or as agent of the person(s) whose signature would be required who has authorized me to sign this document on his/her behalf, or in both capacities.  I further certify that I have completed all required fields, and that the information in this document is true and correct and in compliance with the applicable chapter of Minnesota Statutes.  I understand that by signing this document I am subject to the penalties of perjury as set forth in Section 609.48 as if I had signed this document under oath.

_____    _____
Signature of at Least Two Partners or of the Agent

If you are signing as the agent for additional parties and the parties are not named in this document, and the additional parties' signatures are required by law, please list your name in the box followed by "and as agent for (insert names of other parties)"

**Office of the Minnesota Secretary of State**
Statement of Amendment or Cancellation
*Minnesota Statutes, Chapter 323A*



**Email Address for Official Notices**

Enter an email address to which the Secretary of State can forward official notices required by law and other notices:

☐ Check here to have your email address excluded from requests for bulk data, to the extent allowed by Minnesota law.

**List a name and daytime phone number of a person who can be contacted about this form:**

Michael Galeski                    612-843-5803

Contact Name                                   Phone Number

**Entities that own, lease, or have any financial interest in agricultural land or land capable of being farmed must register with the MN Dept. of Agriculture's Corporate Farm Program.**

Does this entity own, lease, or have any financial interest in agricultural land or land capable of being farmed?
Yes ☐   No ☐

### 323A.0102 KNOWLEDGE AND NOTICE.

(a) A person knows a fact if the person has actual knowledge of it.

(b) A person has notice of a fact if the person:

(1) knows of it;

(2) has received a notification of it; or

(3) has reason to know it exists from all of the facts known to the person at the time in question.

(c) A person notifies or gives a notification to another by taking steps reasonably required to inform the other person in ordinary course, whether or not the other person learns of it.

(d) A person receives a notification when the notification:

(1) comes to the person's attention; or

(2) is duly delivered at the person's place of business or at any other place held out by the person as a place for receiving communications.

(e) Except as otherwise provided in subsection (f), a person other than an individual knows, has notice, or receives a notification of a fact for purposes of a particular transaction when the individual conducting the transaction knows, has notice, or receives a notification of the fact, or in any event when the fact would have been brought to the individual's attention if the person had exercised reasonable diligence. The person exercises reasonable diligence if it maintains reasonable routines for communicating significant information to the individual conducting the transaction and there is reasonable compliance with the routines. Reasonable diligence does not require an individual acting for the person to communicate information unless the communication is part of the individual's regular duties or the individual has reason to know of the transaction and that the transaction would be materially affected by the information.

(f) A partner's knowledge, notice, or receipt of a notification of a fact relating to the partnership is effective immediately as knowledge by, notice to, or receipt of a notification by the partnership, except in the case of a fraud on the partnership committed by or with the consent of that partner.

**History:** *1997 c 174 art 1 s 2*

Copyright © 2015 by the Revisor of Statutes, State of Minnesota. All Rights Reserved.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

2007 JUN 21  AM 10: 29

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
            DEPUTY

MICHAEL BUESGENS,
            Plaintiff

-vs-                                                Case No.  A-07-CA-427-SS

TRAVIS COUNTY, TEXAS, et al.,
            Defendants

---

## OPINION AND ORDER

Before the Court is Plaintiff's pro se complaint.  For the reasons set forth below, the Court concludes Plaintiff's complaint is properly dismissed as an abuse of the litigation process and Plaintiff is henceforth barred from filing any future actions in any federal court without first obtaining leave of this Court.

I.

Plaintiff Michael Buesgens ("Buesgens") originally filed this action in the Waco Division of the United States District Court for the Western District of Texas.  By order dated May 21, 2007, this action was transferred to the docket of this Court.

By way of his complaint, Plaintiff names approximately sixty separate defendants.[1]  The defendants include state and federal employees and judges, as well as private individuals, attorneys and business entities, plus the Fifth Circuit Court of Appeals, the Departments of Justice and Housing and Urban Development ("HUD"), and the United States.  (Plf. Verif. Compl. ¶¶ 2-65). In his complaint Buesgens alleges generally the Defendants have violated various civil rights statutes, the Federal Tort Claims Act ("FTCA"), the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the Texas Fair Housing Act, the Texas Property Code, and City of Austin municipal ordinances.  In sum, Plaintiff complains the Defendants were

---

[1]  Some of the defendants are listed more than once.

p

a moving force behind: (1) his eviction from Falcon Ridge Apartments, the wrongful termination of his lease and the imposition of unlawful reletting charges; (2) "polluting the well" at voir dire in the eviction trial, failing to report this improper behavior and refusing his requests for the related testimony; (3) causing the dismissal of his housing discrimination complaint; and (4) covering up evidence and facts which would have "won" his prior legal actions. (*Id.* at 17-35). He complains all of the civil actions and appeals relating to these matters "stink like a garbage pit with defendant - lawyer - judicial officer misconduct and blatant violations of laws and regulations and rules." (*Id.* at 36).

## II.

This is not the first time Plaintiff has sought relief from this Court related to his difficulties with his former apartment complex and neighbors. Plaintiff first sought relief in an action originally filed in the 200th Judicial District Court of Travis County, Texas on January 23, 2006. The matter was removed by the defendants to this Court on March 29, 2006 as *Buesgens v. Falcon Ridge Apartments, et al.*, A-06-CA-226 LY ("*Buesgens I*"). In *Buesgens I*, Plaintiff alleged the defendants violated his rights under the FHA and the ADA. Succinctly put, Plaintiff complained the defendants improperly evicted him from his apartment because of his disability, and in retaliation for his having filed a housing discrimination complaint and for reporting  violations of lease conditions, city ordinances and animal cruelty statutes. The undersigned notes this action was eventually dismissed based on Plaintiff's failure to comply with his obligation to engage in the discovery process and to comply with Court orders compelling his participation.

On April 10, 2006 Plaintiff removed a related state court action to this Court, styled *Falcon Ridge Apartments, Ltd. v. Buesgens*, A-06-CA-260 LY ("*Buesgens II*"). *Buesgens II* was an appeal originally filed by Buesgens in state court, following a judgment of eviction entered on behalf of his former apartment complex. On motion of the plaintiff, the matter was remanded to state court.

On September 1, 2006 Buesgens filed another civil action in the United States District Court

2

for the District of Columbia which was transferred to this Court by order signed on November 13,

2006 and styled *Buesgens v. United States*, A-06-CA-967 LY ("*Buesgens III*"). In his complaint in

*Buesgens III* Plaintiff named over fifty defendants.  In sum, Buesgens alleged: (1) he was

constructively discharged from his employment with the Internal Revenue Service ("IRS"); (2)

government employees distributed his medical records in violation of the Privacy Act; (3) his

Freedom of Information Act requests were refused; (4) agencies and government employees

violated various regulations; (5) he was subjected to retaliation; (6) the administrative process for

evaluating his employment claims was flawed; (7) various federal agencies failed to investigate his

complaints; (8) a deal was cut with a criminal defendant in exchange for the defendant not testifying

in a civil whistleblower action in the same court; (9) other civil cases involving the Plaintiff were

mishandled and flawed; (10) other IRS employees disclosed private information to the management

of Plaintiff's apartment complex; (11) HUD dismissed his housing discrimination complaint, causing

him to be subjected to a retaliatory eviction; (12) various attorneys and law firm colluded against

him in matters relating to his apartment lease, resulting in an unlawful writ of possession and the

theft of all of his personal property; (13) government officials colluded together to commit fraud and

refuse to acknowledge receipt of his FTCA claim; (14) the Texas Attorney General failed to enforce

Texas statutes concerning business corporations and partnerships; (15) various attorneys, the

Texas Secretary of State and the Texas Comptroller failed to comply with or report violations of

Texas tax laws; (16) the Austin Apartment Association failed to maintain a registered agent, did not

properly process his complaint, refused to rent him an apartment, abused process, unlawfully

acquired a tax exempt status, refused to provide him a copy of their annual report, and propounds

contracts which include unlawful reletting fees; (17) the National Tenants Network blacklisted him

in violation of the Fair Credit Reporting Act; and (18) State Farm Insurance and its agents

wrongfully denied his property claim, refused to accept his personal injury claim and failed to

investigate his claims resulting from his housing discrimination complaint, retaliatory eviction suit,

constructive eviction and execution of the unlawful writ of possession.

On January 10, 2007 Buesgens filed another related civil action in the United States District Court for the District of Oregon, styled *Buesgens v. Galloway*, 3-07-CV-043 KI ("*Buesgens IV*"). In *Buesgens IV* Plaintiff sought relief for violations of federal civil rights statutes, the FHA, the Rehabilitation Act, the ADA, the Uniform Residential Landlord Tenant Act, as well as for concealment of evidence and interference with contract. The sole defendant named by Buesgens was Scott Galloway ("Galloway"), the stepfather of Buesgens' former neighbor, based on Galloway's alleged involvement in a conspiracy to interfere with Buesgens' housing and eviction. According to Buesgens, Galloway had spoken to him about the noise of his neighbor's dog on one occasion and subsequently refused to testify in the eviction proceeding. *Buesgens IV* was dismissed with prejudice for failure to state a claim by order dated June 7, 2007.[2]

Buesgens also filed an appeal of two bankruptcy orders issued by the United States Bankruptcy Court, Western District of Texas, Austin Division on February 23, 2007, styled *Buesgens v. Tawney*, A-07-CA-127 LY ("*Tawney I*"). In his notice of appeal Buesgens contended the personal bankruptcy action of a former supervisor at the IRS was related to his employment claims raised in *Snow* and the issues raised in *Buesgens III*. The appeal was dismissed as untimely on March 19, 2007.

Buesgens filed yet another appeal involving the personal bankruptcy action of his former supervisor on March 19, 2007, styled *Buesgens v. Tawney*, A-07-CA-209 LY ("*Tawney III*"). The appeal was dismissed as improperly filed on May 1, 2007 because Buesgens filed his appeal on a motion before the bankruptcy court rendered an order or judgment.

Buesgens filed yet another action against numerous employees of HUD in the United States

---

[2] The undersigned notes on March 16, 2007 Buesgens filed what appears to be a related complaint, this time in the United States District Court for the District of Kansas, styled *Buesgens v. Galloway, et al.*, 2:07-CV-2116 JAR. The two named defendants are Galloway and Douglas G. Houser ("Houser"). Houser is a partner in the law firm which represented Galloway in *Buesgens IV*.

