# EXHIBIT 9

# REGISTER OF ACTIONS

## CASE NO. 40-CV-16-437

| | | |
|---|---|---|
| Nevada Smith vs Jay M Schneider, Manager, Waterville Lake Region Life Newspaper, E Charles Wann, CEO, Owner, Waterville Lake Region Life Newspaper, Suel Printing Company, Best & Flanagan, LLP, Edward P Sheu | § § § § § § | Case Type: Civil Other/Misc. Date Filed: 05/06/2016 Location: LeSueur Judicial Officer: Hanson, Diane M. |

---

### RELATED CASE INFORMATION

**Related Cases**
40-CV-16-178 (Companion Case)
40-CV-16-440 (Administrative)

*DEFENDANTS BEST & FLANAGAN, LLP*

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **Best & Flanagan, LLP** Minneapolis, MN 55402 | **TIMOTHY A SULLIVAN** *Retained* 612-341-9725(W) |
| **Defendant** | **Schneider, Jay M** Manager, Waterville Lake Region Life Newspaper Waterville, MN 56096 | |
| **Defendant** | **Sheu, Edward P** Minneapolis, MN 55402 | **TIMOTHY A SULLIVAN** *Retained* 612-341-9725(W) |
| **Defendant** | **Suel Printing Company** New Prague, MN 56071 | |
| **Defendant** | **Wann, E Charles** CEO, Owner, Waterville Lake Region Life Newspaper New Prague, MN 56071 | |
| **Plaintiff** | **Smith, Nevada** Morristown, MN 55052-0294 | Male |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 05/06/2016 | Complaint-Civil    Doc ID# 1 |
| 05/06/2016 | Civil Cover Sheet    Doc ID# 2 |
| 05/06/2016 | Affidavit of Service    Doc ID# 3 |
| 05/10/2016 | Notice of Case Filing    Doc ID# 4 |
| 05/13/2016 | Complaint-Civil    Doc ID# 6 |
| 05/13/2016 | Affidavit of Service    Doc ID# 7 |
| 05/16/2016 | Correspondence    Doc ID# 5 |
| 05/16/2016 | Affidavit of Service    Doc ID# 8 |
| 05/20/2016 | Correspondence    Doc ID# 9 |
| 05/20/2016 | Notice to Remove Judicial Officer    Doc ID# 12 (Judicial Officer: Hanson, Diane M. ) |
| 05/24/2016 | Order-Other    Doc ID# 10 (Judicial Officer: Hanson, Diane M. ) |
| 05/25/2016 | Notice of Filing of Order    Doc ID# 11 |
| 05/25/2016 | Correspondence    Doc ID# 13 |
| 05/27/2016 | Affidavit of Service    Doc ID# 14 |
| 06/02/2016 | Objection    Doc ID# 15 |
| 06/03/2016 | Affidavit of Service    Doc ID# 16 |
| 06/03/2016 | Other Document    Doc ID# 17 |
| 06/06/2016 | Other Document    Doc ID# 18 |
| 06/08/2016 | Demand for Jury Trial    Doc ID# 19 |
| 06/10/2016 | Affidavit-Other    Doc ID# 26 |
| 06/13/2016 | Order-Other    Doc ID# 20 (Judicial Officer: Hanson, Diane M. ) |
| 06/14/2016 | Notice of Filing of Order    Doc ID# 21 |
| 06/14/2016 | Motion to Dismiss    Doc ID# 22 |
| 06/14/2016 | Proposed Order or Document    Doc ID# 23 |
| 06/14/2016 | Affidavit of Mailing    Doc ID# 24 |
| 06/14/2016 | Memorandum    Doc ID# 25 |
| 07/06/2016 | Notice of Deficiency    Doc ID# 27 |
| 07/19/2016 | Motion Hearing  (9:00 AM) (Judicial Officer Hanson, Diane M.) |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant Best & Flanagan, LLP** | | | |
| | Total Financial Assessment | | | 102.00 |
| | Total Payments and Credits | | | 102.00 |
| | **Balance Due as of 07/15/2016** | | | **0.00** |
| 06/14/2016 | Transaction Assessment | | | 102.00 |
| 06/14/2016 | E-File Electronic Payment | Receipt # EF40-2016-00279 | Best & Flanagan, LLP | (102.00) |
| | | | | |
| | **Plaintiff Smith, Nevada** | | | |
| | Total Financial Assessment | | | 424.00 |
| | Total Payments and Credits | | | 424.00 |
| | **Balance Due as of 07/15/2016** | | | **0.00** |
| 05/10/2016 | Transaction Assessment | | | 322.00 |
| 05/10/2016 | Counter Payment | Receipt # 0040-2016-00752 | Buesgens, Michael Leif | (322.00) |
| 06/08/2016 | Transaction Assessment | | | 102.00 |
| 06/08/2016 | Mail Payment | Receipt # 0040-2016-00902 | Buesgens, Michael Leif | (102.00) |

# EXHIBIT 10

MINNESOTA COURT RULES

## Rule 63. Disability or Disqualification of Judge; Notice to Remove; Assignment of a Judge

### 63.01 Disability of Judge

If by reason of death, sickness, or other disability a judge before whom an action has been tried is unable to perform judicial duties after a verdict is returned or findings of fact and conclusions of law are filed, any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that the duties cannot be performed because that judge did not preside at the trial or for any other reason, that judge may exercise discretion to grant a new trial.

### 63.02 Interest or Bias

No judge shall sit in any case if that judge is interested in its determination or if that judge might be excluded for bias from acting therein as a juror. If there is no other judge of the district who is qualified, or if there is only one judge of the district, such judge shall forthwith notify the Chief Justice of the Minnesota Supreme Court of that judge's disqualification.

### 63.03 Notice to Remove

Any party or attorney may make and serve on the opposing party and file with the administrator a notice to remove. The notice shall be served and filed within ten days after the party receives notice of which judge or judicial officer is to preside at the trial or hearing, but not later than the commencement of the trial or hearing.

No such notice may be filed by a party or party's attorney against a judge or judicial officer who has presided at a motion or any other proceeding of which the party had notice, or who is assigned by the Chief Justice of the Minnesota Supreme Court. A judge or judicial officer who has presided at a motion or other proceeding or who is assigned by the Chief Justice of the Minnesota Supreme Court may not be removed except upon an affirmative showing of prejudice on the part of the judge or judicial officer.

After a party has once disqualified a presiding judge or judicial officer as a matter of right, that party may disqualify the substitute judge or judicial officer, but only by making an affirmative showing of prejudice. A showing that the judge or judicial officer might be excluded for bias from acting as a juror in the matter constitutes an affirmative showing of prejudice.

Upon the filing of a notice to remove or if a litigant makes an affirmative showing of prejudice against a substitute judge or judicial officer, the chief judge of the judicial district shall assign any other judge of any court within the district, or a judicial officer in the case of a substitute judicial officer, to hear the cause.

(Amended effective January 1, 1992; amended effective March 1, 2001.)

### Task Force Comment - 1991 Adoption

*This amendment to Minn. R. Civ. P. 63.03 is intended to provide a uniform mechanism for removing any judicial officer, whether a judge or referee. This rule would replace various inconsistent provisions of the existing rules. 4th Dist. R. 16.01 requires objections to any referee to be filed one court day before the hearing. 2d Dist. R. 23 requires objection within 10 days after notice of assignment and not later than commencement, consistent with the statute and rule governing judges.*

STATE OF MINNESOTA

COUNTY OF LE SUEUR

DISTRICT COURT

FIRST JUDICIAL DISTRICT

Case Type: Civil, Other

Court File No. 40-CV-16-440
Transfer Case Civil File No. 27-CV-15-17796

Companion Case Court File No. 40-CV-16-178
Companion Case Court File No. 40-CV-16-437

The Honorable Diane M. Hanson
The Honorable Chief Judge Terrence E. Conkel

Nevada Smith
(aka) Michael L. Buesgens

      Plaintiff,

vs.

**PLAINTIFF NOTICE TO REMOVE
HONORABLE DIANE M. HANSON**

Patricia A. Buesgens, Lisa Kaye Buesgens, Jill Buesgens Schlueter, Lee Buesgens McCaig, Gary L. Voegele, JD, George Michael Wagner, MD, Jay Schneider

      Defendants,

## I. INTRODUCTION
## COURT FILE NO.: 40-CV-16-440

The other defendants in these civil actions are Best & Flanagan, LLP, Edward P Sheu,

Attorney, and the Suel Printing Company.

1

Best & Flanagan, LLP, and Attorney Edward P. Sheu did represent the defendants Patricia A. Buesgens, Lisa Kaye Buesgens, Jill Buesgens Schlueter, and Lee Buesgens McCaig, in Civil File No. 27-CV-15-17796 and Court File No.: 40-CV-16-178.

It is unknown to plaintiff the status of these defendants representation now, and it could still be Best & Flanagan, LLP.

Best & Flanagan, LLP have also provided litigation support for other defendants in this complex litigation: Jay M. Schneider, E. Charles Wann, Gary L. Voegele, and George Michael Wagner, MD.

Best and Flanagan, LLP, and Attorney Edward P. Sheu polluted the well at Hennepin County District Court and Le Sueur County District Court, by filing plaintiffs' previous litigation in Federal District Courts outside the Eighth Circuit into the following Minnesota State Court litigation:

1. Civil File No. 27-CV-15-17796-Hennepin County District Court
2. Court File No. 40-CV-16-440-Judge Diane M. Hanson presiding
3. Court File No. 40-CV-16-178-Judge Diane M. Hanson presiding

Attorney Edward P. Sheu and best & Flanagan, LLP used plaintiff previous litigation to support their claim that plaintiff is a liar and a frivolous litigant who must withdraw his Minnesota State Court filings and receive sanctions by this Court.

Because of Best & Flanagan, LLP and Attorney Edward P. Sheu ulterior motives, which supported their own agenda of beating down pro se litigant Nevada Smith and winning these civil actions based on their evidence that plaintiff is a liar and a frivolous litigant in the State of Minnesota.

Attorney Edward P. Sheu and Respondeat Superior Best & Flanagan, LLP were acting outside the scope of representing their defendants by bringing a virulent disease into these civil actions, which has infected everyone in these cases including the Judge, with the thought that plaintiff is a liar and a frivolous litigant.

This caused plaintiff to file a Motion requesting that the Honorable Susan N. Burke Recuse herself.

Judge Burke is a former Assistant U.S. Attorney.

**Exhibit 1** - Judge Susan N. Burke Order entered May 10, 2016, Doc ID# 110
                Civil File No. 27-CV-15-17796

Plaintiff had previous litigation in the following; U.S. District Court, U.S. Bankruptcy Court, U.S. Court of Appeals, and the Panel on Multidistrict Litigation.

The U.S. Attorney's Office had a significant interest, in plaintiff Nevada Smith litigation.

The evidence that supports plaintiff claims of the foregoing is contained in Best & Flanagan, LLP, Hennepin County District Court filings, in Civil File No. 27-CV-15-17796 and Le Sueur County District Court File No. 40-CV-16-178.

Civil File No. 27-CV-15-17796 is now Court File No. 40-16-CV-440.

