UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Nevada Smith a/k/a Michel L. Buesgens,   Case No. 16-cv-2436 (WMW/TNL)

      Plaintiff,

v.   **ORDER**

Best & Flanagan, LLP *et al.*,

      Defendants.

---

On July 18, 2016, Plaintiff filed a complaint against the law firm Best & Flanagan, LLP and several members of that firm. (ECF No. 1). On July 25, 2016, Plaintiff requested a 30 day continuance, (ECF No. 4), which this Court construed as a request to extend the time to serve Defendants, (July 26, 2016 Order, ECF No. 5). The Court denied Plaintiff's request, finding that he provided no information that would limit his "ability to serve defendants within 90 days of July 18, 2016." (July 26, 2016 Order, at 2).

As noted in the July 26, 2016 Order, and reiterated here, under the Federal Rules of Civil Procedure, "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Under Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The record does not reflect that service of the summons and Complaint on any Defendant has been effected as of the date of this Order. (*See also* Order Affirming Magistrate Judge's Order, at 1, ECF No. 36) ("To date, the record reflects that Defendants have not been served with a summons or complaint."). Rather, the record reflects myriad filings by Plaintiff in an attempt to enlarge these proceedings before Defendants have even entered an appearance. Since this Court's last Order, Plaintiff has filed documents that include the following:

1. Attempting to revoke consent to having a magistrate judge preside over pretrial proceedings. (ECF No. 15).[1]

2. Requesting again that the Court rule upon the validity of an order from the Western District of Texas. (ECF No. 16).[2]

3. Plaintiff's notice of cases he has pending in Minnesota state courts. (ECF No. 17). Plaintiff requests that this Court find wrongdoing by the Minnesota state courts. (ECF No. 17, at 7) ("Plaintiff requests this court do a complete review of the record at the First Judicial District and make a determination as to whether plaintiff['s] claims are evidence and material facts of wrongdoing by the First Judicial District, State Actors, Attorneys, Law Firms and the defendants they claim to represent.").

4. Plaintiff's correspondence with the Minnesota Board on Judicial Standards demanding that it take action concerning pending Minnesota state court proceedings. (ECF No. 19).

5. Plaintiff's request that this Court order the Minnesota Secretary of State to take certain action. (ECF No. 20).

---

[1] This was considered and rejected as part of Plaintiff's appeal of this Court's Order, (ECF No. 13), which denied Plaintiff's motion seeking an *ex parte* hearing. (Order Affirming Magistrate Judge's Order, ECF No. 36) (noting that 28 U.S.C. § 636 does not require a litigant's consent for a magistrate judge to preside over pretrial matters).

[2] The Court has already declined to rule upon the order from the Western District of Texas that bars Plaintiff from filing any federal civil actions without first seeking Court approval until Defendants have an opportunity to be heard. (ECF No. 13, *affirmed by* ECF No. 36).

6. Plaintiff's filing that appears to challenge a Minnesota state court decision. (ECF No. 30).

7. Plaintiff's disagreement with the venue transfer of various Minnesota state court actions. (ECF No. 31).

8. Plaintiff's attempt to add additional parties to this suit. (ECF No. 33).

9. Plaintiff's Minnesota state court filings seeking to remove a judge for cause. (ECF No. 35).

10. Plaintiff's request again for this Court to decide upon the order from the Western District of Texas. (ECF No. 37).[3]

11. Plaintiff's claim that he is now a judge. (ECF No. 38).

Besides these documents—which may arguably be tied to Plaintiff's suit—Plaintiff has also filed documents that this Court simply cannot connect to the present litigation's subject matter or parties. (*See* ECF No. 14 (documents from the Eastern District of Pennsylvania in litigation involving a third party); ECF No. 28 (Plaintiff's filing informing the District of Minnesota Clerk's Office staff that they are courteous and provide great customer service)). The above-described motions show a snapshot into an ever-growing docket that is riddled with difficult-to-decipher filings that do not conform to the Federal Rules of Civil Procedure or the Local Rules, do not apply directly to the subject-matter at issue, or evince disrespect for the judicial process. None of these numerous filings, however, do anything to address this Court's concern that Defendants still have not been served nearly five months after suit was filed and summons were issued.

