# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Nevada Smith a/k/a Michel L. Buesgens, | Case No. 16-cv-2436 (WMW/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Best & Flanagan, LLP *et al.*, | |
| Defendants. | |

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, for a report and recommendation to the district court, the Honorable Wilhelmina M. Wright, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1. (ECF No. 3). For the reasons stated below, this Court recommends Plaintiff's complaint be dismissed.

## I. PLAINTIFF'S FAILURE TO SERVE DEFENDANTS WARRANTS DISMISSAL

On December 5, 2016, this Court issued an Order ruling on several of Plaintiff's then-outstanding motions. (December 5, 2016 Order, ECF No. 40). Important to the Court's present analysis, Plaintiff was ordered to "serve his complaint and summons on each Defendant no later than January 6, 2017." (December 5, 2016 Order, at 6). If service was not effected on or before that date, "the Court will recommend dismissing Plaintiff's claims for failure to comply with Federal Rule of Civil Procedure 4 and failure to prosecute." (December 5, 2016 Order, at 6).

As noted in both this Court's July 26, 2016 Order, (ECF No. 5), and the December 5, 2016 Order, under the Federal Rules of Civil Procedure, "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Under Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Over nine months have passed since Plaintiff filed suit, yet Plaintiff has failed to serve his complaint on any defendant.

Rather, since the December 5, 2016 Order, Plaintiff has partaken a curious journey in which he has: purported to seek bankruptcy, (ECF No. 42); sought appeal to the United States Court of Appeals for the Federal Circuit, (ECF No. 44); sought a stay, (ECF No. 53); sought to disqualify the judges assigned to this case, (ECF No. 58); sought appeal to the United States Court of Appeals for the Third Circuit, (ECF No. 64); sought appeal to the United States District Court for the Eastern District of Pennsylvania, (ECF No. 65); sought to add additional claims and parties to this suit, (ECF No. 68); sought appeal to the United States Court of Appeals for the Fifth Circuit, (ECF No. 75); and disavowed any appeal to the United States Court of Appeals for the Eighth Circuit, (ECF No. 79). Despite these incessant filings, the record is bereft of any evidence whatsoever that Plaintiff has complied with this Court's December 5, 2016 Order or his service

obligations under the Federal Rules of Civil Procedure. Defendants still have not been served over nine months after suit was filed and summons were issued.

Plaintiff understands his obligations under Rule 4. As noted by the December 5, 2016 Order, Plaintiff has

> expressed an understanding that he must serve Defendants "within 90 days of the date he filed his complaint at this court . . . otherwise this court will dismiss plaintiff['s] complaint." (ECF No. 20, at 2). In Plaintiff's filing entitled "Defendant's Misconduct with State Actors," it is again clear Plaintiff understands the 90-day deadline for serving Defendants, stating: "The time allowed [for] serving [the] summons and complaint on defendants is 90 days, which expires on October 17 or 18, 2016[.]" (ECF No. 18, at 7). Plaintiff then goes on to request "an extension of time to . . . serve defendants to November 19, 2016." (ECF No. 18, at 7).

(December 5, 2016 Order, at 4). Since then, Plaintiff has similarly expressed his understanding that he must comply with the Court's new January 6, 2017 deadline for service. (ECF No. 41, at 3) ("Plaintiff Nevada Smith does not object to Magistrate Judge Leung [sic] order that he must serve summons and complaint on [Defendants] by January 6, 2016 [sic].").

Plaintiff failed to provide any information to the Court that Defendants have been served, let alone that Defendants have been served within the time permitted under Fed. R. Civ. P. 4(m). Indeed, on January 10, 2017, the Court found that "the record reflects that [Plaintiff] has not served a summons and complaint on any defendant in this action." (ECF No. 51). Again on February 7, 2017, the Court found that "the record reflects that Defendants have not been served with a summons or complaint." (ECF No. 63, at 1). As of the date of this Report and Recommendation, there is nothing in the record to indicate that any of the defendants in this suit have been served pursuant to Rule 4. Thus, more

than nine months after suit was filed, there is no indication that any defendant has been served.