4

District Court for the District of Massachusetts on March 21, 2007, styled *Buesgens v. Culpepper,*

*et al.,* 1-07-CV-10538 WGY ("*Buesgens V*"). The matter was summarily dismissed for lack of

venue the following day.

Finally, just one week after he filed this action, Buesgens filed yet another civil action, this

time in the United States District Court for the District of Maryland, styled *Buesgens v. Freeland,*

*et al.,* DKC-07-1363 ("*Buesgens VI*"). In *Buesgens VI* Plaintiff names approximately forty one

defendants. The named defendants once again are many of the same defendants named in his

prior actions, including counsel for his former apartment complex, the complex, several apartment

associations, plus various city, state and federal agencies and employees. In sum, Plaintiff alleges:

(1) he was denied housing accommodation and was wrongly evicted; and (2) his complaints

regarding the improper eviction, made to HUD, were wrongly denied. Noting virtually all of the

defendants, as well as Plaintiff, were located in Texas and the events in question occurred in

Texas, on June 5, 2007 District Judge Deborah K. Chasanow entered an order transferring

*Buesgens VI* to this Court.

Buesgens also has a history of repeatedly filing frivolous motions in his cases. For

example, in *Buesgens I* Plaintiff filed: (1) a motion for "directed verdict" a scant six weeks after the

case was filed, before the Court had even scheduled the initial pretrial conference in the case; (2)

motions seeking to compel discovery and to subpoena witnesses which did not identify the

discovery sought or the witnesses; (3) three separate motions for "judicial notice" which did not

identify the facts at issue and which sought unspecified substantive relief; (4) a "Motion for Court

Order and Motion for Intervention by Private Attorney General Buesgens" in which he requested

the appearance of "Private Attorney General Buesgens" because "[t]he disease has mestasized.

It is virulent and rampant insidiously infecting one and all in collusion;" (5) a motion seeking

sanctions asserting defendants' counsel had made "false representations" to the Court without

specifically identifying the representations at issue; (6) a second motion seeking sanctions based

5

on various acts of misconduct allegedly perpetrated by defendants' counsel without pointing to any

facts evidencing the involvement of counsel; and (7) at least two additional motions seeking judicial

notice which were not supported by competent evidence and which sought "notice" of legal matters

in dispute in the case.

Similarly, in *Buesgens II*, after the Court granted the motion to remand, based in part on

Buesgens' failure to respond to the motion, Buesgens filed: (1) a motion to reconsider the remand,

arguing the presiding judge discriminated against him; (2) a motion for judicial notice setting forth

numerous questions concerning the legal status of various persons and entities purportedly related

to the litigation and further seeking substantive relief; and (3) a second motion for judicial notice

posing a variety of questions, including whether "anyone know[s] how the word discovery relates

to nuances, seances, voodoo and madness of crowds?" and "why would anyone stand up when

its more comfortable to lay down?"

To date, in *Buesgens III*, Buesgens has filed: (1) a motion seeking to unseal the

presentence investigation report in a criminal case in which his former supervisor at the IRS was

a defendant;[3] (2) a motion seeking "Removal of [Attorney] Shelley Bush Marmon From any U.S.

District Court on Planet Earth;" (3) a motion seeking to reopen *Buesgens II* and one other action

because the Fifth Circuit case managers failed to comply with the Federal Rules of Appellate

Procedure; (4) a motion for return of the property and possessions allegedly stolen from him in the

course of his eviction; and (5) a motion seeking to reopen a long list of federal civil actions, state

court cases and administrative proceedings because they are directly related to *Buesgens III* and

were not properly adjudicated.

Continuing his pattern of prolix filings, during the pendency of *Buesgens IV*, Buesgens filed:

---

[3]  The undersigned notes the factual basis filed in that action reflects no involvement of Buesgens, but
rather indicates the acts involved the unauthorized use of IRS computers to aid in the filing of tax returns for female
topless dancers.

6

(1) a motion for default judgment only eight days after summons was executed on the defendant;

(2) a motion for unspecified Court order and motion for verification of pleadings filed by the

defendant; (3) a second motion for default judgment three days after entry of an order denying his

first motion for default judgment;[4] (4) a motion for unspecified judicial notice; and (5) "opposition"

to the Court's order denying several of his motions.

    In addition, Plaintiff has a history of filing frivolous interlocutory appeals during the pendency

of his lawsuits.  For example, in April 2005 Buesgens filed suit against the Secretary of the

Treasury alleging discrimination in his former employment with the Internal Revenue Service in

cause number A-05-CA-243 SS, *Buesgens v. Snow* ("*Snow*").  A final judgment was entered

against Plaintiff on December 6, 2006.  As noted on the docket of the case, Buesgens filed: (1) on

May 16, 2005 an appeal of the Court's order denying him leave to proceed in forma pauperis and

of the Court's order denying his motion for appointment of counsel; (2) on July 31, 2005 a notice

of transfer based on his motion to the Judicial Panel on Multidistrict Litigation requesting

consolidation of his then pending federal actions; and (3) on July 25, 2006 an appeal of the Court's

denying his second motion for appointment of counsel and motion for continuance.

    Buesgens followed this same pattern in *Buesgens I*.  Although judgment was not entered

until December 2006, the docket of the case reflects Buesgens filed: (1) on April 18, 2006 a notice

of transfer based on his motion to the Judicial Panel on Multidistrict Litigation requesting

consolidation of his then pending federal actions; (2) on July 25, 2006 an appeal of the Court's

"final" orders; and (3) on November 1, 2006 an "amended" appeal of his earlier appeal.

    Buesgens has continued his practice of filing interlocutory appeals in his second appeal of

bankruptcy orders issued by the United States Bankruptcy Court, Western District of Texas, Austin

---

[4] The undersigned notes, in denying Buesgens' motions for court order, verification of pleadings and
second default judgment, the Oregon judge prohibited Buesgens from filing any additional motions without first
obtaining permission until the Court entered an order addressing Defendant's pending motion to dismiss.

7

Division.  In this action, styled *Buesgens v. Tawney*, A-07-CA-156 LY ("*Tawney II*"), on May 22,

2007 Buesgens filed an appeal of the order of Chief District Judge Walter Smith denying Buesgens'

motion to recuse presiding Judge Yeakel.[5]  In his final interlocutory appeal to date, on June 11,

2007 Buesgens filed an appeal of the order of transfer in *Buesgens IV*.

III.

Despite repeated judgments denying him relief, Buesgens continues to file and pursue legal

action related to his housing and employment.  Further, it is clear in each successive case,

Buesgens adds new claims seeking relief against persons and entities he believes were

responsible for his failure to achieve relief in the prior case.  Notably, Buesgens adds claims

against the lawyers whose only act was to represent clients sued by Buesgens and claims against

the judges who have ruled against him.  Further, as set forth above, in litigating these actions

Buesgens has made a practice of filing both frivolous motions and improper appeals.  Moreover,

although Buesgens files numerous and voluminous pleadings, he evinces scant respect for the

actual litigation process, both because virtually all of his pleadings fail to comply with the applicable

legal or procedural authorities, and because he fails to comply with the obligations imposed in the

litigation process involving discovery and other matters and fails to comply with Court orders.

Clearly, his conduct constitutes a misuse and abuse of the legal system.

Pro se litigants have "no license to harass others, clog the judicial machinery with meritless

litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808

F.2d 358, 359 (5th Cir. 1986).  The Court possesses the inherent power "to protect the efficient and

orderly administration of justice and . . . to command respect for the court's orders, judgments,

procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in such

inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.*

---

[5]  The undersigned notes, one week later, an undeterred Buesgens filed another motion to recuse Judge
Yeakel.

8

Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *See also Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993) (courts may impose regulatory injunctions designed to prohibit the filing of duplicative and frivolous actions); *Tripati v. Beaman*, 878 F.2d 351, 352-53 (10th Cir. 1989) (litigants have no constitutional right of access to the courts to prosecute action that is frivolous or malicious and district court has power to enjoin litigants who abuse court system); *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (noting it is well settled that court may employ injunctive remedies to protect integrity of courts and orderly and expeditious administration of justice); *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d. Cir. 1984) (affirming district court's order granting injunction against vexatious pro se litigant).

Despite repeated admonitions concerning his obligations as a litigant, Plaintiff has continued his vexatious practices by filing this frivolous lawsuit seeking relief on issues already litigated in numerous prior actions.  Based on Buesgens' continued contumacious conduct, the Court concludes the imposition of sanctions is proper in this case to preserve the integrity of this Court's prior orders and the finality of final judgments and to protect the other litigants named in these actions. The undersigned recognizes an "injunction against future filings must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson*, 808 F.2d at 360.  However, the Fifth Circuit has also made clear a "broad[] injunction, prohibiting any filings in any federal court without leave of that court" may be "appropriate if a litigant is engaging in a widespread practice of harassment against different people." *Id.*  As set forth above, Plaintiff continues to litigate matters already subject to final judgment, but also in each successive action, adds new claims and parties he holds responsible for the continued rejection of his claims.  Thus, a broad injunction, barring him from filing any future actions without leave of court, is appropriate. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (order requiring leave of court before plaintiffs file any further complaints is proper method for handling complaints of prolific litigators);

9

*Green v. Warden*, 699 F.2d 364, 370 (7th Cir. 1983) (court has authority to issue injunction

requiring petitioner's future claims to be "original"); *In re Green*, 669 F.2d 779, 787 (D.C. Cir. 1981)

(ordering district court to enjoin pro se litigant from filing suit without leave of court, and requiring

litigant to certify, on penalty of contempt, his claim had not previously been litigated in federal

court).

     In accordance with the foregoing:

     IT IS ORDERED that all claims asserted by Plaintiff in his complaint are hereby

DISMISSED WITH PREJUDICE; and

     IT IS FURTHER ORDERED that Plaintiff is barred from filing any future civil actions in any

federal court in the United States without first seeking leave of the Court in which he wishes

to file the action.

     SIGNED this the **20**ᵗʰ day of June 2007.

                           *Sam Sparks*

                        SAM SPARKS
                        UNITED STATES DISTRICT JUDGE

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| Mahmoud M. Soltan and Siri L. Soltan, | Civil No. 09-3711 (DWF/JJG) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Kathryn A. Coburn and Mac G. Brettingen, | |
| Defendants. | |

Mahmoud M. Soltan and Siri L. Soltan, *Pro Se*, Plaintiffs.