Newspaper Defendants Jay M. Schneider, E. Charles Wann, and Suel Printing Company do not want to answer plaintiff complaint or pay court filing fees.

No Judge is assigned to the case, which plaintiff had to file especially for the self-proclaimed separate defendants Schneider and Wann, which now includes the defendants Best & Flanagan, LLP, and Attorney Edward P. Sheu

Le Sueur County District Court File No. 40-CV-16-437

3

Plaintiff Nevada Smith has implicated Joanne M. Kopet, the Le Sueur County Court Administrator, as an accomplice in the wrongdoing, by defendant Jay M. Schneider, in Court File No. 40-CV-16-437.

Plaintiff claims that Joanne M. Kopet provided legal advice by telephone to defendant Jay M. Schneider on August 3, 2015, at a time after 1:30 pm and before 5:00 pm.

That Joanne M. Kopet told defendant Jay M. Schneider not to publish plaintiff Nevada Smith legal notice and public notice of litigation in their Newspaper located in Waterville, Minnesota.

The Legal Newspaper Waterville Lake Region Life

## II. BACKGROUND
## COURT FILE NO.: 40-CV-16-178

1. Plaintiff filed civil action against defendant Patricia A. Buesgens at Le Sueur County District Court on February 26, 2016.

2. Best & Flanagan, LLP and Attorney Edward P. Sheu appeared with Notice of Hearing and Motion to Dismiss, Transfer or Stay this civil action.

3. Plaintiff filed Notice to Remove the Honorable Richard C. Perkins under Minn. R. Civ. P. 63.03, followed by with Rule 63.02, on March 29, 2016. Doc ID# 21

4. Judge Richard C. Perkins denied plaintiff notice to remove on March 30, 2016. Doc ID# 22

5. Plaintiff filed Notice of Lis Pendens on March 30, 2016. Doc ID# 24 Real Property 23.48 Acres of Ralph Buesgens farmland in Waterville, Minnesota

6. Plaintiff filed Notice to Remove the Honorable Richard C. Perkins, again on April 4, 2016. Doc ID# 27

7. April 11, 2016 the Honorable Terrence E. Conkel entered order to remove the Honorable Richard C. Perkins. Doc ID# 35

8. The Honorable Diane M. Hanson, Scott County Court Judge was assigned Court File No. 40-CV-16-178, by Chief Judge Terrence E. Conkel.

9. Best & Flanagan, LLP and Attorney Edward P. Sheu had their hearing to dismiss, transfer, or stay on April 21, 2016.

10. The Honorable Diane M. Hanson decided that plaintiff civil action was a duplicate probate case and stayed the case pending the Honorable Susan N. Burke Order at the Hennepin County District Court, in Civil File No. 27-CV-15-17796.

11. Judge Diane M. Hanson order entered April 27, 2016. Doc ID# 48,Judge Hanson Order states that she is in charge of all civil actions brought by plaintiff Nevada Smith at the Le Sueur County District Court, LeCenter, Minnesota.

### III. PLAINTIFF NEVADA SMITH
### NOTICE TO REMOVE SUBSTITUTE JUDGE
### THE HONORABLE DIANE M. HANSON

1. Plaintiff notice to remove Judge Diane M. Hanson made under Minn. R. Civ. P. 63.02 Interest or Bias

"No judge shall sit in any case if that judge might be excluded for bias from acting therein as a juror."

2. Minn. Stat. Section 542.16, Notice to Remove, Subd. 2. Subsequent Disqualifications

"A litigant may disqualify the substitute judge, but only by making an affirmative showing of prejudice

"A showing that the judge might be excluded for bias from acting as a juror in the matter constitutes an affirmative showing of prejudice."

"If a litigant makes an affirmative showing of prejudice against a substitute judge, the chief judge of the judicial district shall assign any other judge of any court within the district to hear the issue."

3. Judge Diane M. Hanson has a bias from acting as a juror because of the Best & Flanagan, LLP and Attorney Edward P. Sheu declaration filings that plaintiff is a liar and a frivolous litigant in the foregoing civil actions, now at the Le Sueur County District Court, in LeCenter, Minnesota.

4. All plaintiff civil actions at the Le Sueur County District Court are prejudiced and tainted by court filings declaring that plaintiff is a liar and frivolous litigant.

5. Plaintiff right to a fair and impartial hearing and trial is being denied by Judge Diane M. Hanson.

6. Attorney Edward P. Sheu and Best & Flanagan, LLP submission of court filings is being used by Judge Diane M. Hanson as evidence that plaintiff is a liar and a frivolous litigant.

7. No judge would allow a juror to see these court filings submitted by Best & Flanagan, LLP and Attorney Edward P. Sheu, and yet Judge Diane M. Hanson has to see plaintiff as a liar and a frivolous litigant every time she looks at these civil actions.

8. Minn. R. Civ. P. 63.02

"No judge shall sit in any case if that judge is interested in its Determination."

9. Judge Diane M. Hanson is interested in the determination of plaintiff civil actions, because plaintiff has implicated Joanne Kopet, Court Administrator in wrongdoing.

See Court File No. 40-CV-16-437

10. Plaintiff alleges that Kopet provided legal advice by telephone to defendant Jay M. Schneider on August 3, 2015, by telling him not to publish plaintiff Legal Notice of litigation.

11. Attorney Edward P. Sheu calls plaintiff legal notice of litigation a letter. Attorney Sheu has supported or defended every defendant in these civil actions.

12. The evidence, which support plaintiff claim against Attorney Edward P. Sheu is in Best & Flanagan, LLP court filings, now at the Le Sueur County District Court

13. Plaintiff Nevada Smith has accused Joanne M. Kopet of being a Co-Conspirator with defendant Jay M. Schneider, Manager of the Waterville Lake Region Life Newspaper.

14. Joanne M. Kopet is the Court Administrator at the Le Sueur County District Court.

15. Judge Diane M. Hanson has a stake in making sure the Le Sueur CountyDistrict Court does not sink out of site.

Respectfully Submitted,

Nevada Smith, Plaintiff, Pro Se
May 20, 2016

      Pursuant to Minn. Stat. Section 358.116, I declare under penalty of perjury that everything I have stated in this document is true and correct.

Nevada Smith

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served one true copy of this notice to remove and exhibits by first class mail on this 20th day of May 2016 on the following:

1. Edward P. Sheu, Attorney and Best & Flanagan, LLP
2. Mark R. Anfinson, Attorney
   60 South 6th Street, Suite 2700
   Minneapolis, MN 55402

   See Edward P. Sheu Email agreement with Attorney Mark R. Anfinson
   **Exhibit 2** – Who is Attorney Mark R. Anfinson? Nobody Knows

2. Gary L. Voegele, Attorney, Notary, Defendant
3. Paul C. Peterson, Attorney
   102-4th Street, NW
   Faribault, MN 55021

4. Jay M. Schneider, Pro Se, Defendant-Served Three Times
   Waterville Lake Region Life Newspaper
   115 South Third Street
   Waterville, MN 56096

5. Chief Judge Terrence C. Conkel
   First Judicial District
   McLeod County Courthouse
   830 11th Street East
   Glencoe, MN 55336

6. Sarah E. Bushnell, Shareholder
7. George Michael Wagner, MD, Defendant
   Allina Health
   Arthur, Chapman, Kettering, Smetak, & Pikala
   500 Young Quinlan Building
   81 South Ninth Street
   Minneapolis, MN 55402

8. E. Charles Wann, Pro Se, Defendant, CEO, Registered Agent
9. Suel Printing Company, Pro Se, Defendant-Served Three Times
   200 East Main Street
   New Prague, MN 56057

Nevada Smith
PO Box 294
Morristown, MN 55052
Phone: 802-552-7975
Email: nevadasmith@subliminalqt.com
May 20, 2016

8

# EXHIBITS

1. The Honorable Susan N. Burke Order, Doc ID# 110, Civil File No. 27-CV-15-17796-Hennepin County District Court

2. Edward P. Sheu Email agreement with **Attorney Mark R. Anfinson** on Page 3.

Attorney Sheu wants plaintiff to pay all costs under Minn. Stat. Section 549.211 in Opposition to Appoint Master and Joinder, dated February 3, 2016 on Page 1

Civil File No. 27-CV-15-17796
**Now Called**
Court File No. 40-CV-16-440 - Le Sueur County District Court

A continual theme in Attorney Edward P. Sheu Court filings is that plaintiff Nevada Smith must pay and keep on paying and must have sanctions applied for being a liar and a frivolous litigant.

9

# EXHIBIT 1

# EXHIBIT 2

# EXHIBIT 11

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF LE SUEUR                          FIRST JUDICIAL DISTRICT

Nevada Smith,                              Court File Nos. 40-CV-16-178;
a/k/a Michael L. Buesgens,                               40-CV-16-440;
        Plaintiff,                      40-CV-16-437.

v.                                         **ORDER FOR CONSOLIDATION &**
                                           **DENYING REQUEST FOR RECUSAL**
Patricia A. Buesgens, et al,               *JUNE 13, 2016*
        Defendants.

      On May 20, 2016, the Court issued an order in the above-referenced cases, vacating the

stay of the proceedings in Court File No. 40-CV-16-178, and scheduling all three files for

hearing before the undersigned Judge on July 19, 2010, at 9:00 a.m., at the Scott County Judicial

Center. The Court additionally reserved the right to order consolidation of Court File Nos. 40-

CV-16-440 and 40-CV-16-437 with 40-CV-16-178. On May 20, 2016, Plaintiff Nevada Smith,

a/k/a Michael L. Buesgens ("Plaintiff"), filed a notice to remove the undersigned Judge for cause

under Minn.R.Civ.P. 63.02 (interest or bias).

      Based upon the above circumstances and all of the proceedings herein, this Court makes

the following:

**ORDER**

1.    In connection with Court File No. 40-CV-16-178, the Court orders consolidation of Court

      File Nos. 40-CV-16-440 and 40-CV-16-437 with 40-CV-16-178, with future proceedings

      to be joined in and designated as Court File No. 40-CV-16-178.

2.    Plaintiff's request to remove the undersigned Judge from further proceedings in

      connection with consolidated Court File No. 40-CV-16-178 is denied.

**LeSueur Co. District Court**
**FILED**

JUN **1 3** 2016

**Court Administrator**
By:_____Deputy

3.     Consolidated Court File No. 40-CV-16-178 remains scheduled for hearing before the undersigned Judge on July 19, 2016, at 9:00 a.m., at the Scott County Judicial Center, located at 200 Fourth Avenue West, Shakopee, Minnesota, 55379.

4.     The parties are reminded that all parties must comply with the Minnesota Rules of Civil Procedure and are bound by the Minnesota Rules of Professional Conduct that apply to these proceedings. All submissions must comport with the applicable rules and be accompanied by the payment of appropriate filing fees. Failure by any party to comply with the applicable rules and the Court's Orders may result in sanctions.