---

[3] *See* note 2, *supra*.

Elsewhere in his numerous filings, Plaintiff has also expressed an understanding that he must serve Defendants "within 90 days of the date he filed his complaint at this court . . . otherwise this court will dismiss plaintiff['s] complaint." (ECF No. 20, at 2). In Plaintiff's filing entitled "Defendant's Misconduct with State Actors," it is again clear Plaintiff understands the 90-day deadline for serving Defendants, stating: "The time allowed [for] serving [the] summons and complaint on defendants is 90 days, which expires on October 17 or 18, 2016[.]" (ECF No. 18, at 7). Plaintiff then goes on to request "an extension of time to . . . serve defendants to November 19, 2016." (ECF No. 18, at 7).

Notwithstanding Plaintiff's understanding that he needed to serve Defendants by October 18, 2016, the fact that Plaintiff still has not served Defendants by the November 19, 2016 extension he requested, and that as of the date of this Order Plaintiff still has failed to serve Defendants, the Court will grant Plaintiff an extension to effect service on each Defendant. Plaintiff shall serve his complaint and summons on each Defendant no later than January 6, 2017. If service is not effected on or before January 6, 2017, this Court will recommend dismissing Plaintiff's claims for failure to comply with Federal Rule of Civil Procedure 4 and failure to prosecute.

Given the incessant filings, Plaintiff is also cautioned against filing any further documents unless they relate to service or are attached to a motion or are filed in response to a motion consistent with the Federal Rules of Civil Procedure and the Local Rules for the District of Minnesota. *See* Fed. R. Civ. P. 5(d) (describing the types of pleadings that shall be filed with the Court); D. Minn. LR 7.1 (describing what documents may be filed

with motions). The Court will consider striking from the docket any filings that do not comply with procedural rules or are non-responsive to Plaintiff's service requirements.

Finally, in an effort to clarify the docket, the Court notes that Plaintiff has filed several other motions that require attention. The Court again reiterates that, generally, motions should not be heard without the benefit of adversarial proceedings. (*See* Sept. 23, 2016 Order, at 2–3, ECF No. 13) (discussing that courts have limited ability to hear *ex parte* motions). Under the circumstances of this case, however, the Court will address these motions to ensure efficient management of this litigation. Plaintiff filed a motion seeking transfer of this action to the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 1407. (ECF No. 22). Plaintiff has also moved to stay this action pending a decision to transfer this case to the Judicial Panel on Multidistrict Litigation. (ECF No. 25). Both motions are moot. As noted in one of the many documents filed by Plaintiff, the Judicial Panel on Multidistrict Litigation has denied Plaintiff's request because he has "only one [case] pending in Federal district court" and "[t]he remainder are Minnesota state court cases" over which the Panel has no jurisdiction. (ECF No. 29, at 4). Because the Judicial Panel on Multidistrict Litigation has denied Plaintiff's request, this Court need not stay this case pending its decision. Therefore, Plaintiff's motions are denied as moot.

Based on the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Extension of Time, (ECF No. 34), is **GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE** for the reasons set forth above.

5

Plaintiff shall serve his complaint and summons on each Defendant no later than January 6, 2017. If service is not effected on or before January 6, 2017, this Court will recommend dismissing Plaintiff's claims for failure to comply with Federal Rule of Civil Procedure 4 and failure to prosecute.

2. Plaintiff's Motion to Transfer Action to the Court of [sic] Pursuant to 28 U.S.C. Section 1407 for Coordinated or Consolidated Pretrial Proceedings, (ECF No. 22), and Plaintiff's Request[ for] Temporary Stay, (ECF No. 25), are **DENIED AS MOOT**.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: December 5, 2016          _s/ Tony N. Leung_
                                Tony N. Leung
                                United States Magistrate Judge
                                District of Minnesota

                                *Smith v. Best & Flanagan*
                                Case No. 16-cv-2436 (WMW/TNL)