Instead, Plaintiff asserts that the defendants have refused to accept Plaintiff's service attempts through a process server. (ECF No. 41, at 3–4; *see* ECF No. 44, at 10, 27–28; ECF No. 58, at 6; ECF No. 20, at 3). Plaintiff claims that because Defendant Best & Flanagan, LLP has not designated a registered agent with the Minnesota Secretary of State, it is somehow committing a wrongdoing and is able to avoid service of process. (ECF No. 41, at 4; ECF No. 20, at 3). Plaintiff also asserts that the Minnesota Secretary of State is complicit in this wrongdoing perpetrated by Defendant Best & Flanagan. (ECF No. 41, at 4; ECF No. 20, at 3).

Curiously, in explaining this deficient process, Plaintiff notes that Defendants' legal secretary "wanted to accept service of summons and complaint." (ECF No. 44, at 10). Rather, Plaintiff directed his process server not to serve the documents on the secretary because he believed it "would not be effective service of summons and complaint." (ECF No. 20, at 3). Plaintiff cannot avoid his service obligations where Defendants appeared willing to accept service.

Plaintiff has not advanced his lawsuit forward beyond the preliminary stage of service in the nine months since filing. Such inaction constitutes a failure to prosecute. Plaintiff's failure to serve Defendants has violated Rule 4(m). He has also violated this Court's December 5, 2016 Order extending Plaintiff's service deadline to January 6, 2017. Plaintiff's *pro se* status does not relieve him of his obligations to comply with court orders and the Federal Rules of Civil Procedure. *See Soliman v. Johanns*, 412 F.3d 920,

922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives.") (citation omitted); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure.") (citations omitted).

A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984); *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). The Eighth Circuit has stressed the importance of the sanction's proportionality to the conduct at issue. *Smith*, 526 F.3d at 405. "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the

litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (quoting *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)). Given Plaintiff's failure to comply with Rule 4(m), failure to comply with the December 5, 2016 Order, and failure to prosecute, this Court concludes dismissal of Plaintiff's complaint is warranted.

This Court concludes that no lesser sanction than dismissal is appropriate. As discussed herein, Plaintiff has filed documents on a near non-stop basis since commencing suit. His filings have been filled with "difficult-to-decipher argument[s]," (ECF No. 13, at 2; December 5, 2016 Order, at 3), "do not apply directly to the subject-matter at issue, or evince disrespect for the judicial process." (December 5, 2016 Order, at 3). Despite being afforded ample time to serve Defendants—as well as the additional time between the January 6, 2017 deadline and this Report and Recommendation—Plaintiff has utterly failed to demonstrate any attempt at compliance. This Court concludes that the only reasonable sanction for such blatant disrespect for its December 5, 2016 Order and the Federal Rules of Civil Procedure is dismissal.

Now, the Court must determine how that dismissal is put into effect. *Hunt*, 203 F.3d at 527. Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). The Court understands that dismissal *with* prejudice is "an extreme sanction." *Givens*, 751 F.2d at 263. The Court concludes, given Plaintiff's *pro se* status, that dismissal without prejudice is appropriate at this time. The sanction of dismissal *without* prejudice appropriately balances Plaintiffs' access to justice with the

Court's need to ensure its orders and the Federal Rules are followed. *Hunt*, 203 F.3d at 527; *see Nat'l Hockey League*, 427 U.S. at 643 (noting purpose of imposing sanctions is to deter future offensive conduct by the responsible individual and others). The Court does conclude below, however, that additional sanctions be implemented as a result of Plaintiff's actions to date.

## II.   PLAINTIFF'S OTHER FILINGS REQUIRE DENIAL OR STRIKING

As briefly noted above, Plaintiff has filed a veritable smorgasbord of documents. In its December 5, 2016 Order, the Court cautioned Plaintiff

> against filing any further documents unless they relate to service or are attached to a motion or are filed in response to a motion consistent with the Federal Rules of Civil Procedure and the Local Rules for the District of Minnesota. *See* Fed. R. Civ. P. 5(d) (describing the types of pleadings that shall be filed with the Court); D. Minn. LR 7.1 (describing what documents may be filed with motions).

(December 5, 2016 Order, at 4–5). The Court indicated it would "consider striking from the docket any filings that do not comply with procedural rules or are non-responsive to Plaintiff's service requirements." (December 5, 2016 Order, at 5). It is appropriate to put that language into effect here.

On December 13, 2016, Plaintiff filed what he entitled "Debtor Nevada Smith Requests Leave to File Chapter 7 Bankruptcy." (ECF No. 42). Bankruptcy filings are properly directed to the United States Bankruptcy Court for the District of Minnesota, not this Court. In any event, Plaintiff's filing has no effect on this proceeding and is

irrelevant to any of the claims presented in his complaint.[1] Therefore, the Court should strike this filing from the record.