Steven R. Little, Esq., and Noelle D. Nielsen, Esq., Coleman, Hull & van Vliet, PLLP, counsel for Defendants Kathryn A. Coburn and Mac G. Brettingen.

---

## INTRODUCTION

This matter is before the Court on the Defendants' motion for sanctions.[1] (Doc. No. 45.) For the reasons stated below, the Court grants Defendants' motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The general facts related to this matter are more fully set forth in the Court's Order dated March 31, 2009 (Doc. No. 21) and the Court's other Order dated today granting Defendants' motion for summary judgment, which are herein incorporated by reference and summarized below.

---

[1] The Court ruled from the bench in this matter in substantial part and this written order memorializes the Court's ruling. The Court's remarks, except to the extent they are modified herein, are incorporated in this order.



In 2005, Plaintiffs Mahmoud M. Soltan and Siri L. Soltan defaulted on a mortgage for certain real property. Plaintiffs' interest in the property was foreclosed upon in 2005, and they were forcibly evicted from the property in 2006. Defendants Kathryn A. Coburn and Mac G. Brettingen purchased the property in 2007 from a non-party, Gallop Solutions, Inc.

The present lawsuit is Plaintiffs' third suit against Defendants filed in an attempt to regain possession of the real property.[2]

## DISCUSSION

Defendants Kathryn A. Coburn and Mac G. Brettingen move for sanctions against Plaintiffs Mahmoud M. Soltan and Siri L. Soltan. (Doc. No. 45.) Defendants' motion requests that, pursuant to Rule 11, Federal Rules of Civil Procedure, Plaintiffs should be barred, as a frivolous litigant, from filing any lawsuits against Defendants or regarding the facts alleged in the Complaint here, without permission of the Court or representation by an attorney. Defendants have not requested attorney fees and costs at this time.

---

[2]      Plaintiffs' first action against Defendants was brought in federal court (Doc. No. 35-1 at 37-41) and was dismissed for lack of diversity and subject matter jurisdiction. (Doc. No. 35-1 at 42-45.) Plaintiffs' second action against Defendants was brought in state court. (Doc. No. 35-1 at 46-61.) In that suit, Hennepin County District Court Judge Lloyd B. Zimmerman granted Defendants' motion for summary judgment and enjoined Plaintiffs' from taking any further action to interfere with Defendants' title or possession of the property. (Doc. No. 35-1 at 62-73.) Judge Zimmerman also granted Defendants' motion for summary judgment on their counterclaim for slander of title. (Doc. No. 35-1 at 72.) In addition to the suits filed against Defendants, Plaintiffs have also appealed the housing court's judgment issued in the eviction action, which the district court and the Minnesota Court of Appeals affirmed. *JBI & Assocs., Inc. v. Soltan*, A05-1031, 2006 WL 1229484 (May 9, 2006).

2

Rule 11, Federal Rules of Civil Procedure, requires that submissions to the Court be signed by the filing party as an attestation that the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and further attesting, that "the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law."

Under Rule 11, this Court applies an "objective reasonableness" standard to determine whether the pleading was frivolous, groundless, or advanced for an improper purpose. *Pulaski County Republican Comm. v. Pulaski County Bd. of Election Comm'rs*, 956 F.2d 172, 173 (8th Cir. 1992). These standards apply equally to *pro se* litigants. *Bus. Guides, Inc. v. Chromatic Commc'n Enters., Inc.*, 498 U.S. 533, 542 (1991).

The Court finds that plaintiffs have filed this action in violation of Rule 11. Despite the prior judgments against them, involving virtually identical parties and theories, Plaintiffs have subjected Defendants to further expense and vexation. Defendants and this Court have expended their resources to revisit Plaintiffs' meritless claims.

Thus, the Court concludes that sanctions are appropriate. Plaintiffs are hereafter barred from filing any lawsuits in this or any other court, against these named defendants or regarding this real property, absent the signature of an attorney admitted to this Court or prior leave of an appointed judicial officer of the state or federal courts of Minnesota. ✓

CONFINED TO MINNESOTA

3

*See Sands v. Prod. Credit Ass'n of Fairmont*, Civil No. 92-CV-606, 1993 WL 23592 (D. Minn. Jan. 13, 1993) (Rosenbaum, J.).

Based on the foregoing, and all the files, records and proceedings herein, and for the reasons set forth above and stated during oral hearing on the matter, **IT IS HEREBY ORDERED** that:

1.     Plaintiffs Mahmoud M. Soltan and Siri L. Soltan, and anyone acting in concert or cooperation with them, are barred from filing any further lawsuits against Defendants Kathryn A. Coburn and Mac G. Brettingen or involving the parcel located in Hennepin County and described as follows:

> 288 Greenhill Lane, Long Lake, Minnesota 55356, legally described as "Lot 6, Block 1, East Knoll, Hennepin County, Minnesota"

unless either (1) the pleadings related to any such lawsuit are signed, pursuant to Federal Rule of Civil Procedure 11, by an attorney admitted to this Court, or (2) a judicial officer of this District has authorized the filing of such pleadings in advance;

2.     The Clerk of this Court is instructed that it may not accept for filing any further lawsuits involving the parcel located in Hennepin County and described as follows:

> 288 Greenhill Lane, Long Lake, Minnesota 55356, legally described as "Lot 6, Block 1, East Knoll, Hennepin County, Minnesota."

Nor may it accept any lawsuits concerning the property absent the signature of an attorney admitted to practice in the United States District Court for the District of Minnesota or the prior leave of an appointed judicial officer of this District.  The

4

signature of an attorney on any complaint filed in this regard shall explicitly affirm that the attorney has reviewed this order.

Nor may it accept any lawsuits filed on behalf of Plaintiffs against Defendants.


Dated: August 6, 2010              s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge

# EXHIBIT 4

State of Minnesota                                        District Court
Hennepin County                                     Fourth Judicial District

| Court File Number: **27-CV-15-17796** |
Case Type:  Civil Other/Misc.

**Mailing Label**

MICHAEL LEIF BUESGENS
P O BOX 294
MORRISTOWN MN 55052-0294

---

**Michael Leif Buesgens vs Patricia A Buesgens RN, Gary L Voegele JD, Lisa Kaye Buesgens RN, Jill Buesgens Schlueter, Lee Buesgens McCaig, George Michael Wagner MD, Jay Schneider, E Charles Wann**

Please find enclosed, documents from Hennepin County Court Administration.

If you have any questions, please call 612-348-6339

Dated: **5/10/2016**

Kate Fogarty
Court Administrator
Hennepin County District Court
300 South Sixth Street, C-3
Minneapolis MN 55487-0332

cc:

STATE OF MINNESOTA                                DISTRICT COURT

COUNTY OF HENNEPIN                        FOURTH JUDICIAL DISTRICT

---

Michael Leif Buesgens,                          Case Type: Civil Other
                                                 Judge Susan N. Burke
            Plaintiff,

v.                                                      ORDER

Patricia A Buesgens, Lisa Kaye Buesgens, Jill
Buesgens Schlueter, Lee Buesgens McCaig,
Gary L Voegele, George Michael Wagner,           Court File No. 27-CV-15-17796
Jay Schneider, E Charles Wann, Waterville
Lake Region Life Newspaper, and Suel
Printing Company,

            Defendant.

---

This matter came before the Honorable Susan N. Burke on February 17, 2016, on

Defendants' motion for dismissal. The Court also took argument on all of Plaintiff's motions,

including a motion for recusal and a motion to change venue. Michael Buesgens appeared pro se.

Edward Sheu, Esq., appeared for Defendants Patricia Buesgens, Lisa Buesgens, Jill Schlueter, and

Lee McCaig [hereinafter "the Buesgens Defendants"]. Sarah Bushnell, Esq., appeared for

Defendant George Wagner. Gary Voegele, Esq., appeared pro se. No one appeared on behalf of

Defendant Waterville Lake Region Life Newspaper, Suel Printing Company, Jay Schneider, or E

Charles Wann. For the following reasons, Plaintiff's motion for recusal is denied, but the motion

for change of venue is granted. Accordingly, this Court does not reach any other issues presented.

## **BACKGROUND**

Plaintiff asserted the following facts in his Amended Complaint dated November 6, 2015.

For purposes of this motion, they are taken as true.

Dr. Ralph Buesgens is the father of Plaintiff and Plaintiff's four sisters, the Buesgens Defendants. From 1950 to approximately 1997, Dr. Buesgens operated a medical practice in Waterville, in Le Sueur County. Patricia Buesgens also worked at this practice for 25 years.

On March 8, 1978, Dr. Buesgens and his wife Marcia conveyed real property to Patricia Buesgens and her husband Clement Schwichtenberg, by a Warranty Deed recorded with the Le Sueur County Recorder as document number 172174. On April 26, 1980, Mr. Schwichtenberg conveyed his interest to Patricia by Quit Claim Deed, recorded with the Le Sueur County Recorder as document number 180470. On October 9, 1985, Marcia Buesgens signed Quit Claim Deeds conveying real property to Dr. Buesgens. These documents were recorded with the Le Sueur County Recorder as document numbers 198921 and 198922.

On April 3, 1990, Dr. Buesgens signed his Will. Following the death of Marcia Buesgens on June 2, 1990, Patricia Buesgens and Dr. Buesgens developed a confidential and exclusive relationship. On September 14, 1990, Dr. Buesgens conveyed real property to Patricia by Quit Claim Deed recorded with the Le Sueur County Recorder as document number 220525. In 1997, Dr. Buesgens retired from his medical practice at the age of 74. On January 9, 1998, Dr. Buesgens sold his medical office for $132,000, recorded with the Le Sueur County Recorder as document number 263482.

Plaintiff asserts that the Buesgens Defendants poisoned Plaintiff's relationship with Dr. Buesgens by badmouthing him to Dr. Buesgens. At this time, Plaintiff alleges that Dr. Buesgens was cognitively impaired, vulnerable, and had dementia, although he was never tested or treated for dementia or cognitive impairment. According to Plaintiff, Dr. Buesgens' personality changed, and he became angry and bitter. He had an inability to focus, concentrate, and relate to Plaintiff. At age 85, Dr. Buesgens slept a lot, and Plaintiff alleges that Dr. Buesgens' four sisters all had

Alzheimer's at a relatively young age. Plaintiff alleges that Patricia Buesgens, as Dr. Buesgens' home medical caregiver, had the opportunity to exercise undue influence on him, and that she took advantage of Dr. Buesgens' blind trust in her. Plaintiff admits that he went many years without speaking to Dr. Buesgens.