5.     The attached memorandum is incorporated herein in support of this decision.

DATED:   6/13/2016        BY THE COURT:

Diane M. Hanson
Judge of District Court

## MEMORANDUM

### Facts and Procedural History

On December 21, 2015, Plaintiff Nevada Smith, a/k/a Michael L. Buesgens ("Plaintiff")

commenced a lawsuit in Hennepin County against Defendant Patricia A. Buesgens

("Defendant"), his sister, by personally serving her with a complaint alleging her tortious

interference with his inheritance following their father's death, and her fraudulent concealment

and conveyance of their father's assets.  The lawsuit names multiple other defendants, alleging

related misconduct in connection with Plaintiff's allegation that he was disinherited.  Plaintiff

initially filed his lawsuit in Hennepin County on October 9, 2015; he filed an amended complaint

on November 6, 2015, adding additional defendants.  Plaintiff's requested relief includes the

voiding of his father's most recent will, the reinstatement of an earlier will, and the voiding of a

number of deeds.

According to Plaintiff's Hennepin County pleadings, Plaintiff's father, identified as

Ralph H. Buesgens, died testate on January 11, 2011, survived by his five children, including

Plaintiff, his only son.  Ralph Buesgens executed a first will on or about April 3, 1990, and then

a second will on or about October 26, 2000.  Plaintiff alleges that Defendant exerted undue

influence on Ralph Buesgens, who Plaintiff believes lacked testamentary capacity, causing him

to execute the second will and to transfer the bulk of his assets (primarily real property) to

Defendant and other family members, effectively disinheriting Plaintiff.  Plaintiff contends that

Defendant and others willfully intended to destroy his right to inheritance.  Defendant cites

repeatedly to Article 3 of Minnesota's Uniform Probate Code (Probate of Wills and

Administration; Minn.Stat. § 524.3) in support of his claims.

After filing the above-referenced lawsuit in Hennepin County, Plaintiff filed multiple motions, including motions to compel discovery (December 9, 2015; December 30, 2015); a motion requesting the taking of judicial notice of adjudicative facts (December 30, 2015); a motion for the appointment of a special master (January 4, 2016); a motion for the appointment of counsel (January 19, 2016); a motion for a change of venue (January 20, 2016); a motion for an *in camera* review of various documents (January 22, 2016); and a motion to remove the Hennepin County Judge assigned to the case (February 17, 2016). In Plaintiff's motion for a change of venue, Plaintiff requested that his lawsuit be transferred to Le Sueur County for further proceedings.

Defendant filed a motion to stay discovery (January 7, 2016), and a motion to dismiss the complaint for failing to state claims on which relief may be granted (January 19, 2016). In Defendant's motion to dismiss, Defendant raised issues concerning the basis and specificity of Plaintiff's claims, and the applicable statutes of limitations. Other named defendants filed similar motions.

The parties' respective motions were scheduled for hearing in Hennepin County District Court on February 17, 2016. The parties apparently appeared and argued the motions. Following the hearing, the Court took the motions under advisement.

On February 25, 2016, Plaintiff commenced a related lawsuit in Le Sueur County in Court File No. 40-CV-16-178 by personally serving Defendant with a complaint, alleging claims against Defendant that are essentially identical to the claims alleged in his Hennepin County lawsuit. The relief requested is identical, as well: the voiding of his father's most recent will, the reinstatement of the earlier will, and the voiding of a number of deeds.

the media that suggest pre-judgment of the issue(s).  *See* <u>Ensco Int'l, Inc. v. Blegen,</u> 410 N.w.2d

11 (Minn.App.1987); <u>Roatch v. Puera,</u> 534 N.w.2d 560 (Minn.App.1995).

      Here, the undersigned Judge, chambered in Scott County in the First Judicial District, has

no familiarity with any of the parties or any of the attorneys providing representation; no

personal knowledge of the disputed facts; no interest, pecuniary or otherwise, in the outcome of

the case(s); and no bias or prejudice with respect to any of the parties.  Plaintiff alleges that the

undersigned Judge is biased by virtue of the fact that the Court is in a position to review

submissions by other parties that contain allegations against Plaintiff that may be prejudicial.

However, this situation, by itself, does not create bias or prejudice.  In fact, the Court's role in

resolving disputes requires the Court to carefully review conflicting allegations and evidence in

order to ensure fairness and justice for all parties.  In doing so, the Court is bound by its

obligation to perform its duties fairly and impartially, and to make its decisions based upon the

evidence and the law.

      Plaintiff further alleges that the undersigned Judge has an interest in the outcome of the

litigation in that Plaintiff has made certain disparaging comments in his submissions about the Le

Sueur County Court Administrator.  However, the Le Sueur County Court Administrator is not a

party to the litigation.  Additionally, the undersigned Judge is not chambered in Le Sueur County

and does not interact on a regular basis with Le Sueur County Court Administration.

      Plaintiff has failed to allege any circumstances that support his allegations that the

undersigned Judge is biased, prejudiced, or has an inappropriate interest in the outcome of the

litigation.  Accordingly, his request for removal based upon bias or prejudice must be denied.

      The Court notes that any request for removal as of right, under Minn.R.Civ.P. 63.03,

must also be denied as untimely, as any notice was filed more than ten days after Plaintiff was

On May 10, 2016, the Honorable Susan N. Burke issued an order in the Hennepin County case, ordering a transfer of venue of the case to Le Sueur County. The file was subsequently renumbered as Court File No. 40-CV-16-440. Following the issuance of said order, the undersigned Judge issued its Order of May 20, 2016, vacating the stay of the proceedings in Court File No. 40-CV-16-178 and scheduling all of the pending files (including 40-CV-16-178, 40-CV-16-440, and 40-CV-16-437) for hearing on July 19, 2016. The Court specifically reserved the right to consolidate Court File Nos. 40-CV-16-440 and 40-CV-16-437 with 40-CV-16-178.

On May 20, 2016, Plaintiff filed his current "Notice to Remove," seeking removal of the undersigned Judge for cause pursuant to Minn.R.Civ.P. 63.02, alleging that the undersigned Judge is biased "because of the Best & Flanagan, LLP and Attorney Edward P. Sheu declaration filings that [Plaintiff] is a liar and a frivolous litigant in the foregoing civil actions, now at the Le Sueur County District Court, in LeCenter, Minnesota."

**Consolidation**

A district court may consolidate multiple civil actions if they have a common question of law or fact. Minn.R.Civ.P. 42.01. "The trial court may order consolidation upon motion of any party, and it also has the power to order consolidation on its own motion." Simchuck and Fullerton, 216 N.W.2d 683, 687 (Minn.1974).

Here, Plaintiff's three actions all arise out of the same fact situation and his primary allegation that multiple parties engaged in an ongoing and inter-related pattern of fraud and other misconduct that caused his disinheritance following his father's death. They involve a single central issue and common questions of fact, along with the presentation of significant identical evidence, as identified in Plaintiff's pleadings. Accordingly, consolidation of the three actions is

appropriate and will promote the efficient administration of justice and avoid unnecessary costs and delay. Notably, Plaintiff himself has previously requested consolidation of his related files. Specifically, Court File Nos. 40-16-440 and 40-CV-16-437 are consolidated into Court File No. 40-CV-16-178 for the purposes of all further proceedings, including a trial.

## Plaintiff's Notice to Remove

"No judge shall sit in any case if that judge is interested in its determination or if that judge might be excluded for bias from acting therein as a juror." Minn.R.Civ.P. 63.02. Essential to our judicial system is the absence of the appearance of improprieties that might cause the litigants or public to suspect a lack of fairness or integrity on the part of a judge. Wiedemann v. Wiedemann, 36 N.w.2d 810 (Minn.1949). There are certain circumstances in which a judge must disqualify him or herself from presiding over proceedings where impartiality might reasonably be questioned, including the following:

1. Personal bias or prejudice concerning a party;
2. Personal knowledge of disputed evidentiary facts;
3. Service by the judge as a lawyer in the matter or in previous association with a lawyer concerning the matter;
4. The judge being a material witness concerning the facts;
5. The judge individually, or as a fiduciary of a spouse, significant other or minor child, having a financial interest or other interest that could be substantially affected in the case; or
6. The judge, a spouse, a significant other, or a person within the third degree of relationship to either of them, or the spouse of such a person being a party, lawyer, or witness in the proceeding.

Canon 3D(1), Minn. Code of Judicial Conduct.

Additionally, a judge may not sit on a case if the judge has engaged in certain types of conduct that indicate or suggest bias and/or impartiality, including the making of disparaging or threatening statements to a litigant, and the making of inappropriate statements about a case to

On March 9, 2016, Defendant filed a motion to dismiss the complaint in the Le Sueur County lawsuit (as duplicative), to stay the proceedings, and/or to change venue of the action to Hennepin County.  On March 17, 2016, Plaintiff filed motions in the Le Sueur County lawsuit, including a motion for a more definite statement (regarding Defendant's motion), a motion to strike (regarding statements in Defendant's motion and related submissions), a motion to consolidate (with respect to his Hennepin County lawsuit), and a motion for a discovery conference.

The parties' respective motions in the Le Sueur County case were scheduled for hearing before the undersigned Judge on April 21, 2016.  At the outset of the hearing, the Court advised the parties of its review of Minn.Stat. § 524.1-303(b), and its applicability to the present case and related Court File No. 27-CV-15-17796 (the Hennepin County case).  The Court then heard arguments by the parties regarding their respective motions and took the matter briefly under advisement.  The Court issued an order on April 27, 2016, staying the proceedings in Court File No. 40-CV-16-178 pending the issuance of an order in the Hennepin County file.  In its order, the Court specifically advised the parties that, in the event that the Hennepin County file was transferred to Le Sueur County, the undersigned Judge would hear all of the matters.

Then, on May 6, 2016, Plaintiff commenced a third lawsuit in Le Sueur County (Court File No. 40-CV-16-437) against Defendants Jay Schneider, the manager of the Waterville Lake Region Life Newspaper; E. Charles Wann, the owner of the newspaper; and Suel Printing Company, the publisher of the newspaper; alleging that the defendants engaged in misconduct by refusing to publish certain legal notices for Plaintiff in connection with this litigation.  According to Plaintiff's complaint, the misconduct was a contributing cause of Plaintiff's disinheritance.

advised that the undersigned Judge would be handling the litigation and after the undersigned

Judge had already presided at a motion hearing and issued a substantive ruling.

DMH

# EXHIBIT 12

Edward P. Sheu
Attorney  DIRECT 612.349.5656
esheu@bestlaw.com

BEST & FLANAGAN LLP
60 South Sixth Street, Suite 2700  Minneapolis, Minnesota 55402
TEL 612.339.7121  FAX 612.339.5897  BESTLAW.COM

# BEST & FLANAGAN

June 14, 2016


Mr. Michael L. Buesgens
a/k/a Nevada Smith
P.O. Box 294
Morristown, MN  55052

**Re:    Nevada Smith, a/k/a Michael L. Buesgens v. Patricia A. Buesgens, et al.
Court File Nos. 40-CV-16-178, 40-CV-16-440, and 40-CV-16-437**


Dear Mr. Smith:

Enclosed herewith and served upon you by U.S. Mail, please find the following documents which were e-filed with the courts:

1.  Best & Flanagan LLP's, Edward Sheu's, and the Buesgens Sisters' Notice of Hearing and Motion to Dismiss and for Other Relief;

2.  Memorandum in Support of Best & Flanagan LLP's, Edward Sheu's and the Buesgens Sisters' Motion;

3.  (Proposed) Order;

4.  Certificate of Service.

Very truly yours,

*/s/ Edward P. Sheu*

Edward P. Sheu

EPS/cas
Enclosures


2409009

Respectfully submitted,

**BEST & FLANAGAN LLP**

Dated: June 14, 2016

/s/ Timothy A. Sullivan
Timothy A. Sullivan (#107165)
60 South Sixth Street, Suite 2700
Minneapolis, MN 55402
(612) 339-7121
tsullivan@bestlaw.com

*Attorneys for Best & Flanagan LLP*

STATE OF MINNESOTA

COUNTY OF LE SUEUR

DISTRICT COURT

FIRST JUDICIAL DISTRICT

---

Nevada Smith, a/k/a Michael L. Buesgens,

Plaintiff,

vs.