On December 19, 2016, Plaintiff filed a document entitled "RE: Nevada Smith a/k/a Michael Buesgens is not Required to Request Leave to File at United States District Court." (ECF No. 43). This filing appears to assert that because the United States Tax Court provided Plaintiff with forms to file a petition, that he is not barred from filing in federal courts per the order issued by the Western District of Texas. (*See generally* ECF No. 43). With this assertion, Plaintiff asserts he is being "hang[ed]" with the Western District of Texas order by Defendants, unnamed "Minnesota State Actors," the undersigned judge, and "John Doe (more than one)." This filing has no relevance to the claims presented in Plaintiff's complaint. Therefore, the Court should strike this filing from the record.

Plaintiff has sought various appeals even though "an appealable order has not been issued in this case." (ECF No. 51, at 1). On January 3, 2017, Plaintiff purported to appeal to the United States Court of Appeals for the Federal Circuit from "final judgments and orders entered in this action." (ECF No. 44). Plaintiff specifically asserted he was appealing an order issued September 23, 2016 denying his request for a hearing on the order issued by the Western District of Texas. (ECF No. 44, at 17). This appeal was transmitted to the United States Court of Appeals for the Eighth Circuit. (ECF No. 45;

---

[1] Moreover, Plaintiff has been granted leave from the United States Bankruptcy Court for the District of Minnesota to file a voluntary petition for bankruptcy relief. (ECF No. 44-1, at 24; *see* Case No. 16-mp-401, Doc. No. 2 (Bankr. Minn. Dec. 22, 2016)). There are no records that Plaintiff has actually filed a bankruptcy petition.

*see* USCA Case No. 17-1041 (8th Cir.)). Plaintiff disagreed with his appeal being transmitted to the Eight Circuit. (ECF Nos. 53, 54; *see* ECF No. 58, at 10–12). The appeal was dismissed for lack of jurisdiction. (ECF No. 73).

Plaintiff appears to have submitted documents to the Federal Circuit nonetheless, because on January 10, 2017, Plaintiff filed a Motion for Stay. (ECF No. 53). Plaintiff sought a stay pending his appeal to the United States Court of Appeals for the Federal Circuit. (ECF No. 53, at 1). Plaintiff's motion for stay should be denied as moot because on March 9, 2017, the Federal Circuit denied Plaintiff's attempt to file an appeal in that court. (ECF No. 72; *see also* ECF No. 77).

On February 13, 2017, Plaintiff purported to seek appeal to the United States Court of Appeals for the Third Circuit. (ECF No. 64). This appeal was rejected. (*See* ECF No. 65-1, at 15). On February 15, 2017, Plaintiff purported to seek appeal to the United States District Court for the Eastern District of Pennsylvania. (ECF No. 65). And on March 22, 2017, Plaintiff purported to seek appeal to the United States Court of Appeals for the Fifth Circuit. (ECF No. 74). None of these courts have any appellate jurisdiction over this District and are frivolous on their face.

On February 24, 2017, Plaintiff filed his Motion for Joinder of Claims and Parties. (ECF No. 68). Pursuant to Federal Rules 18 and 19, Plaintiff seeks to add nine additional defendants: three Minnesota counties (Hennepin County, Le Sueur County, and Scott County), three attorneys and the law firms of two of those attorneys, and a "John Doe." (ECF No. 68, at 2). As noted herein, Plaintiff has shown an inability to advance this litigation as pertains to his basic service obligations. Plaintiff's motion for joinder should

be denied without prejudice. And, as discussed below, Plaintiff has a history of enlarging his lawsuits to include evermore defendants and claims. Thus, any such future motion for joinder brought by Plaintiff will be scrupulously analyzed.

## III.   PLAINTIFF'S ACTIONS WARRANT ADDITIONAL SANCTIONS

As detailed herein, Plaintiff has failed to serve any of the defendants in this matter, but he has relentlessly continued to file documents with this Court, as well as with several other district courts and courts of appeals. Substantively, all that has happened in this proceeding is that Plaintiff has been reminded of his service obligations under Rule 4(m). Plaintiff has scoffed at such obligations and attempted to morph this lawsuit into something else, with that "something else" changing in each subsequent filing.