On October 26, 2000, Dr. Buesgens signed his Amended Will. Plaintiff asserts that Patricia Buesgens controlled the drafting of the Will and the subsequent property transfers that disinherited Plaintiff. Gary Voegele, Esq., drafted all of Dr. Buesgens' wills and property transfer documents since 1985, and Plaintiff alleges that he did so under Patricia Buesgens' direction. This is because Plaintiff alleges that Patricia Buesgens initiated the contact with Mr. Voegele for a Transfer on Death Deed that Dr. Buesgens signed. Plaintiff also asserts that Patricia Buesgens drove her father to the law office and was in the same room when he changed his will and transferred his property, even though Dr. Buesgens was capable of driving on his own.

On December 7, 2000, Dr. Buesgens conveyed real property containing 23.48 acres of vacant land with the property identification number of 14.024.2600 to the Buesgens Defendants by Quit Claim Deed recorded with the Le Sueur County Recorder as document number 287368. On April 30, 2001, Dr. Buesgens signed an Affidavit of Identity and Survivorship for Marcia Buesgens that was recorded with the Le Sueur County Recorder as document number 287367.

From June 9, 2009, to December 2009, Plaintiff visited Dr. Buesgens and noticed a change in personality and cognitive ability. On September 22, 2009, Dr. Buesgens signed a Transfer on Death Deed conveying property located at 204 Buchannan Street North in Waterville to the Buesgens Defendants. The Transfer on Death Deed was recorded on October 26, 2009 with the Le Sueur County Recorder as document number 365384. Plaintiff alleges that between January 4, 2011 and January 11, 2011, when Dr. Buesgens was dying, Dr. Buesgens told Patricia Buesgens

to give Plaintiff something, but Patricia Buesgens never gave anything to Plaintiff. On January 11, 2011, Dr. Buesgens passed away. On April 21, 2011, an Affidavit of Identity and Survivorship for Transfer on Death Deed signed by Patricia Buesgens was recorded with the Le Sueur County Recorder as document number 374288. Plaintiff asserts that Patricia Buesgens has all of Dr. Buesgens' records.

Mr. Voegele, Esq., prepared the inventory and accounting for Dr. Buesgens' estate, and Plaintiff asserts that the inventory and accounting is hidden in Patricia Buesgens' home and at Mr. Voegele's office. On December 1, 2014, the property at 204 Buchanan Street in Waterville, Le Sueur County, was sold to a third party, and the Warranty Deed was recorded with the Le Sueur County Recorder as document number 396033. Plaintiff claims he was unaware of any property transfers until 2014 and 2015. In January of 2015, the lakefront lot of 23.48 acres of vacant land was listed for sale.

On October 9, 2015, Plaintiff filed this action against the Buesgens Defendants, Mr. Voegele, and Dr. Wagner (Dr. Buesgens' physician). On November 6, 2015, Plaintiff filed an Amended Complaint adding Jay Schneider, E Charles Wann, Waterville Lake Region Life Newspaper, and Suel Printing Company as defendants. Plaintiff asserts that he paid some amount of money to both printing companies in order to get a public notice of this litigation, but that both companies refused to print Plaintiff's proposed notices. These defendants are all located in Le Sueur County and were served there, but did not respond to or participate in the instant motions.

## ANALYSIS

### I.   PLAINTIFF'S MOTION FOR RECUSAL IS DENIED

On February 17, 2016, minutes before the hearing took place, Plaintiff filed a motion pursuant to Minnesota Rule of Civil Procedure 63.02 asking this Court to recuse itself from

4

handling the case or the hearing.  Minnesota Rule of Civil Procedure 63.02 holds in relevant part that "[n]o judge shall sit in any case if that judge is interested in its determination or if that judge might be excluded for bias from acting therein as a juror."

Plaintiff alleges that this Court is biased against him on the basis that the undersigned judge formerly represented the United States Government in cases involving the Department of Justice, and that Plaintiff has "had litigation against" several federal agencies.  Pl. Mot. at ¶ 3.  Plaintiff accuses the United States Department of Justice and an unspecified United States Attorney's Office of concealing evidence favorable to him in civil actions, and contends that these agencies "are still carrying a grudge against him, and will seek revenge against him."  Pl. Mot. at ¶ 8.

The undersigned judge worked in the civil division of the United States Department of Justice from 1992 to 1994, and in the criminal division of the Minnesota United States Attorney's Office from 1994 to 2004.  It appears that the first case Plaintiff pursued involving the federal government was filed in 2007.  See Buesgens v. Travis County, Texas, A-07-CA-427-SS (W.D. Tex. June 21, 2007).  The undersigned judge was not personally involved in any of the actions Plaintiff filed, and is unaware of any grudge held by any United States Attorney's Office against Plaintiff.  The time that the undersigned worked in the civil division of the Department of Justice and the time that Plaintiff began filing federal lawsuits are thirteen years apart, and the undersigned does not recognize Plaintiff or recall handling any case involving Plaintiff in any capacity. Plaintiff has failed to show that the undersigned judge has an interest in the determination of this case, or that the judge might be excluded from for bias from acting therein as a juror.  Accordingly, Plaintiff's motion for this Court to recuse itself is denied.[1]

---

[1] Plaintiff also filed a motion to appoint counsel on January 19, 2016, arguing that he is entitled to a lawyer because he suffers from ADHD, depression, and bipolar disorder, and cannot afford an attorney.  However, this Court lacks authority to appoint counsel for a civil litigant.  See Minn.

## II.      PLAINTIFF'S MOTION FOR CHANGE OF VENUE IS GRANTED

Plaintiff filed a motion for change of venue to Le Sueur County on January 20, 2016. Plaintiff originally filed his complaint in Hennepin County on the assertion that he "cannot receive an impartial trial" in either Le Sueur or Rice County. Am. Compl. at 5. Plaintiff now argues that the case should be transferred to Le Sueur County.

Pursuant to Minnesota Statutes Section 542.11(4), district courts have the discretion to change venue in a civil action "when the convenience of witnesses and the ends of justice would be promoted by the change." Furthermore, "a change of venue […] may be granted merely because it promotes the convenience of witnesses and the ends of justice, and it is not necessary to show that the change is required for these purposes." Thon v. Erickson, 45 N.W.2d 560, 561 (Minn. 1950).

Plaintiff argues that a change of venue is appropriate here because nearly all of the documentary evidence Plaintiff seeks is located in the city of Waterville, in Le Sueur County. In addition, several defendants live or maintain professional offices in Le Sueur County, the real estate at issue is located in Le Sueur County, and all of the disputed land transfers are on record with the Le Sueur County Recorder. While Plaintiff lives in Rice County, as well as at least two defendants, Rice County neighbors LeSueur and is substantially closer to LeSueur County than to Hennepin County. Plaintiff's claims for medical malpractice and legal malpractice are predicated on events that took place in Le Sueur County and in Rice County. Neither side has ever alleged that Hennepin County has any particular interest in this case, or that any of the parties, witnesses,

---

Stat. § 611.14 (limiting the right to court-appointed counsel to minors and criminal defendants); U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall […] have the assistance of counsel for his defense.") (emphasis added); Minn. Const. Art. I, sect. VI ("In all criminal prosecutions the accused shall enjoy the right […] to have the assistance of counsel in his defense.") (emphasis added)). Accordingly, Plaintiff's motion to appoint counsel is denied.

or events are located in Hennepin County.  In fact, the only reason Defendants provide in opposing the motion for transfer of venue is that they have retained counsel who are based in Minneapolis, and that the parties have already brought several motions.  However, this case is in the early stages of litigation, as no discovery has been conducted and only one round of motion practice has been filed.  In addition, Plaintiff has commenced parallel litigation in Le Sueur County involving Patricia Buesgens, who lives in Le Sueur County.  It does not make sense for Plaintiff, Ms. Buesgens, and her counsel to have to repeatedly travel between Le Sueur County and Hennepin County for substantially the same issues.  Defendants lack any particular interest in having this case tried in Hennepin County, and the interests of justice and convenience of nearly all witnesses strongly promote transferring the case to Le Sueur County.  Accordingly, Plaintiff's motion to change venue is granted, and this case will be transferred to Le Sueur County District Court.[2]

---

[2] Plaintiff also argued in briefing that Minnesota Statutes Section 542.02 mandates the transfer of venue to Le Sueur County because the property at issue is within Le Sueur County.  Defendants note that Section 542.02 does not apply due to the combination of local and transitory claims in this case.  See Marion v. Miller, 58 N.W.2d 185, 187 (Minn. 1953) ("Where the action is part local and part transitory, the statute, Section 542.02, does not apply.").  Regardless, this Court is not granting the motion pursuant to Section 542.02, and instead finds that in the interests of justice and the convenience of the witnesses under Section 542.11(4), a transfer to Le Sueur County is appropriate.

<u>**ORDER**</u>

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Recusal is **DENIED**.

2. Plaintiff's Motion for Change of Venue is **GRANTED**. This case shall be transferred

    to Le Sueur County District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated: 5/10/2016

SUSAN N. BURKE
District Court Judge

8

# EXHIBIT 5

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Case Type:  Other Civil

---

Michael Leif Buesgens,

                                    Plaintiff,

vs.

Patricia Ann Buesgens, RN, Gary L. Voegele,
J.D., Lisa Kaye Buesgens, RN, Jill Buesgens
Schlueter, Lee Buesgens McCaig, and George
Michael Wagner, M.D., Jay Schneider,
Manager Waterville Lake Region Life
Newspaper, E. Charles Wann, CEO, Suel
Printing Company,

                                    Defendants.

Court File No. 27-cv-15-17796

The Honorable Susan N.  Burke

**MOTION FOR AN ORDER UNDER
MINN. R. GEN. PRACT. 9**

*DECEMBER 23, 2015*

---

TO:   Plaintiff, Michael Leif Buesgens, P.O. Box 294, Morristown, MN  55052.

**PLEASE TAKE NOTICE** that the undersigned will bring the following Motion before the Hennepin County District Court, pursuant to Rule 9 of the Minnesota Rules of General Practice for the District Courts, unless, in accordance with Rule 9, you voluntarily withdraw the pleadings, correspondence, and papers identified below within 21 days of service of this Motion on you. This Motion is without prejudice to the pending Rule 12 motion currently scheduled for February 17, 2016.