Patricia A. Buesgens, et al.,

Defendants.

Court File Nos. 40-CV-16-178
40-CV-16-437
40-CV-16-440
(27-CV-15-17796)

The Honorable Diane M. Hanson

**MEMORANDUM IN SUPPORT OF BEST & FLANAGAN LLP'S, EDWARD SHEU'S AND THE BUESGENS SISTERS' MOTION**

---

### INTRODUCTION

Michael Buesgens, a/k/a Nevada Smith, has been a frequent litigant. He has served, filed, mailed, emailed and delivered numerous documents that fail to conform to the Minnesota Rules of Civil Procedure. On almost a daily basis, he distributes pleadings and amended pleadings in various cases, involving at times the same litigants, and documents styled as "Appeals," "Abuse of Process," "Abuse," or "Overcharging." More often than not, these writings are incomprehensible and do not support legal or viable claims for relief against Best & Flanagan or any other person.

The Federal Courts have determined that Mr. Smith is a frivolous litigant. Best & Flanagan LLP, Steven Kruger, Charles Berquist, Edward Sheu, and all other Best & Flanagan lawyers and personnel (collectively, "Best & Flanagan"), have never represented Mr. Smith yet they are barraged with Mr. Smith's too frequent correspondence.

Best & Flanagan did represent Patricia Buesgens and her three sisters (Patricia Buesgens, Lisa Kaye Buesgens, Jill Buesgens Schlueter, Lee Buesgens McCaig, the "Buesgens Sisters") in litigation brought by Mr. Smith in Hennepin County. Despite having no legal claim, Mr. Smith is

1

40-CV-16-437

CASE 0:16-cv-02436-WMW-TNL   Doc. 1-2   Filed 07/18/16   Page 31 of 54   Filed in First Judicial District Court
6/14/2016 11:26:04 AM
LeSueur County, MN

haranguing his sisters and Best & Flanagan lawyers with regular screeds against them and the legal system. Some of the communications have a threatening tone. Even his name de plume, Nevada Smith, is an attempt to intimidate. Nevada Smith is film character out to violently avenge his parent's deaths.

Best & Flanagan and Mr. Sheu and have been personally served with a document labeled "Summons and Amended Complaint" in Le Sueur County District Court, File No. 40-CV-16-437. This action appears to have been originally directed toward several newspaper defendants accused by Mr. Smith of having refused to publish a notice for him.

Best & Flanagan now seeks relief from the Court dismissing the Buesgens Sisters, Best & Flanagan, and Mr. Sheu from the one action in which they were served and from the other various actions and pleadings served and filed by Mr. Smith. They all seek to be spared from Mr. Smith's ongoing harassment, seek to have the Court enjoin Mr. Smith from serving or communicating with Best & Flanagan or the Buesgens Sisters via mail, process server, email, or any other method of communication with any further letters, pleadings, documents styled as pleadings, or other documents without the specific prior written approval of a District Court Judge for the State of Minnesota.

## BACKGROUND

Best & Flanagan incorporates by reference the prior pleadings in the above referenced cases, including the Affidavit of Edward Sheu filed on June 13, 2016. As set forth therein, Plaintiff was a nuisance litigant in the Federal Courts. In a 2007 order, a Texas federal court directed that Mr. Smith be restrained from filing any pleadings in any Federal Court without prior Court approval. Other federal courts followed suit. *See, by way of example only, Buesgens v. Travis County, Texas,* Case No. A-07-CA-427-SS (W.D. Tex. June 21, 2007) ("Plaintiff is

Filed in First Judicial District Court
6/14/2016 11:26:04 AM
LeSueur County, MN

henceforth barred from filing any future actions in any federal court without first obtaining leave of this Court"); *Buesgens v. Freeland*, Civ. No. DKC-2007-2092 (D. Md. Aug. 17, 2007) ("Plaintiff is willfully abusing the court process by his repetitive and vexatious litigation. Sanctions are warranted. Consequently, the c[o]urt shall impose a pre-filing injunction on Plaintiff's filings."); *Buesgens v. Mary-Ellan Krcha*, Civ. No. 07-1585 (D.D.C. Oct. 18, 2007) ("plaintiff shall seek leave of court before refiling this or any future civil actions in a federal court"); *Buesgens v. Hart*, Case No. 09-mc-80109-WHA (N.D. Cal. June 2, 2009) (Order Denying Leave to File).

Plaintiff filed his first complaint in Hennepin County Court File No. 27-CV-15-17796 (the "Hennepin County Action"), on October 9, 2015, asserting various allegations and claims against Patricia Ann Buesgens, Gary L. Voegele, Lisa Kaye Buesgens, Jill Buesgens Schlueter, Lee Buesgens McCaig, and George Michael Wagner, M.D., Jay Schneider, Manager Waterville Lake Region Life Newspaper, E. Charles Wann, and Suel Printing Company.

Before waiting for a ruling on various pending motions, including his own motion to transfer the Hennepin County Action to LeSueur County, Plaintiff filed an action on February 26, 2016 in LeSueur County against Patricia Buesgens. Plaintiff also filed another action on May 6, 2016 in LeSueur County against Jay Schneider, Manager Waterville Lake Region Life Newspaper, E. Charles Wann, and Suel Printing Company, in which he has now filed an amended complaint that he served on or about May 26, 2016 on Best & Flanagan and one of its partners Edward Sheu. Plaintiff's claims against Best & Flanagan and Edward Sheu are apparently premised on their defense of the Buesgens Defendants.

The Buesgens Defendants renew their motion to dismiss the transferred Hennepin County Action, they move to dismiss the new Le Sueur County Action (as necessary), and Best &

Flanagan moves to dismiss the complaint against it and its partner Edward Sheu. Further, the Buesgens Sisters move the Court for an order under Rule 9 of the Minnesota Rules of General Practice, requiring Plaintiff to post a reasonable bond and obtain court permission before serving or filing any further claims, motions, or requests in any Minnesota state court. Finally, because of the harassing, threatening and burdensome nature of Mr. Smith's communications, the Best & Flanagan and Buesgens Sisters seek a Harassment Restraining Order.

## LEGAL DISCUSSION

### Dismissal

Minnesota Rule of Civil Procedure rule 8.01 requires that a pleading set forth a claim for relief containing a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief sought. Minnesota Rule of Civil Procedure rule 12.02(e) states that a Complaint may be dismissed for failure to state a claim upon which relief can be granted; *see also Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 606 (Minn. 2014); *N. States Power Co. v. Franklin*, 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963). Minn. Stat. § 544.22 requires a party bringing a legal malpractice action to provide an Affidavit of Expert Review. Minn. Stat. § 609.748, subd. 2 provides, "a person who is a victim of harassment may seek a Restraining Order from the District Court in the manner provided in this section." Subd. 1 defines harassment as including single or repeated incidents of intrusive, unwanted acts, words or gestures. Relief should be granted because Mr. Smith has violated all of the cited rules and statutes.

### No Legal Claim for Relief

First, Plaintiff's complaint against Best & Flanagan and Edward Sheu fail to articulate allegations of any legal wrongdoing as well as any causes of action. Even under the liberal pleading standards set forth in Minnesota law, Plaintiff has failed to articulate sufficient

4

allegations to place Best & Flanagan on notice of any particular causes of action to which a responsive pleading can be formulated. Plaintiff's complaint was originally a duplicate complaint against certain newspaper defendants alleged to have wrongfully refused to publish a notice for Plaintiff—which itself is a cause of action that lacks legal merit. Plaintiff's amended complaint simply cites Best & Flanagan's defense of its clients in the course of a pending lawsuit. Best & Flanagan has served as legal counsel and has simply been doing its job of defending the Buesgens Defendants by trying to have Plaintiff's claims dismissed. As such, Plaintiff's claims fail as a matter of law.

Second, generally, "an attorney acting within the scope of his employment as an attorney is immune from liability to third persons for actions arising out of that professional relationship." *McDonald v. Stewart*, 289 Minn. 35, 40, 182 N.W.2d 437, 440 (1970); *see also L & H Airco, Inc. v. Rapistan Corp.* , 446 N.W.2d 372, 379 (Minn. 1989) (attorney does not owe duty to client's adversary). Exceptions exist when the attorney acts fraudulently, maliciously, or otherwise commits an intentional tort. *Melrose Floor Co. v. Lechner*, 435 N.W.2d 90, 91 (Minn. Ct. App. 1989). Plaintiff has not articulated what fraudulent, malicious, or tortious act Best & Flanagan allegedly did that would warrant the unusual remedy of finding liability against a party's counsel. Plaintiff has not provided an affidavit of expert review, which is required by statute, to the extent Plaintiff claims malpractice, however, more importantly, Plaintiff has never been a client. As such, Plaintiff's claims fail as a matter of law.

In the interest of judicial economy, Best & Flanagan is filing harassment petitions coincident with its filing of this motion. As set forth in the June 13, 2016 Affidavit of Edward Sheu, and in the other papers to be filed in support of the motions to be heard on July 19, 2016, Best & Flanagan respectfully asks the Court to dismiss the claims against it and its attorneys, to

Filed in First Judicial District Court
6/14/2016 11:26:04 AM
LeSueur County, MN

grant an order under Rule 9 of the Minnesota Rules of General Practice prohibiting Plaintiff from

further filings absent court approval, and for a restraining order to prevent Plaintiff from further

contacting Best & Flanagan, any of its staff, or its clients, the Buesgens Sisters, and their

families.

Respectfully submitted,

BEST & FLANAGAN LLP

Dated: June 14, 2016

/s/ Timothy A. Sullivan
Timothy A. Sullivan (#107165)
60 South Sixth Street, Suite 2700
Minneapolis, MN 55402
(612) 339-7121
tsullivan@bestlaw.com

*Attorneys for Best & Flanagan LLP*

2405586

STATE OF MINNESOTA

COUNTY OF LESUEUR

DISTRICT COURT

FIRST JUDICIAL DISTRICT

Case Type:  Other Civil

---

Nevada Smith, a/k/a/ Michael Leif Buesgens,

Plaintiff,

vs.

Patricia Ann Buesgens, et al.

Defendants.