Mainly, Plaintiff disputes an injunction placed upon him by a District Judge in the Western District of Texas. That injunction states as follows: "Plaintiff is barred from filing any future civil actions in any federal court in the United States without first seeking leave of the Court in which he wishes to file the action." (*Buesgens v. Travis County, Texas*, Case No. A-07-CA-427-SS, Doc. No. 4, at 10 (W.D. Tex. June 21, 2007)). As found by the Western District of Texas,

> [I]t is clear in each successive case, Buesgens adds new claims seeking relief against persons and entities he believes were responsible for his failure to achieve relief in the prior case. Notably, Buesgens adds claims against the lawyers whose only act was to represent clients sued by Buesgens and claims against the judges who have ruled against him. Further, . . . in litigating these actions Buesgens has made a practice of filing both frivolous motions and improper appeals. Moreover, although Buesgens files numerous and voluminous pleadings, he evinces scant respect for the actual litigation process, both because virtually all of his pleadings fail to comply with the applicable legal or procedural authorities, and because he fails to comply with the obligations imposed in the

10

litigation process involving discovery and other matters and fails to comply
with Court orders. Clearly, his conduct constitutes a misuse and abuse of
the legal system.

(*Buesgens v. Travis County, Texas*, Case No. A-07-CA-427-SS, Doc. No. 4, at 8 (W.D.
Tex. June 21, 2007)). Plaintiff's conduct in this case mirrors the conduct for which he
was sanctioned by the Western District of Texas. Accordingly, similar safeguards are
warranted here, particularly where Plaintiff has filed numerous frivolous appeals and
littered the docket with filings, and done nothing to advance this litigation in the nine
months since suit was filed.

The district court has "a large measure of discretion in deciding what sanctions are
appropriate for misconduct." *Hutchins*, 116 F.3d at 1260. Based on the above, this Court
concludes that, given Plaintiff's actions to date in this litigation and the fact that those
actions mirror previous conduct which resulted in a nationwide injunction, an additional
sanction beyond dismissal is warranted. This Court recommends that Plaintiff be
restricted from filing any new legal actions in this District unless he is represented by
counsel or first obtains prior written authorization to file an action from a judicial officer
of this District.[2]

Further, there is evidence in the record that Plaintiff's legal activities have strained
his resources, (ECF No. 44, at 6), and had adverse effects on existing medical conditions,
(ECF No. 71-1, at 29; ECF No. 7). Based on this information, it is prudent to instill some

---

[2] Because Plaintiff has expressed confusion at this requirement as contained in the Western District of Texas order,
the Court provides the following guidance. If Plaintiff wishes to commence a new suit in this District, he must send
a letter to the District Court, along with a copy of the complaint he wishes to file, in which he requests authorization
to file said complaint. Any such letter should reference Case No. 16-cv-2436(WMW/TNL) and the Order imposing
the restriction. Such complaint shall not be filed by the Clerk of Court unless Plaintiff receives authorization from a
judicial officer of this District.

protection of Plaintiff's interests. While the sanction above is warranted based on Plaintiff's actions alone, it also serves this prudential purpose.

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** as follows:

1.     Plaintiff's Complaint, (ECF No. 1), be **DISMISSED WITHOUT PREJUDICE**.

2.     Plaintiff's filing entitled "Debtor Nevada Smith Requests Leave to File Chapter 7 Bankruptcy," (ECF No. 42), be **DENIED WITHOUT PREJUDICE** and **STRICKEN FROM THE RECORD**.

3.     Plaintiff's filing entitled "RE: Nevada Smith a/k/a Michael Buesgens is not Required to Request Leave to File at United States District Court," (ECF No. 43), be **STRICKEN FROM THE RECORD**.

4.     Plaintiff's Motion for Stay, (ECF No. 53), be **DENIED AS MOOT**.

5.     Plaintiff's Motion for Joinder of Claims and Parties, (ECF No. 68), be **DENIED WITHOUT PREJUDICE**.

[Continued on next page.]

      6.     Plaintiff, Nevada Smith a.k.a. Michel L. Buesgens, be restricted from filing any legal actions in this District unless he is represented by counsel or first obtains prior written authorization to file an action from a judicial officer of this District.

Date: April 26, 2017

                                    *s/ Tony N. Leung*
                                Tony N. Leung
                                United States Magistrate Judge
                                District of Minnesota

                                *Smith v. Best & Flanagan et al.*
                                Case No. 16-cv-2436 (WMW/TNL)

## **<u>NOTICE</u>**

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.