## MOTION

### Rule 9 Standard

1. Rule 9 of the General Rules of Practice for the District Court provides for relief against frivolous litigants, namely, (a) the furnishing of security by a frivolous litigant who has requested relief in the form of a claim, or (b) the imposition of preconditions on a frivolous litigant's service or filing of any new claims, motions, or requests.

1

2. A "frivolous litigant" is defined as (a) one who, after a claim has been finally determined against the person, repeatedly relitigates or attempts to relitigate either finally determined matters, or (b) one who maintains claims not well-grounded in law. Minn. R. Gen. Pract. 9.06(b)(1), (3).

3. A frivolous litigant is also defined as a "[a] person who in any action or proceeding repeatedly serves or files frivolous motions, pleadings, letters, or other papers . . . or engages in oral or written tactics that are frivolous or intended to cause delay." Minn. R. Gen. Pract. 9.06(b)(2).

4. Rule 9.01(b) authorizes the district court to "impos[e] preconditions on a frivolous litigant's service or filing of any new claims, motions or requests."

5. When determining whether to impose sanctions on a frivolous litigant, the district court must consider the factors outlined in Rule 9.02, including "the frequency and number of claims pursued by the frivolous litigant with an adverse result," and "injury incurred by other litigants prevailing against the frivolous litigant."

6. When determining whether to require security or impose sanctions on a frivolous litigant, a district court is to consider several factors, including whether there is a reasonable probability that the frivolous litigant will prevail on his or her claim. Rule 9.02(b)(2).

7. Motions to designate and sanction frivolous litigants must be made separate from other requests for relief, and the motion cannot be filed unless, within 21 days after the motion is served, the allegedly offending claim, motion, or request is not withdrawn or properly corrected. Rule 9.01.

8. No determination or ruling made by the court on a Rule 9 motion shall be, or be deemed to be, a determination of any issue in the action or proceeding or of the merits thereof. Rule 9.02(d).

9. When a rule 9 motion is filed before trial commences, "the action or proceeding is stayed and the moving party need not plead or respond to discovery or motions, until 10 days after the motion is denied." Rule 9.04.

10. It is within the district court's discretion whether to determine that a party is a frivolous litigant. *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 290, 295 (Minn. Ct. App. 2007).

**Conduct Giving Rise To Rule 9 Relief**

11. Plaintiff filed with this Court a "Complaint," sworn by Plaintiff and signed on October 7, 2015, in which Plaintiff asserted, among other things, "I have not [sic] determined by any court in Minnesota or in any other State to be a frivolous litigant or subject to an Order precluding me from serving and filing this document."

12. Plaintiff then filed with this Court an "Amended Complaint," sworn by Plaintiff and signed on November 5, 2015, in which Plaintiff asserted, among other things, "I have not [sic] determined by any court in Minnesota or in any other State to be a frivolous litigant or subject to an Order precluding me from serving and filing this document."

13. Plaintiff's sworn statements are at best misleading, if not entirely false. *See, e.g., Buesgens v. Travis County, Texas*, Case No. A-07-CA-427-SS (W.D. Tex. June 26, 2007); *Buesgens v. Ellan Krcha*, Civ. No. 07-185 (D.D.C. Sep. 6, 2007); *Buesgens v. Charles Brown, et al.*, Case No. 06-1964 (RBW) (D.D.C. June 11, 2008), *Buesgens v. Hart*, Case No. 09-mc-80109-WHA (N.D. Cal. June 2, 2009), which are just a few examples. Plaintiff has been found to be a frivolous litigant by many courts on many

3

occasions, and he has been in the past barred from filing actions in many courts. It was thus misleading, if not false, for Plaintiff to submit a sworn pleading to this Court stating that he had never before been determined to be a frivolous litigant in another state.

14. Plaintiff has filed several pleadings, papers, and other documents with this Court. Some but not all of these documents have been served, but only on some of the named Defendants. These documents are incoherent, replete with unnecessary and irrelevant allegations, documents, and materials, and fail to state cognizable legal claims.

15. Plaintiff filed with the Rice County Attorney, and with this Court, "My Request for Criminal Prosecution" against Defendant Gary L. Voegele, Esq. This "Request" was later mailed to Defendant Jill Buesgens Schlueter. There is no legitimate basis or reason for this "Request", nor does this "Request" support any relevant legal or factual allegation in this action. This "Request" serves no purpose other than to harass, embarrass, and annoy Defendants and non-parties.

16. Plaintiff mailed to Brandt Niel Merrild M.D. and Edward P. Ehlinger, M.D., MSPH, Commissioner of the Department of Health a November 23, 2015 "Notice of Demand". This "Notice of Demand" was later mailed to Defendant Jill Buesgens Schlueter. There is no legitimate basis or reason for this "Notice" to be sent to non-parties to this action, nor does this "Notice" support any relevant legal or factual allegation in this action. This "Notice" serves no purpose other than to harass, embarrass, and annoy Defendants and non-parties.

17. Plaintiff mailed to the undersigned a December 18, 2015 "Notice of Intent to File Legal Action Against Brandt Niel Merrild, MD," which was also addressed to Dr. Merrild, Jill Buesgens Schlueter, and Gary L, Voegele, Esq. There is no legitimate basis or reason for

Plaintiff's "Notice" other than to harass, embarrass, and intimidate Defendants and others, including non-parties.

18. Plaintiff has made various outlandish complaints to law enforcement and state boards, which have been denied, rejected, or dismissed, and then he has proceeded to append those materials to pleadings he has filed with the Court. Plaintiff has named a newspaper and its staff as Defendants because they, allegedly, declined to publish a document for him. Plaintiff's claims and allegations fail to state valid legal claims, and Plaintiff is abusing the Court and judicial process through frivolous filings and harassing correspondence.

19. Plaintiff has, in violation of the Rules of Civil Procedure, issued discovery, namely, Requests for Admission. These Requests were sent to at least one party who has not been served in this action as well as to at least one non-party to this action. This conduct was done only to harass, embarrass, and burden Defendants and others.

**Requested Relief**

20. Plaintiff should be ordered to refrain from serving, filing, or sending correspondence to the Court, the parties, or non-parties, which is immaterial, unnecessary, repetitive, or lacking any legal merit, as described above.

21. Plaintiff should be ordered to retract, withdraw, and dismiss the various Complaints, Amended Complaints, Notices, Requests, and other pleadings, filings, and correspondence he has issued to the parties and non-parties, as described above.

22. Plaintiff should be ordered to post adequate and appropriate security for the costs, including attorneys' fees, which he may be ordered to pay to Defendants or others, as a result of this action. This action should be stayed pending a determination of the amount

5

of such a bond, or any other preconditions, for Plaintiff's action, or any similar civil actions by Plaintiff.

23. The undersigned will present the foregoing Motion to the Court, and request the foregoing relief, unless the foregoing conduct is voluntarily remedied within 21 days of service of this Motion.

Respectfully submitted,

BEST & FLANAGAN LLP

Dated: December 23, 2015

By: /s/ Edward P. Sheu
Edward P. Sheu (Minn. Bar #312885)
Shauna L. Coons (Minn. Bar #388465)
Best & Flanagan LLP
60 South Sixth Street, Suite 2700
Minneapolis, MN 55402
Tel: (612) 843-5828
Fax: (612) 339-5897
esheu@bestlaw.com
scoons@bestlaw.com

ATTORNEY FOR DEFENDANT JILL
BUESGENS SCHLUETER

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded under Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

/s/ Edward P. Sheu
Edward P. Sheu

6

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document on Plaintiff on December 23, 2015 by sending a copy of the same by United States Mail, first-class, postage prepaid, to Michael Leif Buesgens, a/k/a Nevada Smith, P.O. Box 294, Morristown, Minnesota 55052. Pursuant to Minn. Stat. § 358.116, I declare under penalty of perjury that everything I have stated in this document is true and correct.

Signed and dated this 23rd day of December, 2015, in Minneapolis, Hennepin County, Minnesota.

/s/ Edward P. Sheu

2281780

Edward P. Sheu

# EXHIBIT 6

Edward P. Sheu
Attorney DIRECT 612.349.5656
esheu@bestlaw.com

BEST & FLANAGAN LLP
60 South Sixth Street, Suite 2700  Minneapolis, Minnesota 55402
TEL 612.339.7121  FAX 612.339.5897  BESTLAW.COM

# BEST & FLANAGAN

February 10, 2016

Mr. Michael L. Buesgens
a/k/a Nevada Smith
P.O. Box 294
Morristown, MN  55052

Re:  **Michael Leif Buesgens v. Patricia Ann Buesgens, et al.**
     **Court File No. 27-cv-15-17796**

Dear Mr. Smith:

Enclosed herewith and served upon you by U.S. Mail, please find Amended Notice of Motion for an Order Under Minn. R. Gen. Prac. 9.

Very truly yours,

/s/ Edward P. Sheu

Edward P. Sheu

EPS/cas
Enclosure

022398/315001/2315704_1

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Case Type:  Other Civil

Michael Leif Buesgens,

Plaintiff,

vs.

Patricia Ann Buesgens, RN, Gary L. Voegele,
J.D., Lisa Kaye Buesgens, RN, Jill Buesgens
Schlueter, Lee Buesgens McCaig, and George
Michael Wagner, M.D., Jay Schneider,
Manager Waterville Lake Region Life
Newspaper, E. Charles Wann, CEO, Suel
Printing Company,

Defendants.

Court File No. 27-cv-15-17796

The Honorable Susan N.  Burke

**AMENDED NOTICE OF MOTION FOR
AN ORDER UNDER MINN. R. GEN.
PRAC. 9**

*FEBRUARY 10, 2016*

TO:    Plaintiff, Michael Leif Buesgens, P.O. Box 294, Morristown, MN  55052.

**PLEASE TAKE NOTICE** that the undersigned will bring the following Motion before

the Hennepin County District Court, pursuant to Rule 9 of the Minnesota Rules of General

Practice for the District Courts, unless, in accordance with Rule 9, you voluntarily withdraw the

pleadings, correspondence, and papers identified below, along with all pleadings referenced in

the December 23, 2015 Notice previously issued to you, within 21 days of service of this Motion

on you. This Motion is without prejudice to, and in addition to, the pending Rule 12 motion

currently scheduled for February 17, 2016.