Court File Nos. 40-CV-16-178
40-CV-16-437
40-CV-16-440
(27-CV-15-17796)

The Honorable Diane M. Hanson

---

The above entitled matter came before the undersigned on July 19, 2016 based on the motion to dismiss and for other relief filed by Defendants Best & Flanagan LLP and Edward P. Sheu in Court File No. 40-CV-16-437. Appearances were noted on the record. Based on the papers submitted, arguments of counsel and the parties, and the entire court file, the Court issues the following order

## ORDER

1. Best & Flanagan LLP's and Edward P. Sheu's motion to dismiss is GRANTED.

2. Plaintiff's claims against Best & Flanagan LLP and Edward P. Sheu are hereby dismissed with prejudice.

   **IT IS SO ORDERED.**

Dated: _____, 2016

By: _____
      Hon. Diane M. Hanson

2407817

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2016, I served the foregoing documents on all counsel of record through the Court's electronic filing system, and on Plaintiff by sending a copy of the same by United States Mail, first-class, postage prepaid, to Michael Leif Buesgens, a/k/a Nevada Smith, P.O. Box 294, Morristown, Minnesota 55052. Pursuant to Minn. Stat. § 358.116, I declare under penalty of perjury that everything I have stated in this document is true and correct.

Signed and dated this 14th day of June, 2016, in Minneapolis, Hennepin County, Minnesota.

By: /s/ Timothy A. Sullivan
Timothy A. Sullivan

# EXHIBIT 13

# Select A Person

**There were 4 matching people.**

PORTER, DANA M   (pty) [debtor-in-possess]

PORTER, DANA M   (pty) [interested party]

PORTER, DANA M.   (pty) [plaintiff]

PORTER, DANA M.   (pty) [debtor-in-possess]

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/12/2016 09:46:02 | | | |
| **PACER Login:** | | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: Porter First Name: Dana |
| **Billable Pages:** | 1 | **Cost:** | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANA PORTER                                :         NO.: 07-1541
          Plaintiff                        :
     v.                                    :
DEPARTMENT OF TREASURY                     :
          Defendant                        :         CIVIL ACTION

---

## ENTRY OF APPEARANCE

TO THE CLERK:

    Kindly enter the appearance of Jeffrey P. Hoyle, Esquire as counsel for the Plaintiff in the

above-captioned matter **FILED**

MAR 2 6 2008

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

_____
JEFFREY P. HOYLE, ESQUIRE
Attorney for the Plaintiff

DATE: 3-25-08 _____

To:  Jeffrey Hoyle, Esquire

The United States Court for the Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

Attention: The Clerk's Office, Marion Scarengelli, Deputy  Clerk

**Dana Porter v. Dept of the Treasury**
**Civil Action No. 07-1541**

_____

_X_  I accept the referral of this action and will promptly
        enter my appearance for plaintiff.

____ I decline the referral of this action and am returning the file.

        If rejection is not merit-related, please state reason(s):

_____

_____

_____

_____

Notice to counsel: If you have a problem in regard to this referral, contact a Panel bar coordinator.  For
Employment Panel cases contact Lorrie McKinley, Esq. (610) 436-6060 or Karen Forman, Esq. (215)
972-7764.  Do not contact the Clerk's office.

_JEFFREY P. HOYLE_____
Print name of Panel member or law firm

Date: _3-10-08_

## United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:07-cv-04927-MAM

PORTER et al
Assigned to: HONORABLE MARY A. MCLAUGHLIN
Case in other court: USCA THIRD CIRCUIT, 07-04733
                     Bankruptcy Court ED of PA, 07-13246jkf
Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA

Date Filed: 11/21/2007
Date Terminated: 02/01/2008
Jury Demand: None
Nature of Suit: 422 Bankruptcy: Appeal (801)
Jurisdiction: Federal Question

**Appellant**
**MICHAEL L. BUESGENS**

represented by  **MICHAEL L. BUESGENS**
3112 WINDSOR ROAD
A322
AUSTIN, TX 78703
PRO SE

V.

**Debtor-in-Possess**
**DANA M PORTER**

represented by  **MICHAEL ADAM COHEN**
LAW OFFICES OF MICHAEL J. HALPRIN
1806 SOUTH BROAD STREET
PHILADELPHIA, PA 19145
215-389-6913
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MICHAEL HALPRIN**
1127 MOORE STREET
PHILADELPHIA, PA 19148
215-570-4336
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**
**SUSAN BECKER**

represented by  **SUSAN BECKER**
AUSA
615 CHESTNUT STREET
SUITE 1250
PHILADELPHIA, PA 19106
PRO SE

**Interested Party**
**U.S. ATTORNEYS OFFICE**

represented by  **U.S. ATTORNEYS OFFICE**
555 4TH STREET, N.W.
WASHINGTON, DC 00000
PRO SE

**Interested Party**
**U.S. ATTORNEYS OFFICE**

represented by  **U.S. ATTORNEYS OFFICE**
816 CONGRESS AVENUE
#1000
AUSTIN, TX 78701
PRO SE

**Interested Party**
**EEOC**

     represented by  **EEOC**
1524 S. IH - 35 SUITE 233
AUSTIN, TX 00000
PRO SE

**Interested Party**
**RANDOLPH OSHEROW**

     represented by  **RANDOLPH OSHEROW**
CHAPTER 7 TRUSTEE
342 WEST WOODLAWN
SAN ANTONIO, TX 78212
PRO SE

**Interested Party**
**BANKRUPTCY JUDGE FRANK R. MONROE**

     represented by  **FRANK R. MONROE**
903 SAN IACINIO BLVD
#322
AUSTIN, TX 78701
PRO SE

**Interested Party**
**GEORGE PRENTICE**

     represented by  **GEORGE PRENTICE**
CLERK OF COURT
903 SANIACINIO BLVD., #322
AUSTIN, TX 78701
PRO SE

**Interested Party**
**STEVE SALATA**
*CHIEF DEPUTY*

     represented by  **STEVE SALATA**
903 SAN IACINITO BLVD., #322
AUSTIN, TX 78701
PRO SE

**Interested Party**
**MARIA DOZAUER**
*CHIEF DEPUTY*

     represented by  **MARIA DOZAUER**
903 SAN IACINIO BLVD., #322
AUSTIN, TX 78701
PRO SE

**Interested Party**
**MARY CANO**

     represented by  **MARY CANO**
903 SAN IACINIO BLVD., #322
AUSTIN, TX 78701
PRO SE

**Interested Party**
**SHERRI MILLER**
*CASE MANAGER*

     represented by  **SHERRI MILLER**
903 SANIACINIO BLVD., #322
AUSTIN, TX 78701
PRO SE

**Interested Party**
**MARY CROY**
*DEPUTY MANAGER*

     represented by  **MARY CROY**
903 SAN IACINIO BLVD., #322
AUSTIN, TX 78701
PRO SE

**Interested Party**

**RONALD B. KING**   represented by **RONALD B. KING**
*CHIEF BANKRUPTCY JUDGE*   615 EAST HOUSTON STRET - ROOM 505
POST OFFICE BOX 1439
SAN ANTONIO, TX 78295-1439
PRO SE

**Interested Party**
**INTERNAL REVENUE SERVICE**   represented by **INTERNAL REVENUE SERVICE**
POST OFFICE BOX 21126
IRS BANKRUPTCY/INSOLVENCY
PRO SE

**Interested Party**
**COLLEEN M. KELLY**   represented by **COLLEEN M. KELLY**
*PRESIDENT NTEU*   1750 H STREET, NW
WASHINGTON, DC 20006
PRO SE

**Interested Party**
**BARBARA A. ATKIN**   represented by **BARBARA A. ATKIN**
*GENERAL COUNSEL NTEU.*   1750 H STREET, NW
WASHINGTON, DC 20006
PRO SE

**Interested Party**
**PETER J. MULCAHY**   represented by **PETER J. MULCAHY**
*ESQ.*   1617 JFK BLVD., #1400
PHILADELPHIA, PA 19103
PRO SE

**Interested Party**
**DANA M PORTER**   represented by **DANA M PORTER**
865 SCATTERGOOD STREET
PHILADELPHIA, PA 19124
PRO SE

**Interested Party**
**JUDGE EARL LEROY, III**   represented by **EARL LEROY, III**
U.S. DISTRICT COURT
AUSTIN, TX 00000
PRO SE

**Trustee**
**WILLIAM C. MILLER**   represented by **WILLIAM C. MILLER**
*ESQ.*   CHAPTER 13 TRUSTEE
111 SW. INDEPENDENCE MALL, SUITE 583
PHILADELPHIA, PA 19106
PRO SE

**Trustee**
**FREDERIC J. BAKER**   represented by **FREDERIC J. BAKER**
UNITED STATES TRUSTEE
601 WALNUT STREET
CURTIS CENTER, SUITE 950 WEST
PHILADELPHIA, PA 19106
PRO SE

V.