## MOTION

### Rule 9 Standard

1.  Rule 9 of the General Rules of Practice for the District Court provides for relief against

frivolous litigants, namely, (a) the furnishing of security by a frivolous litigant who has

1

requested relief in the form of a claim, or (b) the imposition of preconditions on a frivolous litigant's service or filing of any new claims, motions, or requests.

2. A "frivolous litigant" is defined as (a) one who, after a claim has been finally determined against the person, repeatedly relitigates or attempts to relitigate either finally determined matters, or (b) one who maintains claims not well-grounded in law. Minn. R. Gen. Pract. 9.06(b)(1), (3).

3. A frivolous litigant is also defined as a "[a] person who in any action or proceeding repeatedly serves or files frivolous motions, pleadings, letters, or other papers . . . or engages in oral or written tactics that are frivolous or intended to cause delay." Minn. R. Gen. Pract. 9.06(b)(2).

4. Rule 9.01(b) authorizes the district court to "impos[e] preconditions on a frivolous litigant's service or filing of any new claims, motions or requests."

5. When determining whether to impose sanctions on a frivolous litigant, the district court must consider the factors outlined in Rule 9.02, including "the frequency and number of claims pursued by the frivolous litigant with an adverse result," and "injury incurred by other litigants prevailing against the frivolous litigant."

6. When determining whether to require security or impose sanctions on a frivolous litigant, a district court is to consider several factors, including whether there is a reasonable probability that the frivolous litigant will prevail on his or her claim. Rule 9.02(b)(2).

7. Motions to designate and sanction frivolous litigants must be made separate from other requests for relief, and the motion cannot be filed unless, within 21 days after the motion is served, the allegedly offending claim, motion, or request is not withdrawn or properly corrected. Rule 9.01.

2

8.  No determination or ruling made by the court on a Rule 9 motion shall be, or be deemed to be, a determination of any issue in the action or proceeding or of the merits thereof. Rule 9.02(d).

9.  When a rule 9 motion is filed before trial commences, "the action or proceeding is stayed and the moving party need not plead or respond to discovery or motions, until 10 days after the motion is denied." Rule 9.04.

10. It is within the district court's discretion whether to determine that a party is a frivolous litigant. *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 290, 295 (Minn. Ct. App. 2007).

**Conduct Giving Rise To Rule 9 Relief**

11. Plaintiff filed with this Court a "Complaint," sworn by Plaintiff and signed on October 7, 2015, in which Plaintiff asserted, among other things, "I have not [sic] determined by any court in Minnesota or in any other State to be a frivolous litigant or subject to an Order precluding me from serving and filing this document."

12. Plaintiff then filed with this Court an "Amended Complaint," sworn by Plaintiff and signed on November 5, 2015, in which Plaintiff asserted, among other things, "I have not [sic] determined by any court in Minnesota or in any other State to be a frivolous litigant or subject to an Order precluding me from serving and filing this document."

13. Plaintiff's sworn statements are at best misleading, if not entirely false. *See, e.g., Buesgens v. Travis County, Texas*, Case No. A-07-CA-427-SS (W.D. Tex. June 26, 2007); *Buesgens v. Ellan Krcha*, Civ. No. 07-185 (D.D.C. Sep. 6, 2007); *Buesgens v. Charles Brown, et al.*, Case No. 06-1964 (RBW) (D.D.C. June 11, 2008), *Buesgens v. Hart*, Case No. 09-mc-80109-WHA (N.D. Cal. June 2, 2009), which are just a few examples. Plaintiff has been found to be a frivolous litigant by many courts on many

3

occasions, and he has been in the past barred from filing actions in many courts. It was thus misleading, if not false, for Plaintiff to submit a sworn pleading to this Court stating that he had never before been determined to be a frivolous litigant in another state.

14. Plaintiff has filed several pleadings, papers, and other documents with this Court. Some but not all of these documents have been served, but only on some of the named Defendants. These documents are incoherent, replete with unnecessary and irrelevant allegations, documents, and materials, and fail to state cognizable legal claims.

15. Plaintiff filed with the Rice County Attorney, and with this Court, "My Request for Criminal Prosecution" against Defendant Gary L. Voegele, Esq. This "Request" was later mailed to Defendant Jill Buesgens Schlueter. There is no legitimate basis or reason for this "Request", nor does this "Request" support any relevant legal or factual allegation in this action. This "Request" serves no purpose other than to harass, embarrass, and annoy Defendants and non-parties.

16. Plaintiff mailed to Brandt Niel Merrild M.D. and Edward P. Ehlinger, M.D., MSPH, Commissioner of the Department of Health a November 23, 2015 "Notice of Demand". This "Notice of Demand" was later mailed to Defendant Jill Buesgens Schlueter. There is no legitimate basis or reason for this "Notice" to be sent to non-parties to this action, nor does this "Notice" support any relevant legal or factual allegation in this action. This "Notice" serves no purpose other than to harass, embarrass, and annoy Defendants and non-parties.

17. Plaintiff mailed to the undersigned a December 18, 2015 "Notice of Intent to File Legal Action Against Brandt Niel Merrild, MD," which was also addressed to Dr. Merrild, Jill Buesgens Schlueter, and Gary L. Voegele, Esq. There is no legitimate basis or reason for

Plaintiff's "Notice" other than to harass, embarrass, and intimidate Defendants and others, including non-parties.

18. Plaintiff has made various outlandish complaints to law enforcement and state boards, which have been denied, rejected, or dismissed, and then he has proceeded to append those materials to pleadings he has filed with the Court. Plaintiff has named a newspaper and its staff as Defendants because they, allegedly, declined to publish a document for him. Plaintiff's claims and allegations fail to state valid legal claims, and Plaintiff is abusing the Court and judicial process through frivolous filings and harassing correspondence.

19. Plaintiff has, in violation of the Rules of Civil Procedure, issued discovery, namely, Requests for Admission and Requests for the Production of Documents. These Requests were sent to at least one party who has not been served in this action as well as to at least one non-party to this action. This conduct was done only to harass, embarrass, and burden Defendants and others.

20. Since being served with the original Rule 9 Notice, Plaintiff has continued to serve and file numerous pleadings, including discovery pleadings, correspondence, and a new complaint directed at Defendants' counsel, along with correspondence and requests to non-parties to this action, all of which are in violation of the Court's Rules, and all of which are without merit.

**Requested Relief**

21. Plaintiff should be ordered to refrain from serving, filing, or sending correspondence to the Court, the parties, or non-parties, which is immaterial, unnecessary, repetitive, or lacking any legal merit, as described above.

5

22. Plaintiff should be ordered to retract, withdraw, and dismiss the various Complaints, Amended Complaints, Third-Party Complaints, Notices, Requests, and other pleadings, filings, and correspondence he has issued to the parties and non-parties, as described above.

23. Plaintiff should be ordered to post adequate and appropriate security for the costs, including attorneys' fees, which he may be ordered to pay to Defendants or others, as a result of this action. Plaintiff should be required to obtain permission from a Judge of the District Court of any judicial district in this state before maintaining this action or commencing another action. Any action, including this action, should be stayed pending a determination of the amount of such a bond, or any other preconditions, for Plaintiff's action, or any similar actions by Plaintiff.

24. The undersigned will present the foregoing Motion to the Court, and request the foregoing relief, unless the foregoing conduct is voluntarily remedied within 21 days of service of this Motion.

Respectfully submitted,

BEST & FLANAGAN LLP

Dated: February 10, 2016

By:  /s/ Edward P. Sheu
Edward P. Sheu (Minn. Bar #312885)
60 South Sixth Street, Suite 2700
Minneapolis, MN 55402
Tel: (612) 843-5828
Fax: (612) 339-5897
esheu@bestlaw.com

ATTORNEYS FOR DEFENDANTS
PATRICIA ANN BUESGENS, LISA
KAYE BUESGENS, JILL BUESGENS
SCHLUETER, AND LEE BUESGENS
McCAIG

6

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded under Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

/s/ Edward P. Sheu
Edward P. Sheu

7

MINNESOTA COURT RULES

1

## Rule 9. Frivolous Litigation

## Rule 9.01 Motion for Order Requiring Security or Imposing Sanctions

Relief under this rule is available in any action or proceeding pending in any court of this state, at any time until final judgment is entered. Upon the motion of any party or on its own initiative and after notice and hearing, the court may, subject to the conditions stated in Rules 9.01 to 9.07, enter an order: (a) requiring the furnishing of security by a frivolous litigant who has requested relief in the form of a claim, or (b) imposing preconditions on a frivolous litigant's service or filing of any new claims, motions or requests. All motions under this rule shall be made separately from other motions or requests, and shall be served as provided in the Rules of Civil Procedure, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged claim, motion, or request is not withdrawn or appropriately corrected.

(Added effective September 1, 1999.)

### Rule 9.02 Hearing

**(a) Evidence.** At the hearing upon such motion the court shall consider such evidence, written or oral, by witnesses or affidavit, as may be material to the ground of the motion.

**(b) Factors.** In determining whether to require security or to impose sanctions, the court shall consider the following factors:

(1) the frequency and number of claims pursued by the frivolous litigant with an adverse result;

(2) whether there is a reasonable probability that the frivolous litigant will prevail on the claim, motion, or request;

(3) whether the claim, motion, or request was made for purposes of harassment, delay, or vexatiousness, or otherwise in bad faith;

(4) injury incurred by other litigants prevailing against the frivolous litigant and to the efficient administration of justice as a result of the claim, motion, or request in question;

(5) effectiveness of prior sanctions in deterring the frivolous litigant from pursuing frivolous claims;

(6) the likelihood that requiring security or imposing sanctions will ensure adequate safeguards and provide means to compensate the adverse party;

(7) whether less severe sanctions will sufficiently protect the rights of other litigants, the public, or the courts.

The court may consider any other factors relevant to the determination of whether to require security or impose sanctions.

**(c) Findings.** If the court determines that a party is a frivolous litigant and that security or sanctions are appropriate, it shall state on the record its reasons supporting that determination. An order requiring security shall only be entered with an express determination that there is no reasonable probability that the litigant will prevail on the claim. An order imposing preconditions on serving or filing new claims, motions, or requests shall only be entered with an express determination that no less severe sanction will sufficiently protect the rights of other litigants, the public, or the courts.

MINNESOTA COURT RULES

**(d) Ruling Not Deemed Determination of Issues.** No determination or ruling made by the court upon the motion shall be, or be deemed to be, a determination of any issue in the action or proceeding or of the merits thereof.

(Added effective September 1, 1999.)