**Intervenor**

**MICHAEL L. BUESGENS**                    represented by **MICHAEL L. BUESGENS**
                                                          (See above for address)
                                                          PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 11/21/2007 | 1 | Certificate of Appeal of MICHAEL L. BUESGENS from the orders dated 11/9/07 and 11/17/07 of Bankruptcy Judge Jean K. FitzSimon. (ti, ) (Entered: 11/23/2007) |
| 11/21/2007 | 2 | Briefing Schedule 11/26/07 Entered and copies mailed. (ti, ) (Entered: 11/26/2007) |
| 12/03/2007 | 3 | ORDER THAT PRO SE APPELLANT, MICHAEL L. BUESGENS SHOULD FILE A MOTION IF HE SEEKS TO HAVE THE COURT TAKE ANY ACTION WITH RESPECT TO THIS CASE. SIGNED BY HONORABLE MARY A. MCLAUGHLIN ON 11/30/07. 12/3/07 ENTERED AND COPIES MAILED.(fdc) (Entered: 12/03/2007) |
| 12/05/2007 | 4 | MOTION FOR SUBPOENAS DUCES TECUM, CONSOLIDATION OF CIVIL ACTIONS, TO STAY THE PROCEEDINGS, AND FOR APPOINTMENT OF COUNSEL FILED BY MICHAEL L. BUESGENS.(mac, ) (Entered: 12/05/2007) |
| 12/06/2007 | 5 | Certificate of Appeal of from the order of Bankruptcy Judge JEAN FITZSIMON. (jl, ) (Entered: 12/06/2007) |
| 12/06/2007 | 6 | ORDER THAT APPELLANT'S MOTION FOR SUBPOENAS DUCES TECUM, CONSOLIDATION OF CIVIL ACTIONS, TO STAY THE PROCEEDINGS, AND FOR APPOINTMENT OF COUNSEL IS DENIED. THE COURT WILL DECIDE THIS APPEAL ON THE BASIS OF THE BANKRUPTCY COURT RECORD; ETC.. SIGNED BY HONORABLE MARY A. MCLAUGHLIN ON 12/6/07.12/6/07 ENTERED AND COPIES MAILED.(jl, ) (Entered: 12/06/2007) |
| 12/17/2007 | 7 | PRO SE MOTION FOR STAY AT BANKRUPTCY COURT, CERTIFICATE OF SERVICE filed by MICHAEL L. BUESGENS.(rf, ) (Entered: 12/17/2007) |
| 12/17/2007 | 8 | ORDER THAT THE APPELLANT'S EMERGENCY MOTION FOR A STAY AT BANKRUPTCY COURT IS DENIED. THE COURT WILL DISMISS THIS APPEAL IF THE APPELLANT DOES NOT FILE A BRIEF BY 12/21/07; ETC.. SIGNED BY HONORABLE MARY A. MCLAUGHLIN ON 12/17/07. 12/18/07 ENTERED AND COPIES MAILED, E-MAILED.(jl, ) (Entered: 12/18/2007) |
| 12/20/2007 | 9 | EMERGENCY MOTION BY MICHAEL L. BUESGENS FOR STAY AT BANKRUPTCY COURT FOR CASE NO. 07-13246JKF. (EXHIBITS IN HARD COPY).(jl, ) (Entered: 12/20/2007) |
| 12/20/2007 | 10 | NOTICE OF APPEAL by MICHAEL L. BUESGENS. Copies to Judge, Clerk USCA, Appeals Clerk. (Attachments: # 1 exhibits)(jl, ) (Entered: 12/20/2007) |
| 12/20/2007 | 11 | Clerk's Notice to USCA re 10 Notice of Appeal : (jl, ) (Entered: 12/20/2007) |
| 12/20/2007 | 12 | ORDER THAT THE APPELLANT'S EMERGENCY MOTION FOR A STAY AT BANKRUPTCY COURT IS DENIED AS MOOT; ETC.. SIGNED BY HONORABLE MARY A. MCLAUGHLIN ON 12/20/07.12 /21/07 ENTERED AND COPIES MAILED.(jl, ) (Entered: 12/21/2007) |
| 12/21/2007 | 13 | ORDER THAT THE MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF 12/6/07 IS DENIED. THE CLERK OF COURT IS DIRECTED TO SEND A CERTIFIED COPY OF THIS ORDER TO THE COURT OF APPEALS; ETC.. SIGNED BY HONORABLE MARY A. MCLAUGHLIN ON 12/21/07. 12/21/07 ENTERED AND COPIES MAILED.(jl, ) (Entered: 12/21/2007) |
| 12/21/2007 | 14 | MICHAEL L. BUESGENS MOTION TO INTERVENE AND REOPEN. (EXHIBITS IN HARD COPY)(jl, ) (Entered: 12/21/2007) |
| 12/21/2007 | 15 | NOTICE OF APPEAL by MICHAEL L. BUESGENS. Copies to Judge, Clerk USCA, Appeals Clerk. (jl, ) (Entered: 12/27/2007) |
| 12/21/2007 | 16 | Clerk's Notice to USCA re 15 Notice of Appeal : (jl, ) (Entered: 12/27/2007) |
| 01/02/2008 | 17 | ORDER THAT THIS APPEAL IS DISMISSED. THE CASE IS CLOSED; ETC.. SIGNED BY HONORABLE MARY A. MCLAUGHLIN ON 1/2/08. 1/2/08 ENTERED AND COPIES MAILED.(jl, ) |

| 09/10/2007 | 18 | ORDER THAT NON-PARTY, MICHAEL L. BUESGENS MOTION FOR SANCTIONS AND MOTION FOR CERTIFICATION ARE HEREBY DENIED. SIGNED BY JUDGE BRUCE W. KAUFFMAN ON 9/7/07.9/10/07 ENTERED AND COPIES MAILED AND E-MAILED.(le, ) (Entered: 09/10/2007) |
| 09/13/2007 | 19 | MOTION BY MICHAEL BUESGENS FOR COURTS ORDER ON THE FOLLOWING: RESPONSE TO MOTION TO INTERVENE, ETC., EXHIBITS, CERTIFICATE OF SERVICE. (Attachments) (sc, ) (Entered: 09/13/2007) |
| 09/17/2007 | 20 | ORDER THAT MICHAEL BUESGENS' MOTION FOR ORDER IS DENIED, THE CLERK OF COURT SHALL NOT DOCKET ANY FURTHER PLEADINGS OR DOCUMENTS SUBMITTED BY MR. BUESGENS RELATED TO THIS ACTION WITHOUT THE PRIOR APPROVAL OF THE COURT. SIGNED BY JUDGE BRUCE W. KAUFFMAN ON 9/14/07.9/17/07 ENTERED AND COPIES MAILED, E-MAILED.(mac, ) (Entered: 09/17/2007) |
| 09/21/2007 | 21 | NOTICE OF APPEAL as to 20 Order on Motion for Order, 15 Order on Motion to Intervene, Order on Motion for Joinder, 18 Order on Motion for Sanctions, Order on Motion to Certify by MICHAEL BUESGENS with Certificate of Service. Copies to Judge, Clerk USCA, Appeals Clerk and SUSAN R. BECKER. (EXHIBITS EXCEED 50 PAGES)(le, ) Modified on 9/25/2007 (le, ). (Entered: 09/25/2007) |
| 09/25/2007 | 22 | Clerk's Notice to USCA re 21 Notice of Appeal, : (le, ) (Entered: 09/25/2007) |
| 09/28/2007 |  | NOTICE of Docketing Record on Appeal from USCA re 21 Notice of Appeal, filed by MICHAEL BUESGENS. USCA Case Number 07-3859 (le, ) (Entered: 09/28/2007) |
| 10/09/2007 |  | USCA Appeal Fees received $ 455 receipt number 942763 re 21 Notice of Appeal, filed by MICHAEL BUESGENS (le, ) (Entered: 10/09/2007) |
| 10/17/2007 |  | Certified and Transmitted Record on Appeal to US Court of Appeals. (Exhibits which are part of Pleadings 16,17,and 21 included).(mac, ) Modified on 10/17/2007 (mac, ). (Entered: 10/17/2007) |
| 10/25/2007 | 23 | MOTION for Clarification of the Court's Order Granting Appointment of Counsel filed by DEPT. OF THE TREASURY.Certificate of Service.(BECKER, SUSAN) (Entered: 10/25/2007) |
| 10/31/2007 | 24 | PLAINTIFFS PRO SE MOTION TO CORRECT RECORD, CERTIFICATE OF SERVICE, EXHIBITS FILED IN HARD COPY filed by DANA M. PORTER. (**DOCKETED IN ERROR**)(rf, ) Modified on 10/31/2007 (le, ). (Entered: 10/31/2007) |
| 10/31/2007 | 25 | ORDER THAT UPON CONSIDERATION OF DEFENDANTS 23 "MOTION FOR CLARIFICATION OF THE COURTS ORDER GRANTING APPOINTMENT OF COUNSEL" IT IS ORDERED THAT THE MOTION IS DENIED.SIGNED BY JUDGE BRUCE W. KAUFFMAN ON 10/31/07.10/31/07 ENTERED AND COPIES MAILED, E-MAILED.(rf, ) (Entered: 10/31/2007) |
| 12/13/2007 | 26 | MOTION for Extension of Time to Complete Discovery and Other Deadlines Set Forth in Scheduling Order filed by DEPT. OF THE TREASURY.Certificate of Service.(BECKER, SUSAN) (Entered: 12/13/2007) |
| 12/17/2007 | 27 | SCHEDULING ORDER: UPON CONSIDERATION OF DEFENDANTS MOTION TO EXTEND THE DEADLINES OF THE SCHEDULING ORDER (DOC. 26) IT IS ORDERED THAT MOTION IS GRANTED. NON-DISPOSITIVE MOTIONS FILED BY 06/30/08; FACT DISCOVERY DUE BY 6/30/2008; EXPERT REPORT EXCHANGED BY 05/30/08; DISPOSITIVE MOTIONS DUE BY 08/15/08; EXHIBITS EXCHANGED BY 10/17/08; DEFENDANT PRETRIAL MEMO DUE BY 10/17/2008; PLAINTIFF PRETRIAL MEMO DUE BY 10/17/2008; FINAL PRETRIAL CONFERENCE SET FOR 10/23/2008 02:00 PM; TRIAL POOL SET FOR 10/28/2008. SIGNED BY HONORABLE BRUCE W. KAUFFMAN ON 12/17/07. 12/18/07 ENTERED AND COPIES MAILED, E-MAILED.(rf, ) (Entered: 12/18/2007) |
| 01/10/2008 | 28 | MOTION to Place in Suspense filed by DEPT. OF THE TREASURY.Certificate of Service.(BECKER, SUSAN) (Entered: 01/10/2008) |
| 01/28/2008 | 29 | ORDER THAT THE CLERK OF COURT MARK THIS ACTION CLOSED FOR STATISTICAL PURPOSES AND PLACE THE MATTER IN THE CIVIL SUSPENSE FILE.SIGNED BY HONORABLE BRUCE W. KAUFFMAN ON 1/28/08. 1/29/08 ENTERED AND COPIES MAILED AND E-MAILED.(ah) (Entered: 01/29/2008) |
| 03/26/2008 | 30 | NOTICE of Appearance by JEFFREY P. HOYLE on behalf of DANA M. PORTER (rf, ) (Entered: 03/26/2008) |