### Rule 9.03 Failure to Furnish Security

If security is required and not furnished as ordered, the claim(s) subject to the security requirement may be dismissed with or without prejudice as to the offending party.

(Added effective September 1, 1999.)

### Rule 9.04 Stay of Proceedings

When a motion pursuant to Rule 9.01 is properly filed prior to trial, the action or proceeding is stayed and the moving party need not plead or respond to discovery or motions, until 10 days after the motion is denied, or if granted, until 10 days after the required security has been furnished and the moving party given written notice thereof. When a motion pursuant to Rule 9.01 is made at any time after commencement of trial, the action or proceeding may be stayed for such period after the denial of the motion or the furnishing of the required security as the court shall determine.

(Added effective September 1, 1999.)

### Rule 9.05 Appeal

An order requiring security or imposing sanctions under this rule shall be deemed a final, appealable order. Any appeal under this rule may be taken to the court of appeals as in other civil cases within 60 days after filing of the order to be reviewed.

(Added effective September 1, 1999.)

### Rule 9.06 Definitions

As used in this rule, the following terms have the following meanings:

(a) "Claim" means any relief requested in the form of a claim, counterclaim, cross claim, third party claim, or lien filed, served, commenced, maintained, or pending in any federal or state court, including conciliation court.

(b) "Frivolous litigant" means:

(1) A person who, after a claim has been finally determined against the person, repeatedly relitigates or attempts to relitigate either

(i) the validity of the determination against the same party or parties as to whom the claim was finally determined, or

(ii) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same party or parties as to whom the claim was finally determined; or

(2) A person who in any action or proceeding repeatedly serves or files frivolous motions, pleadings, letters, or other documents, conducts unnecessary discovery, or engages in oral or written tactics that are frivolous or intended to cause delay; or

(3) A person who institutes and maintains a claim that is not well grounded in fact and not warranted by existing law or a good faith argument for the extension, modification or reversal of

existing law or that is interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigating the claim.

(c) "Security" means either:

(1) an undertaking to assure payment, issued by a surety authorized to issue surety bonds in the State of Minnesota, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a claim instituted, caused to be instituted, or maintained or caused to be maintained by a frivolous litigant or;

(2) cash tendered to and accepted by the court administrator for that purpose.

(Added effective September 1, 1999; amended effective July 1, 2015.)

### Advisory Committee Comment - 2015 Amendments

*The amendment to Rule 9 is not substantive in nature or intended effect. The replacement of "paper" with "document" is made throughout these rules to advance precision in choice of language. Most documents will not be filed as "paper" documents, so paper is retired as a descriptor of them.*

## Rule 9.07 Effect on Other Provisions

Sanctions available under this rule are in addition to sanctions expressly authorized by any other statute or rule, or in the inherent power of the court.

(Added effective September 1, 1999.)

### Advisory Committee Comment - 1999 Amendment

*This rule is intended to curb frivolous litigation that is seriously burdensome on the courts, parties, and litigants. This rule is intended to apply only in the most egregious circumstances of abuse of the litigation process, and the remedies allowed by the rule can be viewed as drastic. Because of the very serious nature of the sanctions under this rule, courts should be certain that all reasonable efforts have been taken to ensure that affected parties are given notice and an opportunity to be heard. Rule 9.01 also requires that the court enter findings of fact to support any relief ordered under the rule, and this requirement should be given careful attention in the rare case where relief under this rule is necessary.*

*It is appropriate for the court to tailor the sanction imposed under this rule to the conduct and to limit the sanction to what is necessary to curb the inappropriate conduct of the frivolous litigant. See Cello-Whitney v. Hoover, 769 F. Supp. 1155 (W.D. Wash. 1991).*

*This rule includes a specific provision relating to the possible appeal of an order for sanctions. The rule provides that an appeal may be taken within 60 days, the same period allowed for appeals from orders and judgment, but specifies that the 60-day period begins to run from entry of the date of filing of the order. This timing mechanism is preferable because the requirement of service of notice of entry may not be workable where only one party may be interested in the appeal or where the order is entered on the court's own initiative. The date of filing can be readily determined, and typically appears on the face of the order or is a matter of record, obviating confusion over the time to appeal.*

**Rule 11. Signing of Pleadings, Motions, and Other Documents; Representations to Court; Sanctions**

### 11.01 Signature

Every pleading, written motion, and other similar document shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is self-represented, shall be signed by the party. Each document shall state the signer's address and telephone number and e-mail address, if any, and attorney registration number if signed by an attorney. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned document shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party. If authorized by order of the Minnesota Supreme Court or by rule of court, a document filed, signed, or verified by electronic means in accordance with that order constitutes a signed document for the purpose of applying these rules.

The filing or submitting of a document using an E-Filing System established by rule of court constitutes certification of compliance with the signature requirements of applicable court rules.

(Amended effective January 1, 1992; amended effective July 1, 2000; amended effective August 1, 2000; amended effective October 22, 2010; amended effective September 1, 2012; amended effective July 1, 2015.)

#### *Advisory Committee Comment - 2010 Amendment*

*Rule 11.01 is amended to add the last sentence. This amendment makes it clear that "signing" in accordance with a rule allowing for filing and service by electronic means where authorized by an order of the Minnesota Supreme Court is treated as a signature for the purpose of Rule 11 or other provision in the rules. This amendment is intended to facilitate a pilot project on electronic filing in one or two districts, but is designed to be a model for the implementation of electronic filing and service if the pilot project is made permanent and statewide.*

#### *Advisory Committee Comment - 2012 Amendment*

*Rule 11.01 is amended to add the second paragraph. The sole purpose of the amendment is to make explicit the status of "signatures" affixed to pleadings and other documents that are electronically served. Whatever means is used to sign these documents, whether quill pen and ink, facsimile of a signature, or an indication that the document is signed (such as a "/s/ Pat Smith" notation), each will be treated the same way and deemed to be signatures for all purposes under the rule.*

### 11.02 Representations to Court

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other document, an attorney or self-represented litigant is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(a) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(b) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

## MINNESOTA COURT RULES

(c) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

(d) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief; and

(e) the pleading, motion, or other document does not include any restricted identifiers and that all restricted identifiers have been submitted in a confidential manner as required by Rule 11 of the General Rules of Practice for the District Courts. Notwithstanding Rule 11.03(a)(1) of these rules, a party shall not be required to wait 21 days before filing or presenting a motion seeking relief from the court in regard to the proper submission of documents containing restricted identifiers.

(Amended effective January 1, 1992; amended effective July 1, 2000; amended effective August 1, 2000; amended effective July 1, 2015.)

**11.03 Sanctions**

If, after notice and a reasonable opportunity to respond, the court determines that Rule 11.02 of these rules has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated Rule 11.02 or are responsible for the violation. This rule does not limit the imposition of sanctions authorized by other rules, statutes, or the inherent power of the court.

**(a) How Initiated.**

(1) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate Rule 11.02. It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged document, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(2) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate Rule 11.02 and directing an attorney, law firm, or party to show cause why it has not violated Rule 11.02 with respect thereto.

**(b) Nature of Sanction; Limitations.** A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in Rule 11.03(a)(1) and (2), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorney fees and other expenses incurred as a direct result of the violation.

(1) Monetary sanctions may not be awarded against a represented party for a violation of Rule 11.02(b).

(2) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

**(c) Order.** When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

(Amended effective January 1, 1992; amended effective July 1, 2000; amended effective August 1, 2000; amended effective July 1, 2015.)

### Advisory Committee Comments - 2015 Amendments

*The only substantive amendment to Rule 11 is found in Rule 11.02, which adds an additional certification made upon the signing of a pleading. Under this provision, signing a pleading is deemed to be a certification that the pleading does not contain any restricted identifiers in violation of Rule 11 of the General Rules of Practice. Rule 11.03 is amended in 2015 to recognize that relief is available under other rules including Gen. R. Prac. 11.04 regarding improper submission of restricted identifiers.*

*The remaining amendments to Rule 11 are not substantive in nature or intended effect. The replacement of "paper" with "document" is made through these rules, and simply advances precision in choice of language. Most documents will not be filed as "paper" documents, so paper is retired as a descriptor of them.*

*"Self-represented litigant" is used uniformly throughout the judicial branch, and is preferable to "non-represented party" and "pro se party," both to avoid a Latin phrase not used outside legal jargon and because it facilitates the drafting of clearer rules.*

### 11.04 Inapplicability to Discovery

Rules 11.01-.03 do not apply to discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37.

(Amended effective January 1, 1992; amended effective July 1, 2000; amended effective August 1, 2000.)

### Task Force Comment - 1991 Adoption

*This rule amendment is patterned after 4th Dist. R. 1.01(c) & (e).*

*The Task Force believes that the simple additional requirement for signing pleadings, widely followed in practice, should best be made part of this rule governing signing of pleadings, motions and other papers.*

### Advisory Committee Comment - 2000 Amendment

*Rule 11 is amended to conform completely to the federal rule. While Rule 11 has worked fairly well in its current form under the Supreme Court's guidance in Uselman v. Uselman, 464 N.W.2d 130 (Minn. 1990), the federal rules have been amended and create both procedural and substantive differences between state and federal court practices. Additionally, the Minnesota Legislature has created a statutory mechanism that follows the federal procedure, resulting in a confusing array of practice requirements and remedies. See Minnesota Statutes, section 549.211. On balance, the Committee believes that the amendment of the Rule to conform to its federal counterpart makes the most sense, given this Committee's long-standing preference for minimizing the differences between state and federal practice unless compelling local interests or long-entrenched reliance on the state procedure makes changing a rule inappropriate.*

*It is the intention of the Committee that the revised Rule would modify the procedure for seeking sanctions, but would not significantly change the availability of sanctions or the conduct justifying the imposition of sanctions. Courts and practitioners should be guided by the Uselman decision,*

MINNESOTA COURT RULES

*cited above, and should continue to reserve the seeking of sanctions and their imposition for substantial departures from acceptable litigation conduct.*

Published by the Revisor of Statutes under Minnesota Statutes, section 3C.08, subdivision 1.

# EXHIBIT 7

**549.211 SANCTIONS IN CIVIL ACTIONS.**

Subdivision 1. **Acknowledgment required.** The parties by their attorneys in a civil action shall attach to and make a part of the pleading, written motions, and papers served on the opposite party or parties a signed acknowledgment stating that the parties acknowledge that sanctions may be imposed under this section.