| | | |
|---|---|---|
| 06/27/2008 | 31 | Joint MOTION for Order *Extending Discovery Deadlines and to Place this Case on Court's Active Docket* filed by DEPT. OF THE TREASURY.Certificate of Service.(BECKER, SUSAN) (Entered: 06/27/2008) |
| 07/03/2008 | 32 | ORDER THAT THE JOINT MOTION TO PLACE THIS CASE ON THE COURT'S ACTIVE DOCKET IS GRANTED AND THAT THIS MATTER SHALL BE REMOVED FROM THE CIVIL SUSPENSE FILE AND REOPENED FOR STATISTICAL PURPOSES. SIGNED BY HONORABLE BRUCE W. KAUFFMAN ON 7/2/08. 7/7/08 ENTERED AND COPIES E-MAILED.(mac, ) (Entered: 07/07/2008) |
| 07/03/2008 | 33 | AMENDED SCHEDULING ORDER: DISCOVERY DUE BY 12/30/2008. NON-DISPOSITIVE MOTIONS SHALL BE FILED BY DECEMBER 30, 2008; EXPERT REPORTS SHALL BE EXCHANGED BY JANUARY 30, 2009. DISPOSITIVE MOTIONS SHALL BE FILED BY FEBRUARY 16, 2009. THE PARTIES SHALL FILE THEIR PRETRIAL MEMORANDA, PRELIMINARY AND FINAL JURY INSTRUCTIONS, SPECIAL INTERROGATORIES, VERDICT FORMS AND ANY MOTIONS IN LIMINE BY 4/17/2009. A FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR TUESDAY, APRIL 28, 2009, AT 3:00 P.M. TRIAL POOL SET FOR 5/5/2009.. SIGNED BY HONORABLE BRUCE W. KAUFFMAN ON 7/2/08. 7/7/08 ENTERED AND COPIES E-MAILED.(mac, ) (Entered: 07/07/2008) |
| 12/29/2008 | 34 | Joint MOTION to Amend/Correct *the Scheduling Order* filed by DEPT. OF THE TREASURY.Certificate of Service.(BECKER, SUSAN) (Entered: 12/29/2008) |
| 01/08/2009 | 35 | SCHEDULING ORDER THAT THE DEADLINES SET FORTH IN THE SCHEDULING ORDER DATED 7/02/08 SHALL BE EXTENDED SIXTY DAYS AS FOLLOWS: FACT DISCOVERY SHALL BE COMPLETED BY 2/27/09 AND MOTIONS IN LIMINE SHALL BE FILED BY 6/17/09. PLAINTIFF AND DEFENDANT'S PRETRIAL MEMO'S ARE DUE BY 6/17/2009. A FINAL PRETRIAL CONFERENCE IS SET FOR 6/30/2009 AT 3:00 PM BEFORE HONORABLE BRUCE W. KAUFFMAN. THIS CASE WILL BE PLACED IN THE COURT'S TRIAL POOL ON 7/7/2009. SIGNED BY HONORABLE BRUCE W. KAUFFMAN ON 1/8/09. 1/8/09 ENTERED AND COPIES E-MAILED.(ah) (Entered: 01/08/2009) |
| 04/01/2009 | 36 | STIPULATION of Dismissal by DEPT. OF THE TREASURY. (BECKER, SUSAN) (Entered: 04/01/2009) |
| 04/03/2009 | 37 | ORDER DISMISSING ACTION WITH PREJUDICE PURSUANT TO LOCAL RULE 41.1(b)SIGNED BY HONORABLE BRUCE W. KAUFFMAN ON 4/2/09. 4/3/09 ENTERED AND COPIES MAILED, E-MAILED (rf, ) (Entered: 04/03/2009) |
| 04/17/2009 | 38 | ORDER that the Opinion and Order filed on April 16, 2009, identified the Appellant in Appeal No. 07-3859 as Dana M. Porter rather than Michael Buesgens, it is hereby ORDERED that the Opinion and Order shall be Amended. (ti, ) (Entered: 04/20/2009) |
| 12/28/2009 | | (Pleadings #16, 17, 21 received and forwarded to Records Department): (om, ) (Entered: 12/28/2009) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/12/2016 09:52:14 | | | |
| **PACER Login:** | | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cv-01541-BWK |
| **Billable Pages:** | 4 | **Cost:** | |

# EXHIBIT 14

**Lloyd Bernstein**, OSB #00203
E-mail: lloyd.bernstein@bullivant.com
**Maren J Holmboe**, OSB #06366
E-mail: maren.holmboe@bullivant.com
**BULLIVANT HOUSER BAILEY PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for DEFENDANT

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL L. BUESGENS,<br><br>                   Plaintiff,<br><br>        v.<br><br>SCOTT GALLOWAY,<br><br>                   Defendant. | Civil No.: CV07-0043 KI<br><br>**MOTION TO WITHDRAW<br>DEFENDANT GALLOWAY'S<br>MOTION FOR ATTORNEY FEES** |

On or about June 21, 2007, defendant Scott Galloway filed a motion titled

"Defendant Galloway's Motion for Attorney Fees."  Defendant Galloway hereby

respectfully withdraws its motion.  As required by L.R. 7.1, counsel for Galloway has

made a good faith effort to confer with plaintiff Michael L. Buesgens, but was unable

to reach Mr. Buesgens.

Bullivant|Houser|Bailey PC

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**MOTION TO WITHDRAW DEFENDANT GALLOWAY'S MOTION**
**FOR ATTORNEY FEES**
**Page 1**

| 01/29/2007 | | **Supp**lemental Notice of Service regarding Summons Filed by Register Support Service, Inc. on behalf of Michael L. Buesgens. (Related document(s): Summons Returned Executed 3 .) (pvh) (Entered: 01/30/2007) |
|---|---|---|
| 02/07/2007 | 6 | Motion to Dismiss *and Alternative Motion for More Definite Statement (Rule 12)*. Oral Argumentrequested Filed by Scott Galloway. (Holmboe, Maren) (Entered: 02/07/2007) |
| 02/07/2007 | 7 | Memorandum in Support *of Defendant's Rule 12 Motions*. Filed by Scott Galloway. (Holmboe, Maren) (Entered: 02/07/2007) |
| 02/08/2007 | 8 | Memorandum in Opposition to Motion for Default Judgment 4 . Filed by Scott Galloway. (Holmboe, Maren) (Entered: 02/08/2007) |
| 02/08/2007 | 9 | Declaration of Maren J. Holmboe. Filed by Scott Galloway. (Related document(s): Memorandum in Opposition 8 .) (Holmboe, Maren) (Entered: 02/08/2007) |
| 02/12/2007 | 11 | Motion for Appointment of Counsel. Filed by Michael L. Buesgens. (Attachments: # 1 Document 3 of Case 1:05-cv-00243-SS 5 pages# 2 Document 7 of 1:05-cv-00243-SS 3 pages# 3 Document 19 of 1:05-cv-00243-SS 2 pages# 4 Document 66 of 1:05-cv-00243-SS 1 page# 5 Document 87 of 1:05-cv-00243-SS 1 page# 6 Document 67 of 1:06-cv-00226-LY 3 pages# 7 Document 68 of 1:06-cv-00226-LY 1 page# 8 Document 105 of 1:06-cv-00226-LY 3 pages# 9 Document 196 of 1:06-cv-00226-LY 6 pages# 10 Document 196 of 1:06-cv-00226-LY 1 page# 11 Document 205 of 1:06-cv-00226-LY page# 12 Document 206 of 1:06-cv-00226-LY 1 page# 13 Document 207 of 1:06-cv-00226-LY 2 pages# 14 Document 16 of 1:06-cv-00260-LY 1 page# 15 Document 26 of 1:06-cv-00260-LY 1 page# 16 Document 5 of 1:05-cv-02334-RCL 2 pages# 17 Docket sheet for 1:06-cv-00260-LY 5 pages# 18 Docket Sheet for 1:06-cv-226-LY 10 pages) (pvh) Additional attachment(s) added on 2/13/2007 (pvh) (Entered: 02/13/2007) |
| 02/13/2007 | 10 | **ORDER -** Plaintiff's Motion for Default Judgment 4 is DENIED. Defendant was served on January 18, 2007, and filed a Motion to Dismiss within the time required by Rule 12. Accordingly, Plaintiff's Motion for Default Judgment is denied. Defendant's request for attorney fees is deferred until the conclusion of the case. Ordered by Judge Garr M. King. (mja) (Entered: 02/13/2007) |
| 02/14/2007 | 12 | Motion. (Styled as: Moiton for this Court's Order). Filed by Michael L. Buesgens. (pvh) (Entered: 02/16/2007) |
| 02/14/2007 | 13 | Motion for Verification of pleadings by Scott Galloway. Filed by Michael L. Buesgens. (pvh) (Entered: 02/16/2007) |
| 02/14/2007 | 14 | Motion for Discovery and Disclosure. Filed by Michael L. Buesgens. (pvh) (Entered: 02/16/2007) |
| 02/14/2007 | 15 | Motion for Stay. Filed by Michael L. Buesgens. (pvh) (Entered: 02/16/2007) |
| 02/16/2007 | 16 | Motion to Exceed page limitations. Filed by Michael L. Buesgens. (pvh) (Entered: 02/20/2007) |
| 02/16/2007 | 17 | Motion for Default Judgment No. 2 and Motion for Reconsideration of Order (#10) dated 02/13/07. Filed by Michael L. Buesgens. (pvh) (Entered: 02/20/2007) |
| 02/22/2007 | 18 | **OPINION AND ORDER.** Plaintiffs Motion to Exceed Page Limitations (#16) is granted. Plaintiffs Motion for Appointment of Counsel (#11), Motion for this Courts Order (#12), Motion for Verification of Pleadings (#13), Motion for Discovery and Disclosure (#14), Motion for Stay (#15), and Motion for Default Judgment No. 2 and Motion for Reconsideration of Court Order No. 10 (#17) are denied. This court further prohibits plaintiff from filing any additional motions until after this court issues an Opinion and Order on defendants Motion to Dismiss unless plaintiff first requests permission from the court to do so. Finally, the parties are prohibited from seeking discovery until after this Court issues an Opinion and Order on defendants Motion to Dismiss. Signed on 02/20/07 by Judge Garr M. King. (pvh) (Entered: 02/22/2007) |
| 02/22/2007 | 19 | Motion for Judicial Notice. Filed by Michael L. Buesgens. (Attachments: # 1 Attachment Remaining pages) (pvh) (Entered: 02/28/2007) |
| 02/27/2007 | 20 | Opposition and Objection to documents 6 , 7 , 8 , 9 , and 18 . Filed by Michael L. Buesgens. (pvh) (Entered: 02/28/2007) |
| 02/28/2007 | 21 | Opposition to this Court's Order filed 02/22/07 documetn 18 . Filed by Michael L. Buesgens. (pvh) (Entered: 02/28/2007) |