Subd. 2. **Effect of acknowledgment.** By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Subd. 3. **Sanctions may be imposed.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision 2 has been violated, the court may, subject to the conditions in this section, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision 2 or are responsible for the violation.

Subd. 4. **How initiated.** (a) A motion for sanctions under this section must be made separately from other motions or requests and describe the specific conduct alleged to violate subdivision 2. It must be served as provided under the Rules of Civil Procedure, but may not be filed with or presented to the court unless, within 21 days after service of the motion, or another period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm is jointly responsible for violations committed by its partners, associates, and employees.

(b) On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision 2 and directing an attorney, law firm, or party to show cause why it has not violated subdivision 2 with respect to that conduct.

Subd. 5. **Nature of sanction; limitations.** (a) A sanction imposed for violation of this section must be limited to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated. Subject to the limitations in paragraph (b), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorney fees and other expenses incurred as a direct result of the violation.

(b) Monetary sanctions may not be awarded against a represented party for a violation of subdivision 2, clause (2). Monetary sanctions may not be awarded on the court's initiative unless the court issues its order

Copyright © 2015 by the Revisor of Statutes, State of Minnesota. All Rights Reserved.

to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(c) When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this section and explain the basis for the sanction imposed.

Subd. 6. **Application; effect on other sanctions.** (a) This section does not apply to disclosures and discovery requests, responses, objections, and motions that are subject to discovery provisions and remedies of the Rules of Civil Procedure.

(b) An order or award of sanctions under this section is without prejudice and an alternative to sanctions that may be asserted under the Rules of Civil Procedure.

**History:** *1997 c 213 art 1 s 1*

Copyright © 2015 by the Revisor of Statutes, State of Minnesota. All Rights Reserved.

# EXHIBIT 8

# REGISTER OF ACTIONS
## CASE NO. 40-CV-16-178

| | | |
|---|---|---|
| Nevada Smith, aka Michael L. Buesgens vs Patricia A Buesgens | § § § § § § | Case Type: **Civil Other/Misc.**<br>Date Filed: **02/26/2016**<br>Location: **LeSueur**<br>Judicial Officer: **Hanson, Diane M.** |

---

### RELATED CASE INFORMATION

**Related Cases**
27-CV-15-17796 (Companion Case)
40-CV-16-437 (Companion Case)
40-CV-16-440 (Companion Case)

*COMBINED CASE*

---

### PARTY INFORMATION

| | | | Lead Attorneys |
|---|---|---|---|
| **Defendant** | **Buesgens, Patricia A**<br>RN, Fiduciary<br>Waterville, MN 56096 | | **EDWARD PETER SHEU**<br>*Retained*<br>612-339-7121(W) |
| **Plaintiff** | **Smith, Nevada**<br>Morristown, MN 55052-0294 | Male | |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 02/26/2016 | **Affidavit of Service** | Doc ID# 1 |
| 02/26/2016 | **Complaint-Civil** | Doc ID# 2 |
| 02/26/2016 | **Civil Cover Sheet** | Doc ID# 3 |
| 02/26/2016 | **Request for Admission Under Rule 36** | Doc ID# 4 |
| 02/26/2016 | **Notice of Case Filing** | Doc ID# 5 |
| 03/09/2016 | **Notice of Appearance** | Doc ID# 6 |
| 03/09/2016 | **Notice of Hearing** | Doc ID# 7 |
| 03/11/2016 | **Notice-Other** | Doc ID# 8 |
| 03/17/2016 | **Motion** | Doc ID# 9 |
| 03/18/2016 | **Memorandum** | Doc ID# 10 |
| 03/18/2016 | **Proposed Order or Document** | Doc ID# 11 |
| 03/18/2016 | **Other Document** | Doc ID# 12 |
| 03/21/2016 | **Other Document** | Doc ID# 13 |
| 03/23/2016 | **Correspondence** | Doc ID# 14 |
| 03/23/2016 | **Order to Recuse** | Doc ID# 15 (Judicial Officer: Vandelist, Mark ) |
| 03/23/2016 | **Notice of Filing of Order** | Doc ID# 16 |
| 03/24/2016 | **Other Document** | Doc ID# 17 |
| 03/28/2016 | **Notice-Other** | Doc ID# 18 |
| 03/28/2016 | **Notice-Other** | Doc ID# 19 |
| 03/28/2016 | **Affidavit of Service** | Doc ID# 20 |
| 03/29/2016 | **Notice to Remove Judicial Officer** | Doc ID# 21 (Judicial Officer: Perkins, Richard C. ) |
| 03/30/2016 | **Order Denying Motion** | Doc ID# 22 (Judicial Officer: Perkins, Richard C. ) |
| 03/30/2016 | **Notice of Filing of Order** | Doc ID# 23 |
| 03/30/2016 | **Notice of Lis Pendens** | Doc ID# 24 |
| 03/31/2016 | **Correspondence** | Doc ID# 25 (Judicial Officer: Perkins, Richard C. ) |
| 04/04/2016 | **Objection** | Doc ID# 26 |
| 04/04/2016 | **Notice to Remove Judicial Officer** | Doc ID# 27 (Judicial Officer: Perkins, Richard C. ) |
| 04/06/2016 | **Correspondence** | Doc ID# 28 |
| 04/08/2016 | **Objection** | Doc ID# 31 |
| 04/08/2016 | **Affidavit-Other** | Doc ID# 32 |
| 04/11/2016 | **Affidavit for Proceeding In Forma Pauperis** | Doc ID# 29 |
| 04/11/2016 | **Proposed Order or Document** | Doc ID# 30 |
| 04/11/2016 | **Order Denying In Forma Pauperis Petition** | Doc ID# 33 (Judicial Officer: Conkel, Terrence E. ) |
| 04/11/2016 | **Notice of Filing of Order** | Doc ID# 34 |
| 04/11/2016 | **Order to Remove** | Doc ID# 35 (Judicial Officer: Conkel, Terrence E. ) |
| 04/11/2016 | **Notice of Filing of Order** | Doc ID# 36 |
| 04/11/2016 | **Correspondence** | Doc ID# 37 |
| 04/13/2016 | **Notice to Remove Judicial Officer** | Doc ID# 39 (Judicial Officer: Perkins, Richard C. ) |
| 04/13/2016 | **Affidavit of Service** | Doc ID# 40 |
| 04/13/2016 | **Petition-Other** | Doc ID# 41 |
| 04/13/2016 | **Affidavit of Service** | Doc ID# 42 |
| 04/15/2016 | **Appellate Notice of Case Filing** | Doc ID# 38 |
| 04/18/2016 | **Other Document** | Doc ID# 43 |
| 04/18/2016 | **Affidavit of Service** | Doc ID# 44 |
| 04/18/2016 | **Notice-Other** | Doc ID# 45 |
| 04/18/2016 | **Affidavit of Service** | Doc ID# 46 |
| 04/21/2016 | **Motion Hearing** (1:30 PM) (Judicial Officer Hanson, Diane M.)<br>Result: Held | |

| 04/21/2016 | **Motion Hearing** (1:30 PM) (Judicial Officer Hanson, Diane M. ) |
| | Result: Held |
| 04/21/2016 | **Court Clerk Minutes**     Doc ID# 47 |
| 04/27/2016 | **Order Granting Motion**     Doc ID# 48 (Judicial Officer: Hanson, Diane M. ) |
| 04/27/2016 | **Notice of Filing of Order**     Doc ID# 49 |
| 04/27/2016 | **Petition-Other**     Doc ID# 50 |
| 04/29/2016 | **Request for Production of Documents**     Doc ID# 51 |
| 04/29/2016 | **Affidavit of Service**     Doc ID# 52 |
| 05/02/2016 | **Correspondence**     Doc ID# 53 |
| 05/10/2016 | **Petition-Other**     Doc ID# 54 |
| 05/16/2016 | **Correspondence**     Doc ID# 55 |
| 05/17/2016 | **Appellate Notice of Case Filing**     Doc ID# 56 |
| 05/20/2016 | **Correspondence**     Doc ID# 57 |
| 05/20/2016 | **Appellate Court Order**     Doc ID# 58 |
| 05/20/2016 | **Other Document**     Doc ID# 59 |
| 05/20/2016 | **Correspondence for Judicial Approval**     Doc ID# 60 |
| 05/20/2016 | **Notice to Remove Judicial Officer**     Doc ID# 63 (Judicial Officer: Hanson, Diane M. ) |
| 05/24/2016 | **Order-Other**     Doc ID# 61 (Judicial Officer: Hanson, Diane M. ) |
| 05/25/2016 | **Notice of Filing of Order**     Doc ID# 62 |
| 05/25/2016 | **Motion Hearing** (9:00 AM) (Judicial Officer Hanson, Diane M.) |
| 05/25/2016 | **Correspondence**     Doc ID# 64 |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Buesgens, Patricia A | | | |
| | Total Financial Assessment | | | 424.00 |
| | Total Payments and Credits | | | 424.00 |
| | **Balance Due as of 05/26/2016** | | | **0.00** |
| 03/09/2016 | Transaction Assessment | | | 322.00 |
| 03/09/2016 | E-File Electronic Payment | Receipt # EF40-2016-00089 | Buesgens, Patricia A | (322.00) |
| 03/09/2016 | Transaction Assessment | | | 102.00 |
| 03/09/2016 | E-File Electronic Payment | Receipt # EF40-2016-00092 | Buesgens, Patricia A | (102.00) |
| | | | | |
| | **Plaintiff** Smith, Nevada | | | |
| | Total Financial Assessment | | | 628.00 |
| | Total Payments and Credits | | | 628.00 |
| | **Balance Due as of 05/26/2016** | | | **0.00** |
| 02/26/2016 | Transaction Assessment | | | 322.00 |
| 02/26/2016 | Counter Payment | Receipt # 0040-2016-00304 | Nevada Smith | (322.00) |
| 03/18/2016 | Transaction Assessment | | | 102.00 |
| 03/18/2016 | Counter Payment | Receipt # 0040-2016-00444 | Buesgens, Michael Leif | (102.00) |
| 03/30/2016 | Transaction Assessment | | | 102.00 |
| 03/30/2016 | Counter Payment | Receipt # 0040-2016-00503 | Buesgens, Michael Leif | (102.00) |
| 04/04/2016 | Transaction Assessment | | | 102.00 |
| 04/04/2016 | Mail Payment | Receipt # 0040-2016-00539 | Buesgens, Michael Leif | (102.00) |