| 02/28/2007 | 22 | Notice of Evidence and Facts Filed by Michael L. Buesgens (Attachments: # 1 Remaining pages) (pvh) (Entered: 02/28/2007) |
|---|---|---|
| 02/28/2007 | 23 | Notice to the Court of Evidence and Facts. Filed by Michael L. Buesgens. (pvh) (Entered: 02/28/2007) |
| 03/06/2007 | 24 | **ORDER - To the extent relevant, documents #21, 22 and 23 will be construed together as plaintiff's response to defendant's Motion to Dismiss. Plaintiff's Motion for Judicial Notice (#19) is denied at this time since defendant's Motion to Dismiss will be decided based on the allegations in plaintiff's Complaint, and not on any evidence submitted by either party. Plaintiff is further reminded that he is prohibited from filing anything further with the Court unless he obtains permission first. Ordered by Judge Garr M. King. (mja) (Entered: 03/06/2007)** |
| 03/06/2007 | 25 | AMENDED Order - To the extent relevant, documents #20, 21, 22 and 23 will be construed together as plaintiff's response to defendant's Motion to Dismiss. Plaintiff's Motion for Judicial Notice (#19) is denied at this time since defendant's Motion to Dismiss will be decided based on the allegations in plaintiff's Complaint, and not on any evidence submitted by either party. Plaintiff is further reminded that he is prohibited from filing anything further with the Court unless he obtains permission first. Ordered by Judge Garr M. King. (mja) (Entered: 03/06/2007) |
| 03/12/2007 | 26 | Order - Pursuant to the Court's Order of March 6, 2007, the Court is returning to the Plaintiff the following documents: Plaintiff's letter dated March 9, 2007; Two copies of Plaintiff's notice to the court regarding MDL 1800; and Plaintiff's Counterclaim. Ordered by Judge Garr M. King. (mja) (Entered: 03/12/2007) |
| 03/12/2007 | 27 | Reply *by Galloway in Support of* to Motion to Dismiss *and Alternative Motion for More Definite Statement (Rule 12)* 6 . Filed by Scott Galloway. (Holmboe, Maren) (Entered: 03/12/2007) |
| 04/12/2007 | 28 | Order - Pursuant to the Court's Order of March 6, 2007, and because they are irrelevant, the Court will not file the following documents: 71-page handwritten document (plus additional attachments) entitled "Plaintiff Buesgens Notice and Clarification of Complex Interlocking Machine Fed-Bad Faith Causes of Action" and 27-page handwritten document (plus additional attachments) without a title, but beginning, "What is Service of Summons? It is notification that a complaint has been filed." Ordered by Judge Garr M. King. (mja) (Entered: 04/12/2007) |
| 06/07/2007 | 29 | **OPINION AND ORDER.** For the foregoing reasons, defendant's Motion to Dismiss (#6) is granted, and this complaint is dismissed with prejudice. IT IS SO ORDERED. Signed on 06/07/07 by Judge Garr M. King. (pvh) (Entered: 06/07/2007) |
| 06/07/2007 | 30 | **JUDGMENT.** Based on the record, IT IS ORDERED AND ADJUDGED that this action is dismissed with prejudice. Signed on 06/07/07 by Judge Garr M. King. (pvh) (Entered: 06/07/2007) |
| 06/15/2007 | 31 | Motion and Court Order for Bill of Costs and Attorney Fees. Filed by Michael L. Buesgens. (Attachments: # 1 Attachment) (pvh) (Entered: 06/20/2007) |
| 06/20/2007 | 32 | **ORDER -** Plaintiff's Motion and Court Order for a Copy of Defendant's Bill of Costs and Attorney Fees and Related Documents 31 is DENIED. If defendant decides to seek costs and attorney fees, he will serve plaintiff when he files the documents with the court. Plaintiff is also given permission to file a Notice of Appeal in this case, if he so desires. Ordered by Judge Garr M. King. (mja) (Entered: 06/20/2007) |
| 06/21/2007 | 33 | Motion for Attorney Fees. Filed by Scott Galloway. (Holmboe, Maren) (Entered: 06/21/2007) |
| 06/21/2007 | 34 | Memorandum in Support *of Defendant Galloway's Motion for Attorneys Fees*. Filed by Scott Galloway. (Related document(s): Motion for attorney fees 33 .) (Holmboe, Maren) (Entered: 06/21/2007) |
| 06/21/2007 | 35 | Declaration of Maren J. Holmboe *in Support of Defendant Galloway's Motion for Attorneys Fees*. Filed by Scott Galloway. (Related document(s): Motion for attorney fees 33 .) (Holmboe, Maren) (Entered: 06/21/2007) |
| 06/22/2007 | 36 | Notice *of Lodging Relevant Order with the Court*. Filed by Scott Galloway. (Attachments: # 1 Opinion and Order) (Holmboe, Maren) (Entered: 06/22/2007) |
| 06/25/2007 | 38 | Motion for New Trial. Filed by Michael L. Buesgens. (Attachments: # 1 Attachment Part 1 Exhibit to Motion# 2 Attachment Part 2 Exhibit to Motion# 3 Attachment Part 3 Exhibit to Motion) (pvh) (Entered: 06/29/2007) |
| 06/28/2007 | 37 | Order - Defense counsel may file under seal a declaration in support of the Motion for Attorney Fees, but must furnish a copy to plaintiff. Plaintiff is prohibited from sending copies of the declaration to anyone or |

| | | |
|---|---|---|
| | | from otherwise disclosing the contents of the declaration. Ordered by Judge Garr M. King. (mja) (Entered: 06/28/2007) |
| 07/02/2007 | 39 | Order - The court construes the motion styled "Motion for a New Trial" as a Motion for Reconsideration of the court's Opinion and Order dismissing plaintiff's Complaint. By Opinion and Order dated June 7, 2007, I granted defendant Scott Galloway's Motion to Dismiss, since plaintiff failed to state a claim against him. A Motion for Reconsideration of a courts order must show newly discovered evidence, a change in controlling law, or that the decision was clearly erroneous or manifestly unjust. School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). None of these grounds exist here. Finding no reason to reconsider my Opinion and Order, I deny plaintiff Buesgenss Motion for Reconsideration 38 . Ordered by Judge Garr M. King. (mja) (Entered: 07/02/2007) |
| 07/02/2007 | 40 | Response to Motion for Attorney Fees 33 . Filed by Michael L. Buesgens. (Attachments: # 1 Attachment Part 2 of Response) (pvh) (Entered: 07/03/2007) |
| 07/05/2007 | 41 | Motion for Relief from Final Judgment. Filed by Michael L. Buesgens. (Attachments: # 1 Attachment Part 2# 2 Attachment Part 3) (pvh) (Entered: 07/10/2007) |
| 07/05/2007 | 42 | Notice of Joinder for Just Adjudication of Claims.Filed by Michael L. Buesgens. (Attachments: # 1 Attachment Part 2# 2 Attachment Part 3# 3 Attachment Part 4) (pvh) (Entered: 07/10/2007) |
| 07/05/2007 | 43 | Opposition to filing anything under seal and takes exception and objects to this Court's Order document 37 filing 06/28/07. Filed by Michael L. Buesgens. (Attachments: # 1 Attachment Part 2# 2 Attachment Part 3) (pvh) (Entered: 07/10/2007) |
| 07/06/2007 | 44 | Notice of Appeal to the 9th Circuit from Order 10 (entered on 02/13/07), Opinion and Order 18 (entered on 02/22/07), Amended Order, 25 (entered on 03/6/07), Order 26 (entered on 03/12/07), Order 28 (entered on 04/12/07), Opinion and Order 29 (entered on 06/07/07), Order 32 (entered on 06/20/07), Order 37 (entered on 06/28/07), Order 39 (entered on 07/02/07). Filing fee in amount of $455 collected; Receipt No. 16326 issued. Filed by Michael L. Buesgens. (Related Document(s): Order 10 , Opinion and Order 18 , Amended Order, 25 , Order 26 , Order 28 , Opinion and Order 29 , Order 32 , Order 37 , Order 39 . (Attachments: # 1 Attachment Part 2 of Notice of Appeal) (pvh) (Entered: 07/10/2007) |
| 07/10/2007 | 45 | **ORDER** - Plaintiff has submitted several large documents to be filed with the court. The first is entitled, "Plaintiff Michael L Buesgens is in Opposition to Filing Anything Under Seal and Takes Exception and Objects to this Court's Order" 43 . The only document the court has permitted to be filed under seal is a declaration in support of defendant's attorney's fee request. If plaintiff needs to use this document for any reason in the future, he can request permission from this court. The second is entitled, "Motion for Relief from Final Judgment" 41 ). The court has already ruled on plaintiff's "Motion for a New Trial," which the court construed as a Motion for Reconsideration. Plaintiff raises nothing new in the Motion for Relief from Final Judgment, and accordingly it is denied as moot. The court will not entertain any other motions of this nature. The third is "Plaintiff Michael L Buesgens Notice of Joinder for Just Adjudication of Claims and for the Record on Appeal to the Ninth Circuit and Plaintiff Buesgens Motion for Third Party Discovery and Plaintiff Buesgens Notice to this Court and the Ninth Circuit that this Motion is Directly Related to the Following Civil Actions 42 . Plaintiff's complaint has been dismissed, so any motion for discovery is moot. The balance of the filing is not a motion, so no court action is required. Ordered by Judge Garr M. King. (mja) (Entered: 07/10/2007) |
| 07/11/2007 | | Notification of Appeal 44 sent to USCA for the 9th Circuit and to counsel along with a copy of the docket sheet. (Related Document(s): Notice of Appeal,, 44 ) (Entered: 07/11/2007) |
| 07/24/2007 | 46 | Motion to Withdraw *Defendant Galloway's* Motion for attorney fees 33 . Filed by Scott Galloway. (Holmboe, Maren) (Entered: 07/24/2007) |
| 07/27/2007 | | Notice confirming Docketing Record on Appeal re Notice of Appeal 44 **Case Appealed to Ninth Circuit Case Number 07-35578** assigned. (Related Document(s): Notice of Appeal 44 ) (pvh) (Entered: 07/27/2007) |
| 07/30/2007 | 47 | **ORDER** - Defendant Galloway's Motion to Withdraw Motion for Attorney Fees 46 is GRANTED. Ordered by Judge Garr M. King. (mja) (Entered: 07/30/2007) |
| 09/20/2007 | 48 | Certificate of Record transmitted to USCA for the 9th Circuit re Notice of Appeal CA 07-35578 44 filed by Michael L. Buesgens on 7/6/07. (Related Document(s): Notice of Appeal,, 44 ) (tomg) (Entered: 09/20/2007) |

| | | |
|---|---|---|
| 10/15/2007 | 49 | Motion for Correction of the Record. Filed by Michael L. Buesgens (Attachments: # 1 Exhibit 1-11# 2 Exhibit 12-15# 3 Exhibit 16) (pvh) (Entered: 10/17/2007) |
| 10/19/2007 | 50 | Response *Defendant Galloway's Opposition to Plaintiff's Motion to Correct the Record* to Motion 49 . Filed by Scott Galloway. (Bernstein, Lloyd) (Entered: 10/19/2007) |
| 10/25/2007 | 51 | **ORDER:** Plaintiff's Motion for Correction of the Record 49 is DENIED for the reasons stated in Defendant Galloway's Opposition to Plaintiff's Motion to Correct the Record 50 . Ordered by Judge Garr M. King. (mja) (Entered: 10/25/2007) |
| 10/29/2007 | 52 | Response to Opposition to Buesgens' Motion for a true and correct Record for the Ninth Circuit Court of Appeals. Filed by Michael L. Buesgens. (pvh) (Entered: 10/30/2007) |
| 10/31/2007 | 53 | Order - The court has received plaintiff's "Response to Opposition to Buesgens' Motion for a True and Correct Record for the Ninth Circuit Court of Appeals," 52 , and it has been conventionally filed. The clerk is relieved of the duty to scan the document, but it is available for review in the court's file. Plaintiff's Response 52 does not change the court's decision regarding his Motion 49 for the reasons stated in Minute Order 51 . (mja) (Entered: 10/31/2007) |
| 11/02/2007 | 55 | Order from USCA for the 9th Circuit re Notice of Appeal CA 07-35578 44 : Revised Time Schedule Order. (Related Document(s): Notice of Appeal,, 44 ) (tomg) (Entered: 01/15/2008) |
| 07/16/2008 | 56 | Order from USCA for the 9th Circuit re Notice of Appeal CA 07-35578 44 : Revised Briefing Schedule. (tomg) (Entered: 07/22/2008) |
| 07/31/2008 | 57 | Order from USCA for the 9th Circuit dismissing Appeal CA 07-35578 44 : Appellant's july 24, 2008 motion requesting dismissal of this appeal is granted. (tomg) (Entered: 07/31/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/12/2016 07:14:23 | | |
| PACER Login: | | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:07-cv-00043-KI Start date: 1/1/1970 End date: 7/12/2016 |
| Billable Pages: | 5 | Cost: | |

**NEVADA SMITH**
PO BOX 294
MORRISTOWN, MN 55052

2175

75-1583/919

Date 7/18/2016

Pay to the order of U.S. DISTRICT ~~SOTA~~     $ 400.00

Four hundred and 00/100     Dollars

Lake Country Community Bank
Morristown, MN
507-685-2300

For CIVIL FILING FEE

⑆091915832⑆ 708770⑈ 2175